617 398 5600 | email: jeff@blockleviton.com

October 23, 2025

**VIA ELECTRONIC CASE FILING**

The Honorable Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    *Peters v. MoonLake Immunotherapeutics, Inc.*, No. 1:25-cv-08612

Dear Judge Kaplan:

We represent plaintiff Karen Peters ("Plaintiff") in the above-referenced securities fraud class action (the "Action") and write to respectfully request an adjournment of the Scheduling and Initial Pretrial Conference (the "Conference") currently scheduled for November 19, 2025. *See* Dkt. 10.

Defendant MoonLake Immunotherapeutics is incorporated in the Cayman Islands and maintains its principal executive offices in Zug, Switzerland, with additional offices in the United Kingdom and Portugal. To the best of Plaintiff's knowledge, Defendants Jorge Santos da Silva and Matthias Bodenstedt reside in Switzerland. Accordingly, Plaintiff must transmit judicial documents for service abroad. Switzerland, the United Kingdom (of which the Cayman Islands is a territory), and Portugal are signatories to the 1965 Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), which applies where: (i) a judicial or extrajudicial document is (ii) to be transmitted for service from one Hague signatory to another, (iii) the address of the person to be served is known, and (iv) the document to be served relates to a civil or commercial matter. *Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Hague Conf. on Priv. Int'l Law*, https://www.hcch.net/en/instruments/conventions/full-text/?cid=17. See also* Fed. R. Civ. P. 4(f)(1), (h)(2).

Under Fed. R. Civ. P. 4(m), service on a located in a foreign country is exempt from the 90-day time limit otherwise applicable to service of process. Service through the Hague Convention typically requires three to six months to complete.

Plaintiff respectfully requests that the Court adjourn the Conference pending the consolidation of any related actions and the appointment of a lead plaintiff and lead counsel. As the Court is aware, in accordance with the Private Securities Litigation Reform Act ("PSLRA"), sixty days after the filing of a complaint, any member of the class may move to be appointed as a lead plaintiff. Here, the sixty-day period ends December 15, 2025, and we submit it would be a

**BLOCK & LEVITON LLP**    260 Franklin St., Suite 1860 • Boston, MA 02110
                                  P 617 398 5600 • F 617 507 6020

The Honorable Lewis A. Kaplan
October 23, 2025
Page 2

more efficient use of the Court's time if the Conference were held after the Court appoints a lead plaintiff and lead counsel.

Plus, the PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 77z-1(b)(1) (the "PSLRA Stay").

In light of the time and resources required to effect service on the foreign Defendants, the requirement to appoint a lead plaintiff, and the operation of the PSLRA Stay, adjourning the Conference until after service is completed and a lead plaintiff is appointed would promote judicial efficiency and conserve the parties' resources.

Plaintiff and her counsel are available if the Court prefers to hold the Conference on November 19, 2025.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Jeffrey C. Block*
Jeffrey C. Block