**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREN PETERS, INDIVIDUALLY and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>            Plaintiff,<br><br>v.<br><br>MOONLAKE IMMUNOTHERAPEUTICS, JORGE SANTOS DA SILVA, and MATTHIAS BODENSTEDT,<br><br>            Defendants. | Case No. 1:25-cv-8612<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM IN SUPPORT OF WESLEY WILSON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

Wesley Wilson ("Mr. Wilson") submits this memorandum of law in support of his motion for: (1) appointment as Lead Plaintiff for the Class under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(3)(B); (2) approval of his selection of Block & Leviton LLP ("Block & Leviton") and Holzer & Holzer, LLC ("Holzer") as Lead Counsel for the Class; and (3) granting any other relief that the Court may deem just and proper.

## I.   INTRODUCTION

Currently pending before this Court is a securities class action brought on behalf of investors who purchased or otherwise acquired MoonLake Immunotherapeutics ("MoonLake") securities between March 10, 2024 and September 29, 2025, inclusive (the "Class Period"), against Defendants for violations of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA requires the Court to appoint as lead plaintiff the movant who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Mr. Wilson submits that he is the presumptively "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Mr. Wilson filed a timely motion, has the largest known financial interest in the relief sought by the Class, his claims are typical of all members of the Class, and he will fairly and adequately represent the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

1

In addition, Mr. Wilson's selection of Block & Leviton and Holzer, counsel with extensive experience prosecuting complex securities class actions, as co-lead counsel for the Class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

MoonLake is a Swiss biotechnology company that focuses on inflammatory dermatology and rheumatologic diseases. ¶2.[1] The Company's only drug candidate is sonelokimab (SLK), developed primarily for the chronic skin disorder hidradenitis suppurativa (HS), as well as for psoriatic arthritis, psoriasis, and axial spondyloarthritis. *Id*. MoonLake initiated its Phase 2b MIRA trial of SLK for moderate-to-severe HS in May 2022 and reported positive top-line results in June 2023, achieving the primary HiSCR75 endpoint. ¶3. Follow-up data released in October 2023 showed continued improvement with ongoing treatment, and in early 2024 both the FDA and EMA endorsed MoonLake's proposed Phase 3 program. *Id.* Patient screening for the Phase 3 VELA-1 and VELA-2 trials began in May 2024. *Id.*

On March 10, 2024, the start of the Class Period, MoonLake hosted a Research & Development day for investors, during which Defendant Jorge Santos da Silva, the Company's Chief Executive Officer, touted the purported superiority of the patented Nanobody technology underlying SLK. ¶22. Da Silva contrasted Nanobodies with monoclonal antibodies—the primary competing drug platform for treating HS—asserting that "binding two different molecules in different epitopes, being targeted by a third domain is all things that a monoclonal antibody cannot do . . . the molecule is 40 kD, so it is much smaller than a monoclonal antibody, and that allows us to penetrate tissues better." *Id.* He further emphasized that "[w]hat is different in our molecule, as I said, is that we are

---

[1] Citations to "¶__" refer to paragraphs of the Complaint, *Peters v. MoonLake Immunotherapeutics*, No. 1:25-cv-8612 (S.D.N.Y. October 17, 2025), ECF No. 1.

a Nanobody, so we have all those characteristics that a molecule bimekizumab does not have . . . We can bind all three dimers with very similar, very high affinity. That is very different from what bimekizumab [SLK's main competitor] can do." *Id.*

During the Class Period, Defendants continued to promote the purported superiority of MoonLake's patented Nanobody technology over the technology underlying SLK's principal competitor, BIMZELX (bimekizumab), including by claiming that "the molecular advantages of our Nanobody translate into higher clinical responses for patients," that Nanobodies "offer a more convenient and effective treatment," and that "sonelokimab provides distinct drug hallmarks that . . . enhance efficacy and convenience." ¶¶ 24, 26, 30.

The truth about SLK and MoonLake's Nanobody technology was revealed on September 28, 2025, when MoonLake issued a press release and hosted a webcast announcing the long-awaited week-16 results from its Phase 3 VELA program evaluating SLK in patients with moderate-to-severe HS. ¶32. In the VELA-1 trial, SLK outperformed placebo by 17 percentage points on the HS disease-response endpoint, a statistically significant result. *Id*. In the VELA-2 trial, however, a high placebo response prevented the achievement of statistical significance. *Id*. Although the VELA-1 result appeared favorable in isolation, SLK needed to exceed placebo by at least 23 percentage points to be competitive with BIMZELX as an effective treatment for HS. *Id*.

The market reacted to the disclosure that SLK had failed to demonstrate competitive efficacy relative to BIMZELX. Following the announcement, MoonLake's stock price collapsed, falling $55.75 per share, or 89.9%, to close at $6.24 on September 29, 2025. ¶34.

As a result of Defendants' wrongful acts and omissions and the precipitous decline in the market value of MoonLake securities, Plaintiff Mr. Wilson and other members of the Class suffered substantial losses and damages.

3

### III.   ARGUMENT

#### A.  Mr. Wilson Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising class members "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this action was published on October 15, 2025.[2] *See* Declaration of Jeffrey C. Block in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Co-Lead Counsel, Ex. A ("Block Decl.").

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class the Court determines to be most capable of adequately representing the interests of other class members. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA also provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];

---

[2] This statutory notice alerts investors of the first-filed related complaint, *Bridgewood v. MoonLake Immunotherapeutics*, No. 1:25-cv-08500-LAK (S.D.N.Y. October 15, 2025), which was voluntarily dismissed. *See id.* at ECF No. 10.

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Mr. Wilson meets these requirements and should therefore be appointed Lead Plaintiff.

### 1. Mr. Wilson's Motion Is Timely

The statutory notice published on October 15, 2025 advised Class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by December 15, 2025. *See* Block Decl., Ex. A. Because Mr. Wilson's motion has been filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2. Mr. Wilson Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his certification Mr. Wilson is estimated to have lost $8,058.00 on his single purchase of 200 shares of MoonLake Immunotherapeutics at $51.55 per share on December 16, 2024 (using the current 90-day lookback value estimate of $11.26 per share) as a result of Defendants' alleged violations of the federal securities laws. *See* Block Decl., Ex. B. To the best of Mr. Wilson's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. Mr. Wilson is Typical and Adequate of the Class

In addition to possessing a significant financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, only a "preliminary showing" of typicality and adequacy is required. *Moore v. Checkpoint Therapeutics, Inc.*, 2024 WL 3090623, at *2 (S.D.N.Y. June 21, 2024) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003)). The

5

typicality requirement is satisfied where "claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *Id.* (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998)). To assess adequacy, "the Court scrutinizes (1) whether the proposed class counsel is qualified, experienced, and generally able to conduct the litigation; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." *Plumbers, Pipefitters & MES Loc. Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011) (quoting *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y.2004)).

Here, Mr. Wilson's claims are typical of those of the Class because – like all Class members – he purchased MoonLake securities during the Class Period, suffered damages as a result of Defendants' false and misleading statements and omissions, and possesses claims against MoonLake and the Individual Defendants under the Exchange Act. *Casper v. Song Jinan*, 2012 WL 3865267, at *2 (S.D.N.Y. Sept. 6, 2012).

Mr. Wilson is also adequate because his interests in the action are squarely aligned with the interests of the other members of the Class. Mr. Wilson is highly incentivized to maximize the recovery for all Class members harmed by Defendants' misrepresentations and omissions based on, among other things, the substantial losses that he suffered. *Simco v. Aegean Marine Petroleum Network Inc.*, 2018 WL 11226076, at *3 (S.D.N.Y. Oct. 30, 2018) (movant's largest "financial interest should ensure vigorous advocacy on behalf of the class"). In addition, Mr. Wilson is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class.

As set forth in greater detail below, Mr. Wilson's adequacy is bolstered by his hiring of Block & Leviton and Holzer – highly qualified counsel with significant success prosecuting federal securities class actions – to serve as co-lead counsel. *See Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at *3 (S.D.N.Y. Feb. 10, 2022) (finding movant demonstrated *prima facie* adequacy because he "retained qualified, experienced counsel [Block & Leviton], he is not aware of any conflict between his claims and those asserted on behalf of the putative class, and he submits that he has sufficient incentive to provide vigorous advocacy in this litigation").

Moreover, Mr. Wilson fully understands the obligations of a lead plaintiff to absent Class members under the PSLRA and is willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. Accordingly, Mr. Wilson readily satisfies the adequacy requirement.

Because Mr. Wilson filed a timely motion, believes he has the largest financial interest in the relief sought by the Class, and demonstrated his preliminary typicality and adequacy, the Court should adopt the presumption that Mr. Wilson is the "most adequate" plaintiff.

### B.  The Court Should Approve Mr. Wilson's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Wilson has selected Block & Leviton and Holzer, firms with substantial experience in the prosecution of shareholder and securities class actions, to serve as lead counsel. Block Decl., Exs. C, D.

As noted by one district court,

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the

experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21). Courts in this district and across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See e.g.*, *Bardaji v. Match Grp., Inc.*, 2023 WL 3624774, at *3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years."); *In re Lyft, Inc. Sec. Litig.*, 2023 WL 5068504 at *9 (N.D. Cal. Aug. 7, 2023) (approving $25 million settlement and stating, "Block & Leviton are highly experienced lawyers with expertise in securities class actions").

Holzer also has substantial experience in the prosecution of securities class actions. *See, e.g., Sgalambo v. McKenzie*, 268 F.R.D. 170, 174 (S.D.N.Y. 2010) (describing Holzer as a "highly competent [plaintiff's firm] with substantial securities class action experience"); *Blake v. Canoo Inc.*, 2022 WL 599504, at *4 (C.D. Cal. Feb. 18, 2022) (characterizing Holzer as "counsel with experience in the prosecution of securities class actions."); *Li v. Spirit AeroSystems Holdings, Inc.*, 2023 WL 6938285, at *3 (S.D.N.Y. Oct. 20, 2023) (reviewing Holzer's background and experience and finding the firm "well qualified to serve as class co-counsel").

Accordingly, Mr. Wilson's selection of Block & Leviton and Holzer as co-lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Wilson respectfully requests that the Court: (1) appoint Mr. Wilson as Lead Plaintiff; (2) approve his selection of Block & Leviton LLP and Holzer & Holzer, LLC as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

DATED: December 15, 2025                    Respectfully submitted,

/s/ Jeffrey C. Block
Jeffrey C. Block
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com

*Counsel for Movant Wesley Wilson and Proposed
Co-Lead Counsel for the Class*

/s/ Corey D. Holzer
Corey D. Holzer
**HOLZER & HOLZER, LLC**
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
(770) 392-0090 phone
cholzer@holzerlaw.com

*Counsel for Movant Wesley Wilson and Proposed
Co-Lead Counsel for the Class*

9

CERTIFICATE OF SERVICE

I, Jeffrey C. Block, hereby certify that on December 15, 2025, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

/s/ Jeffrey C. Block
Jeffrey C. Block
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com

*Counsel for Plaintiff*

10