Lawrence D. Levit, Esq.
**ABRAHAM, FRUCHTER
   & TWERSKY, LLP**
450 Seventh Avenue, 38th Floor
New York, NY 10123
(212) 279-5050

*Counsel for City of Detroit General
Retirement System and Proposed Lead Counsel*

[Additional Counsel on Signature Block]

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREN PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MOONLAKE IMMUNOTHERAPEUTICS, JORGE SANTOS DA SILVA, and MATTHIAS BODENSTEDT,<br><br>Defendants. | Case No. 1:25-cv-08612-LAK<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE CITY OF DETROIT GENERAL RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................1

SUMMARY OF RELEVANT FACTS .............................................................................2

ARGUMENT .....................................................................................................................3

    I.       The System Should Be Appointed as Lead Plaintiff ...............................................3

          A.      The System's Motion is Timely.................................................................3

          B.      The System Has the Largest Financial Interest in the Relief Sought .........4

          C.      The System Otherwise Satisfies the Requirements of Rule 23....................4

    II.     The Court Should Approve the System's Selection of Counsel ..............................6

CONCLUSION....................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Godinez v. Alere Inc., et al.,*
    No. 1:16-cv-10766 (PBS), ECF No. 286 (D. Mass. June 6, 2019)....................................7

*In re CBL & Associates Properties, Inc. Sec. Litig.,*
    No. 1:19-cv-00181-JRG-CHS, ECF No. 229 (E.D. Tenn. Aug. 23, 2023)........................7

*In re Host Am. Corp. Sec. Litig.,*
    236 F.R.D. 102 (D. Conn. 2006)....................................................................................6

*In re Millennial Media, Inc. Sec. Litig.,*
    87 F. Supp. 3d 563 (S.D.N.Y. 2015) ..............................................................................6

*Phuong Ho v. NQ Mobile, Inc.,*
    2014 WL 1389636, at *1 (S.D.N.Y. Apr. 9, 2014)........................................................ 3-5

*Pyramid Holdings, Inc. v. Terraform Global, Inc. et al.,*
    1:16-md-02742-PKC, ECF No. 708 (S.D.N.Y. Feb. 25, 2020) ...........................................7

*Sayce v. Forescout Technologies, Inc.,*
    No. 3:20-cv-00076 (PBS), ECF No. 286 (N.D. Cal. Dec. 5, 2025)....................................6

*Sgalambo v. McKenzie,*
    268 F.R.D. 170 (S.D.N.Y. 2010) ...................................................................................5

**Statutes and Other Authorities**

15 U.S.C. § 78j(b) ...............................................................................................................1

15 U.S.C. § 78t(a) ...............................................................................................................1

15 U.S.C. § 78u-4(a)(3)(A) .................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B) ..............................................................................................1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...........................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) .................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ............................................................................. 3-4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ......................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(v) .............................................................................................6

H.R. Conf. Rep. No. 104-369, at 34 (1995),
     *reprinted in* 1995 U.S.C.C.A.N. 730 .................................................................6

Fed. R. Civ. P. 23.......................................................................................... *passim*

Fed. R. Civ. P. 23(a) ...................................................................................... 4-5

Fed. R. Civ. P. 23(a)(4) .................................................................................5

The City of Detroit General Retirement System (the "System"), through its undersigned counsel, respectfully submits this memorandum in support of its motion: (1) appointing the System as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and (2) approving the System's selection of the law firm Abraham, Fruchter & Twersky, LLP ("AF&T") as Lead Counsel.

## PRELIMINARY STATEMENT

The above-captioned securities fraud class action pending before this Court is brought on behalf of purchasers of MoonLake Immunotherapeutics ("MoonLake" or the "Company") securities.  The claims asserted arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a).

The PSLRA directs this Court to appoint the "most adequate plaintiff" as Lead Plaintiff, which is statutorily defined as the movant having the "largest financial interest in the relief sought by the class" who also makes a *prima facie* showing of being a typical and adequate class representative.  Here, the System believes that it is the most adequate plaintiff by virtue of having suffered losses of approximately $362,642.57 from purchasing MoonLake common stock during the Class Period.  In addition, the System, an institutional investor, is the exact type of plaintiff that Congress, in enacting the PSLRA, sought to have serve as Lead Plaintiff. The System thus easily satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.

The System has selected and retained Abraham, Fruchter & Twersky, LLP, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the Class.  Therefore, as discussed in greater detail below, the System respectfully requests that this

Court approve its Motion for appointment as Lead Plaintiff and its selection of Abraham, Fruchter & Twersky, LLP as Lead Counsel.

## SUMMARY OF RELEVANT FACTS

MoonLake Immunotherapeutics is a clinical-stage biotechnology company focused on developing therapies for inflammatory diseases driven by interleukin-17, including hidradenitis suppurativa, a chronic inflammatory skin disease characterized by recurrent nodules and abscesses. Complaint ¶¶2, 19.[1] From March 10, 2024, through September 29, 2025, MoonLake and certain of its senior executives made a series of materially false and misleading statements concerning the purported clinical advantages, differentiation, and commercial prospects of its sole drug candidate, sonelokimab ("SLK"). Complaint ¶¶5, 20–21.

Throughout the Class Period, Defendants repeatedly represented that SLK's Nanobody structure provided superior tissue penetration, enhanced efficacy, and meaningful differentiation compared to monoclonal antibodies—particularly Union Chimique Belge's (UCB) FDA-approved drug BIMZELX—while failing to disclose that SLK and BIMZELX targeted the same inflammatory cytokines (IL-17A and IL-17F) and that SLK's Nanobody structure would not confer superior clinical benefit. Complaint ¶¶5, 22–31.

On September 28, 2025, MoonLake announced week-16 results from its Phase 3 VELA-1 and VELA-2 clinical trials evaluating SLK in patients with moderate-to-severe hidradenitis suppurativa. The results showed that SLK failed to demonstrate competitive efficacy relative to BIMZELX, with one trial missing statistical significance and the other producing efficacy materially below the threshold required to be commercially competitive. Complaint ¶¶32–33.

---

[1] All "¶ __" mean and refer to the class action complaint filed in the above-captioned action (the "Complaint"). *See* ECF No. 1.

On this news, MoonLake's stock price collapsed, falling $55.75 per share, or 89.93%, to close at $6.24 per share on September 29, 2025. Complaint ¶34.

According to the Complaint, throughout the Class Period, Defendants misrepresented the scientific and clinical significance of SLK's Nanobody structure, falsely assuring investors that SLK's molecular design translated into superior efficacy, differentiation, and commercial potential. Complaint ¶¶5, 22–31. Defendants also failed to disclose that SLK's purported advantages over monoclonal antibodies were unsupported by clinical data and that the drug was unlikely to demonstrate competitive efficacy versus BIMZELX in Phase 3 trials. Complaint ¶¶22–31. Revealing that information caused MoonLake's stock price to decline by nearly 90% in a single day, inflicting substantial losses on investors. Complaint ¶¶34, 38–39.

## ARGUMENT

### I.    THE SYSTEM SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides the method for appointment of a lead plaintiff in a securities fraud class action. *First*, the proposed lead plaintiff must make a timely motion to be appointed. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). *Second*, the proposed lead plaintiff needs to have "the largest financial interest in the relief being sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *Third*, the proposed lead plaintiff needs to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Phuong Ho v. NQ Mobile, Inc.*, 2014 WL 1389636, at *1 (S.D.N.Y. Apr. 9, 2014). Here, the System satisfies all three elements and, accordingly, should be appointed as Lead Plaintiff.

### A.    The System's Motion is Timely

The PSLRA permits any member of the class to move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same

claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On October 20, 2025, notice of the action brought by Karen Peters was published in *ACCESS Newswire* and advised class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by December 15, 2025, as the deadline to submit lead plaintiff applications. *See* Declaration of Lawrence D. Levit ¶3 and Ex.2.[2] As such, the System, through the filing of its accompanying motion, satisfies this deadline requirement.

**B.      The System Has the Largest Financial Interest in the Relief Sought**

The System should be appointed Lead Plaintiff because it believes it has the largest financial interest in the relief sought. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Phuong Ho*, 2014 WL 1389636, at *1. Specifically, the System incurred net losses of approximately $362,642.57 during the Class Period. *See* Levit Decl. ¶¶4–5 and Exs.3–4. The System believes that this amount represents the largest financial interest among those seeking appointment and that the System therefore is presumed to be the most adequate movant. *See* 15 U.S.C. § 78u-4(a)(3)(B).

**C.      The System Otherwise Satisfies the Requirements of Rule 23**

A lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[2] *See* Declaration of Lawrence D. Levit in Support of the Motion of the City of Detroit General Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Counsel, herein the "Declaration of Lawrence D. Levit" or the "Levit Decl."

Fed. R. Civ. P. 23(a).  "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted); *see also Phuong Ho*, 2014 WL 1389636, at *2.  Here, the System satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

The System's claims are typical of the claims of other purchasers of MoonLake securities. The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *McKenzie*, 268 F.R.D. at 173-74 (citation omitted).  Here, the claims of the System are typical because, like all members of the putative class, it purchased MoonLake securities during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and omissions and suffered damages when the truth was revealed.  The System's claims arise from the same course of events as all Class members and require the same legal arguments to prove defendants' liability.  As such, the System satisfies the typicality requirement.

The System similarly satisfies the adequacy requirement of Rule 23 to "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class ...."  *McKenzie*, 268 F.R.D. at 174 (citation omitted).

The System satisfies these elements because its substantial financial stake in the outcome of this litigation provides the incentive to vigorously represent the claims of the Class, and it does not have interests that are antagonistic to the Class. Indeed, the System is a sophisticated

5

institutional investor, the type of investor Congress specifically sought to encourage to lead securities class actions in enacting the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015) (institutional investors are "the type of investor Congress prefers as lead plaintiff").

The System satisfies the requirements of Section 21D(a)(3)(B) and is presumptively the most adequate plaintiff.  This presumption has not been, and cannot be, rebutted by proof that the System "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Therefore, for the reasons stated above, the Court should appoint the System as Lead Plaintiff.

## II.    THE COURT SHOULD APPROVE THE SYSTEM'S SELECTION OF COUNSEL

The PSLRA in Section 22 of the Exchange Act provides that the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Host Am. Corp. Sec. Litig.*, 236 F.R.D. 102, 109 (D. Conn. 2006) ("courts typically do not disturb a lead plaintiff's [lead counsel] selection").

Accordingly, the System has selected and retained Abraham, Fruchter & Twersky, LLP to serve as lead counsel. AF&T has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar actions. AF&T has successfully prosecuted numerous securities fraud class actions nationwide, including: *Sayce v. Forescout Technologies, Inc.*, No. 3:20-cv-00076 (PBS), ECF No. 286 (N.D. Cal. Dec. 5, 2025),

6

in which AF&T served as co-lead counsel in a case that settled for $45 million after the completion of expert discovery; *Godinez v. Alere Inc.*, No. 1:16-cv-10766 (PBS), ECF No. 286 (D. Mass. June 6, 2019), in which AF&T, as co-lead counsel, achieved a $20 million settlement; *In re CBL & Associates Properties, Inc. Securities Litigation*, No. 1:19-cv-00181-JRG-CHS, ECF No. 229 (E.D. Tenn. Aug. 23, 2023), in which AF&T served as co-lead counsel in a case that settled for $17.5 million despite the issuer having declared bankruptcy; and *Pyramid Holdings, Inc. v. Terraform Global, Inc. et al.*, 1:16-md-02742-PKC, ECF No. 708 (S.D.N.Y. Feb. 25, 2020), in which AF&T acted as sole lead counsel in securing a $48.75 million settlement.  The firm resume for the proposed Lead Counsel is submitted for the Court's convenience. *See* Levit Decl. ¶6 and Ex.5.

## CONCLUSION

Therefore, for all the reasons stated above, the System respectfully requests that the Court: (1) appoint the System as Lead Plaintiff, and (2) approve the System's selection of AF&T to serve as Lead Counsel.


DATED:  December 15, 2025                Respectfully Submitted,


                                         *s/ Lawrence D Levit*
                                         LAWRENCE D. LEVIT

**ABRAHAM, FRUCHTER
    & TWERSKY, LLP**
Mitchell M.Z. Twersky
Atara Twersky
Lawrence D. Levit
Dylan A. Berger
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel:  (212) 279-5050
Fax: (212) 279-3655
mtwersky@aftlaw.com
atwersky@aftlaw.com
llevit@aftlaw.com
dberger@aftlaw.com

*Counsel for City of Detroit General
Retirement System and Proposed Lead Counsel
for the Class*

8