UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MOONLAKE IMMUNOTHERAPEUTICS, JORGE SANTOS DA SILVA and MATTHIAS BODENSTEDT,<br><br>Defendants. | Case No.  1:25-cv-08612-LAK |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HERMAN HARTMANN
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT.......................................................................................................................... 4

I.      HARTMANN SHOULD BE APPOINTED LEAD PLAINTIFF ..................................... 4

        A.      Hartmann Is Willing to Serve as Class Representative .......................................... 5

        B.      Hartmann Has the "Largest Financial Interest" ..................................................... 5

        C.      Hartmann Otherwise Satisfies the Requirements of Rule 23................................. 6

        D.      Hartmann Will Fairly and Adequately Represent the Interests of the Class and Is
                Not Subject to Unique Defenses .............................................................................. 9

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED.......... 10

CONCLUSION...................................................................................................................... 11

CERTIFICATE OF WORD COUNT ................................................................................... 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
  No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
  141 F.R.D. 229 (S.D.N.Y. 1992) ...........................................................................................8

*Chahal v. Credit Suisse Grp. AG*,
  No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ...........................6

*Dookeran v. Xunlei Ltd.*,
  No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .......................................8

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ...........................................................................................8

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)....................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*,
  No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .........................6

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 (2d Cir. 1992)....................................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) .............................................................................................10

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................6

*In re Orion Sec. Litig.*,
  No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ....................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................................7

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) ............................................................................................8

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ..............................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ...................................................................................10

*Khunt v. Alibaba Grp. Holding Ltd.*,
    102 F. Supp. 3d 523 (S.D.N.Y. 2015)..............................................................................6

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)......................................5, 6

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
    No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ........................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) .......................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)............................................................................10

## Statutes

15 U.S.C. § 78u-4 ................................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

Securities Exchange Act of 1934 ................................................................................1, 5, 8

## Rules

Fed. R. Civ. P. 23................................................................................................ *passim*

Herman Hartmann ("Hartmann") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Hartmann as Lead Plaintiff on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired MoonLake Immunotherapeutics ("MoonLake" or the "Company") securities between March 10, 2024 and September 29, 2025, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. MoonLake investors, including Hartmann, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused MoonLake's share price to fall sharply, damaging Hartmann and other MoonLake investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of MoonLake securities during the Class Period, Hartmann incurred losses of approximately $48,051. *See* Declaration of J. Alexander Hood II in Support of Motion ("Hood Decl."), Exhibit ("Ex.") A. Accordingly, Hartmann believes that he has the largest financial interest in the relief sought in this litigation. Beyond his significant financial interest, Hartmann also meets the applicable requirements of Rule 23

because his claims are typical of those of absent Class members and he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Hartmann has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Hartmann respectfully requests that the Court enter an Order appointing Hartmann as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

STATEMENT OF FACTS

As alleged in the Complaint in the Action, MoonLake is a Swiss clinical-stage biotechnology company focused on inflammatory diseases driven by interleukin-17 (IL-17), particularly in dermatology and rheumatology. Its sole drug candidate, sonelokimab (SLK), is developed primarily for hidradenitis suppurativa (HS)—a chronic, painful skin disorder characterized by recurrent nodules and abscesses—as well as for psoriatic arthritis, psoriasis, and axial spondyloarthritis.

MoonLake began its Phase 2b MIRA trial of SLK for moderate-to-severe HS in May 2022 and reported positive top-line results in June 2023, meeting its primary HiSCR75 endpoint. Follow-up data in October 2023 showed further improvement with continued treatment, and in early 2024, both the FDA and EMA endorsed MoonLake's proposed Phase 3 program. The Phase 3 VELA-1 and VELA-2 trials began patient screening in May 2024.

2

SLK is a patented structure known as a Nanobody.  Nanobodies are small, engineered antibody fragments that differ from traditional monoclonal antibodies in their structure and size. By contrast, Union Chimique Belge's (UCB) bimekizumab-bkzx, ("BIMZELX")—the FDA-approved drug for HS against which SLK would need to demonstrate superior efficacy—is a full-length monoclonal antibody that circulates broadly throughout the body to block the same inflammatory cytokines.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material facts, regarding the distinction between the Nanobodies and monoclonal antibodies, including that: (1) SLK and BIMZELX share the same molecular targets (the inflammatory cytokines IL-17A and IL-17F); (2) SLK's distinct Nanobody structure would not confer a superior clinical benefit over the traditional monoclonal structure of BIMZELX; (3) SLK's distinct Nanobody structure and its supposed increased tissue penetration would not translate to clinical efficacy; and (4) based on the foregoing, Defendants lacked a reasonable basis for their positive statements regarding SLK's purported superiority to monoclonal antibodies.

On September 28, 2025, MoonLake announced week-16 results from its Phase 3 VELA program.  The results showed that SLK failed to demonstrate competitive efficacy relative to BIMZELX.  Following the announcement, MoonLake's stock price cratered, declining $55.75 per share, or 89.9%, to close at $6.24 on September 29, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class Members have suffered significant losses and damages.

3

ARGUMENT

I.   HARTMANN SHOULD BE APPOINTED LEAD PLAINTIFF

Hartmann should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Hartmann satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.    Hartmann Is Willing to Serve as Class Representative

On October 15, 2025, counsel for plaintiff in an earlier-filed securities class action alleging substantially the same wrongdoing as the present Action against the same Defendants herein, caused the statutorily required Notice to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against MoonLake and other defendants, and advising investors in MoonLake securities that they had until December 15, 2025—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.[1]  *See* Hood Decl., Ex. B.

Hartmann has filed the instant motion pursuant to the Notice, and he has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Hartmann satisfies the first requirement to serve as Lead Plaintiff of the Class.

B.    Hartmann Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii).   To the best of his knowledge, Hartmann has the largest financial interest of any MoonLake investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax*

---

[1] The first-filed action, *Bridgewood* v. *MoonLake Immunotherapeutics* et al., No. 1:25-cv-08500-LAK (S.D.N.Y. Oct. 15, 2025) (the "*Bridgewood* Action"), was voluntarily dismissed by the plaintiff on October 22, 2025.  See *Bridgewood* Action, Dkt. No. 10.

*v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[2] these so-called *Lax* factors have been adopted and routinely applied by courts in this District.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404–05 (S.D.N.Y. 2004).  Of the *Lax* factors, courts in this District generally emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See Nurlybaev*, 2017 WL 5256769, at *1; *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015).

In connection with his purchases of MoonLake securities during the Class Period, Hartmann incurred losses of approximately $48,051.  *See* Hood Decl., Ex. A.  To the extent that Hartmann possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.    Hartmann Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6–8 (E.D.N.Y. Mar. 2, 2007).

6

23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). In addition, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Hartmann.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other

7

class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Hartmann's claims are typical of those of the Class. Hartmann alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning MoonLake, or by omitting to state material facts necessary to make the statements they did make not misleading. Hartmann, like other Class members, purchased MoonLake securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove MoonLake's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

Hartmann is an adequate representative for the Class. As set forth in greater detail below, in Pomerantz, Hartmann has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

8

There is no evidence of antagonism or conflict between Hartmann's interests and those of the Class. Moreover, Hartmann has submitted a sworn Certification declaring his commitment to protect the interests of the Class (*see* Hood Decl., Ex. C), and his significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further demonstrating his adequacy, Hartmann has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D.

D.     Hartmann Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Hartmann's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)     will not fairly and adequately protect the interests of the class; or

(bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Hartmann's ability and desire to fairly and adequately represent the Class has been discussed above. Hartmann is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Hartmann should be appointed Lead Plaintiff for the Class.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, Hartmann has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Hood Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse*

10

*Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.* In addition to Pomerantz, Hartmann is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Hartmann's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Hartmann's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

CONCLUSION

For the foregoing reasons, Hartmann respectfully requests that the Court issue an Order: (1) appointing Hartmann as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated: December 15, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com

*Counsel for Herman Hartmann and*
*Proposed Lead Counsel for the Class*

11

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Herman Hartmann*

12

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Herman Hartmann, certifies that this brief contains 3,103 words, which complies with the word limit of Local Civil Rule 7.1(c).

Executed on December 15, 2025.

*/s/ J. Alexander Hood II*
J. Alexander Hood II
