**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREN PETERS, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-08612-LAK |
| Plaintiff, | CLASS ACTION |
| v. | |
| MOONLAKE IMMUNOTHERAPEUTICS, JORGE SANTOS DA SILVA, and MATTHIAS BODENSTEDT, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF YOANN KIMFOKO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

A.    Mr. Kimfoko Is The Most Adequate Plaintiff .................................................... 4

1.    Mr. Kimfoko Believes He Has The Largest Financial Interest In The Relief
Sought By The Class..................................................................................................5

2.    Mr. Kimfoko Otherwise Satisfies The Requirements Of Rule 23 ..........................5

B.    Mr. Kimfoko Selected Well-Qualified Lead Counsel To Represent The Class .............. 7

CONCLUSION...................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Atwood v. Intercept Pharms., Inc.*,
  299 F.R.D. 414 (S.D.N.Y. 2014) ............................................................................ 6

*Chilton v. Chiumento Grp.*,
  365 F. App'x 298 (2d Cir. 2010) ............................................................................ 5

*Lax v. First Merchs. Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ............................................................ 5

*Li v. Spirit AeroSystems Holdings, Inc.*,
  2023 WL 6938285 (S.D.N.Y. Oct. 20, 2023) ............................................................ 6

**Statutes**

15 U.S.C. § 78j(b) ............................................................................................................ 1

15 U.S.C. § 78t(a) ............................................................................................................ 1

15 U.S.C. § 78u-4(a)(3)(A) .............................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................ passim

17 C.F.R. § 240.10b-5 ...................................................................................................... 1

**Regulations**

Fed. R. Civ. P. 23 ...................................................................................................... 2, 5, 6

Yoann Kimfoko respectfully submits this memorandum of law in support of his motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of his selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the putative Class; and (3) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above captioned securities class action alleges MoonLake Immunotherapeutics ("MoonLake" or the "Company"), and certain of its senior officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the action alleges that from March 10, 2024 through September 29, 2025, inclusive (the "Class Period"), MoonLake misrepresented the clinical efficacy and advantages of its sole drug candidate compared to an FDA approved competitor treatment already on the market.[1]

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class

---

[1] The alleged Class Period ends on Monday September 29, 2025. However, the alleged corrective disclosure of Defendants' fraud occurred on Sunday September 28, 2025, which caused the price of MoonLake stock to decline on the next trading day, September 29, 2025. *See* ECF No. 1 ¶6. Should the Court appoint Mr. Kimfoko as Lead Plaintiff, he will allege the most appropriate Class Period in an amended complaint based on the results of counsel's investigation, which remains ongoing.

representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Mr. Kimfoko is the "most adequate plaintiff" by virtue of, among other things, the approximately $383,000 in losses that he incurred on his investments in MoonLake common stock during the Class Period.  Mr. Kimfoko also satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the Class, and he will fairly and adequately represent the Class.  Indeed, Mr. Kimfoko is an experienced investor who fully understands the Lead Plaintiff's obligations to the Class under the PSLRA.  He is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action.  *See* Declaration of Javier Bleichmar ("Bleichmar Decl."), Ex. A.

Further, Mr. Kimfoko has selected BFA, a law firm with substantial experience successfully prosecuting securities class actions, to serve as Lead Counsel for the Class.  Accordingly, Mr. Kimfoko respectfully requests that the Court appoint him Lead Plaintiff and otherwise grant his motion.

## FACTUAL BACKGROUND

MoonLake is a clinical-stage biotechnology company focused on developing treatments for inflammatory diseases linked to interleukin-17 ("IL-17"), a protein that triggers inflammation. ¶19.[2]  The Company's only drug candidate is sonelokimab ("SLK"), a treatment for hidradenitis suppurativa ("HS")—a skin disorder that causes recurrent painful nodules and abscesses—as well as psoriatic arthritis, psoriasis, and axial spondyloarthritis.  ¶2.  Key to SLK's commercial prospects was MoonLake's ability to demonstrate the efficacy of SLK compared to bimekizumab-bkzx ("BIMZELX"), an FDA-approved drug for HS already on the market.  ¶¶4, 20.  SLK is a

---

[2] All citations to ¶__ refer to the complaint filed in this matter.  *See* ECF No. 1.

2

biological structure known as a Nanobody. ¶4. Nanobodies are small, engineered antibody fragments. *Id.* In contrast, BIMZELX is a full-length monoclonal antibody. *Id.*

MoonLake began its Phase 2b trial of SLK for HS in May 2022 and reported positive top-line results in June 2023. ¶3. The Company released follow-up data in October 2023, which showed further improvement with continued treatment. *Id.* In early 2024, the FDA endorsed MoonLake's proposed Phase 3 program, and the Company's Phase 3 VELA-1 and VELA-2 trials began patient screening in May 2024. *Id.*

This case concerns Defendants' misrepresentations about the purported clinical efficacy and advantages of SLK compared to BIMZELX, including that SLK's Nanobody structure resulted in increased tissue penetration. ¶¶5, 21. For instance, Defendants claimed that SLK could achieve benefits that "a monoclonal antibody cannot do," that "the molecular advantages of our Nanobody translate into higher clinical responses for patients," that Nanobodies "offer a more convenient and effective treatment" and that SLK "can penetrate tissues more effectively, allowing for better targeting of diseases deep within body tissues." ¶¶21, 26.

As alleged, these statements were materially false and misleading. In truth, SLK's Nanobody structure did not confer a superior clinical benefit over the traditional monoclonal structure of BIMZELX. ¶5. Defendants also allegedly concealed that SLK and BIMZELX shared the same molecular targets: the inflammatory cytokines IL-17A and IL-17F. *Id.*

Investors began to learn the truth on September 28, 2025, when MoonLake announced results from its Phase 3 program that showed SLK failed to demonstrate competitive efficacy compared to BIMZELX. ¶¶6, 32. Specifically, the Company revealed that in VELA-1, SLK beat the placebo in HS disease response by 17%, well below the 23% beat that the treatment needed to be considered competitive with BIMZELX. ¶32. Additionally, MoonLake revealed that in VELA-

3

a high placebo response rate prevented the endpoint results from achieving statistical significance. *Id.* On this news, MoonLake's stock price declined $55.75 per share, or 89.9%, to close at $6.24 per share on September 29, 2025. ¶34.

## ARGUMENT

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days after publication of notice of the pendency of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(II). On October 15, 2025, Plaintiff Charles Bridgewood filed *Bridgewood v. MoonLake Immunotherapeutics*, No. 1:25-cv-08500 (S.D.N.Y.) ("*Bridgewood*"), which contained allegations nearly identical to the above-captioned case. *See Bridgewood*, ECF No. 1. On the same day, his counsel Block & Leviton LLP published notice of the pendency of *Bridgewood* on *GlobeNewswire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by December 15, 2025. *See* Bleichmar Decl. Ex. B. On October 17, 2025, Plaintiff Karen Peters filed the above-captioned action ("*Peters*") which was related to *Bridgewood*. ECF No. 1. On October 20, 2025, her counsel, also Block & Leviton LLP, published a press release on *Access Newswire* announcing the filing of *Peters* which reminded investors of the December 15, 2025 deadline to seek Lead Plaintiff status. *See* Bleichmar Decl. Ex. C. On October 22, 2025, Mr. Bridgewood filed a Notice of Voluntary Dismissal of *Bridgewood*. *See Bridgewood*, ECF No. 10. As such, Mr. Kimfoko's motion is timely.

### A.    Mr. Kimfoko Is The Most Adequate Plaintiff

Mr. Kimfoko respectfully submits that he is entitled to be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that has "the largest financial interest in the relief

4

sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

### 1. Mr. Kimfoko Believes He Has The Largest Financial Interest In The Relief Sought By The Class

Mr. Kimfoko believes that he has the "largest financial interest in the relief sought by the class" and thus should be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Mr. Kimfoko incurred a loss of approximately $383,000 on his investments in MoonLake common stock during the Class Period.[3]

To the best of Mr. Kimfoko's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.  Accordingly, Mr. Kimfoko believes that he has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 2. Mr. Kimfoko Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Kimfoko otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  "'[A]t this stage of the litigation, the movant must only make a preliminary showing that the adequacy and typicality requirements have been met.'"  *Atwood v. Intercept*

---

[3] In addition to losses, courts often consider various other metrics, including what are typically referred to as "Lax factors," to further analyze a movant's financial interest when warranted. *See Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest).  Mr. Kimfoko's PSLRA certification and loss calculation provide the necessary trading information to calculate his financial interest under all possible metrics, including recoverable losses, and does not presuppose that there is only one valid methodology. *See* Bleichmar Decl. Exs. D-E.

*Pharms., Inc.*, 299 F.R.D. 414, 416 (S.D.N.Y. 2014) (citations omitted). Here, Mr. Kimfoko unquestionably satisfies both requirements.

Mr. Kimfoko's claims are typical of the claims of other investors in MoonLake common stock. The typicality threshold is satisfied because Mr. Kimfoko's "claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *Li v. Spirit AeroSystems Holdings, Inc.*, 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023) (citation omitted). Here, Mr. Kimfoko's and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical. Like all other Class members, Mr. Kimfoko: (1) purchased MoonLake common stock during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market. *See id*. As such, Mr. Kimfoko is a typical Class representative.

Mr. Kimfoko likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied where: (1) there is no conflict between the proposed lead plaintiff and the members of the class; (2) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) class counsel is qualified, experienced, and generally able to conduct the litigation. *See Li*, 2023 WL 6938285, at *3 (adequacy satisfied where movant "has certified that he is willing to fulfill the duties of lead plaintiff," "has retained counsel with significant experience in securities fraud cases," and "there is, as yet, no indication that [movant] has any interests that are antagonistic to those of the class"). Mr. Kimfoko satisfies these elements because his substantial financial stake in the litigation provides him with the incentive to vigorously represent the Class's claims and oversee counsel.

6

Further, Mr. Kimfoko's interests are aligned with those of other putative class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. Kimfoko and the other putative Class members.

Indeed, Mr. Kimfoko is committed to discharging his obligations as Lead Plaintiff under the PSLRA to oversee and supervise the litigation separate and apart from counsel, and submitted a sworn declaration as to his willingness and ability to fulfill those duties. *See* Bleichmar Decl. Ex. A. What's more, Mr. Kimfoko's Declaration provides the Court with additional information supporting his bona fides, including explaining who he is, that he is an experienced investor and given his substantial financial interest in the litigation, that he intends to continue to actively oversee counsel, confer with counsel regarding litigation strategy, attend important court proceedings, hearings, depositions and mediations, and review and authorize the filing of important litigation documents. *See id.* ¶¶2–8.

Finally, Mr. Kimfoko has demonstrated his adequacy through his selection of BFA as Lead Counsel to represent the Class in this action. As discussed more fully below, BFA is highly qualified and experienced in the area of securities class actions and has repeatedly demonstrated an ability to conduct complex securities actions effectively.

**B.      Mr. Kimfoko Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class

actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* Bleichmar Decl. Ex. F. For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Industries Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.). BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.). Previously, in this District, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Securities Litigation*, No. 1:11-cv-07866-VM (S.D.N.Y.), as well as a $120 million recovery in this Court in *Freedman v. Weatherford International Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Financial, Inc. Securities Litigation*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

### CONCLUSION

For the reasons discussed above, Mr. Kimfoko respectfully requests that the Court: (1) appoint him to serve as Lead Plaintiff; (2) approve his selection of BFA as Lead Counsel for the putative Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated: December 15, 2025                                Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

  */s/ Javier Bleichmar*
Javier Bleichmar
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com

8

-and-

Ross Shikowitz
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960
rshikowitz@bfalaw.com

-and-

Adam C. McCall (*pro hac vice* forthcoming)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (212) 789-2303
Facsimile: (415) 445-4020
amccall@bfalaw.com

*Counsel for Proposed Lead Plaintiff Yoann Kimfoko, and Proposed Lead Counsel for the Putative Class*

9

## CERTIFICATION OF WORD-COUNT COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the word limit set forth in Local Civil Rule 7.1(c).  The word count, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 2,414 according to the word-processing system used to prepare the document.


Dated: December 15, 2025                           _/s/ Javier Bleichmar_____
                                                                      Javier Bleichmar