**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREN PETERS, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-08612-LAK |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| MOONLAKE IMMUNOTHERAPEUTICS, JORGE SANTOS DA SILVA, and MATTHIAS BODENSTEDT, | |
| Defendants. | |

**YOANN KIMFOKO'S MEMORANDUM OF LAW IN OPPOSITION TO THE**
**<u>COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................... 1

ARGUMENT ................................................................................................................................... 2

    A.    Mr. Kimfoko Is The Most Adequate Plaintiff ................................................................... 2

        1.    Mr. Kimfoko Has The Largest Financial Interest In The Relief Sought By The Class .................................................................................................................................3

        2.    Mr. Kimfoko Otherwise Satisfies The Requirements Of Rule 23 ..........................4

    B.    The Court Should Approve Mr. Kimfoko's Selection Of Counsel ................................. 5

CONCLUSION................................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atwood v. Intercept Pharms., Inc.*,
  299 F.R.D. 414 (S.D.N.Y. May 16, 2014)....................................................................2

*Crass v. Yalla Grp. Ltd.*,
  2021 WL 5181008 (S.D.N.Y. Nov. 8, 2021)...............................................................3

*Li v. Spirit AeroSystems Holdings, Inc.*,
  2023 WL 6938285 (S.D.N.Y. Oct. 20, 2023)...........................................................4, 5

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
  2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)..............................................................2

*Pahlkotter v. SelectQuote, Inc.*,
  2025 WL 3062751 (S.D.N.Y. Nov. 3, 2025)................................................................3

**Rules**

Fed. R. Civ. P. 23(a)(4)...................................................................................................4

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).................................................................................1, 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)............................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)............................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)...........................................................................1, 2, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)...........................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(v)........................................................................................5

Yoann Kimfoko respectfully submits this memorandum of law in further support of his motion to be appointed Lead Plaintiff and for approval of his selection of Lead Counsel (*see* ECF No. 31), and in opposition to the competing motions.[1]

## PRELIMINARY STATEMENT

Mr. Kimfoko is the "most adequate plaintiff" under the PSLRA because he has the "largest financial interest" in the MoonLake securities litigation and satisfies the typicality and adequacy requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Six other movants filed motions seeking Lead Plaintiff appointment: (1) the City of Detroit General Retirement System (the "System"); (2) Jesse Kramer; (3) Herman Hartmann; (4) Paul Roper; (5) Wesley Wilson; and (6) Tristan Veuthey. *See* ECF Nos. 13, 16, 18, 21, 24, 27.

Mr. Kimfoko has the largest financial interest in this litigation because his $383,405 loss is larger than that of any other movant. Messrs. Hartmann, Kramer, Roper, Veuthey, and Wilson filed notices of non-opposition or withdrew their motion, recognizing that they do not possess the largest financial interest. *See* ECF Nos. 34-40.

What's more, Mr. Kimfoko has made more than a *prima facie* showing of his typicality and adequacy, which is all that is required at this stage of the litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As such, Mr. Kimfoko is entitled to a strong presumption that he is the "most adequate plaintiff." *Id.* That presumption can only be rebutted upon "proof" that Mr. Kimfoko is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, there is no proof that Mr. Kimfoko is unfit to represent the Class. To the contrary, Mr. Kimfoko is an experienced investor with several years of investing experience. *See* ECF No. 33-1 ¶2.

---

[1] Unless otherwise indicated, all capitalized terms are defined in Mr. Kimfoko's initial brief (*see* ECF No. 32), all references to "ECF No." are to the docket in this case, and all internal citations and quotations are omitted.

He has a business and finance background and is the founder and president of a film production company. *Id.* In addition to his investment and business experience, Mr. Kimfoko has considerable experience working with attorneys. *Id.* Further demonstrating Mr. Kimfoko's adequacy is that he selected a preeminent law firm as proposed Lead Counsel that has recovered over $2 billion in securities related matters over the past decade, including in a case before this Court. ECF No. 33-6. Accordingly, Mr. Kimfoko is the most adequate plaintiff under the PSLRA and is entitled to appointment.

## ARGUMENT

### A.      Mr. Kimfoko Is The Most Adequate Plaintiff

The PSLRA creates a strong presumption that the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is to be appointed as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To trigger this presumption, the movant that has the largest financial interest need only make a "preliminary showing that the adequacy and typicality requirements have been met." *Atwood v. Intercept Pharms., Inc.*, 299 F.R.D. 414, 416 (S.D.N.Y. May 16, 2014). Once this presumption is met, it can only be rebutted upon "proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Nurlybaev v. ZTO Express (Cayman) Inc.*, 2017 WL 5256769, at *2 (S.D.N.Y. Nov. 13, 2017) ("'So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.'") (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).

**1.      Mr. Kimfoko Has The Largest Financial Interest In The Relief Sought By The Class**

In determining the movant with the largest financial interest, Courts in this District generally consider: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended; and (4) the approximate losses suffered. *See Pahlkotter v. SelectQuote, Inc.*, 2025 WL 3062751, at *2 (S.D.N.Y. Nov. 3, 2025). Of these factors, "courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant." *Crass v. Yalla Grp. Ltd.*, 2021 WL 5181008, at *5 (S.D.N.Y. Nov. 8, 2021). Indeed, every movant reported their financial interests to the Court in terms of the losses they incurred. *See* ECF Nos. 14 at 9, 17 at 5, 19 at 6, 22 at 6, 25 at 8, and 29 at 10.

Based on the movants' respective submissions, there is no question that Mr. Kimfoko asserts the largest loss and, thus, possesses the largest financial interest in this litigation. He incurred a loss of approximately $383,405 on his investments in MoonLake stock during the Class Period, ***more than $20,000 greater*** than the movant with the second largest loss, and greater than the losses of the five other movants ***combined***.

| Movant | Claimed Loss[2] |
|---|---|
| **Yoann Kimfoko** | **$383,405** |
| The System | $362,643 |
| ~~Jesse Kramer~~ | ~~$51,478~~ |
| ~~Herman Hartmann~~ | ~~$48,051~~ |
| ~~Paul Roper~~ | ~~$29,621~~ |
| ~~Wesley Wilson~~ | ~~$8,058~~ |

---

[2] The movants' claimed losses are taken from their respective filings. *See* ECF Nos. 15-2, 17-3, 20-3, 23-2, 26-4, 30-1, 33-5.

| Movant | Claimed Loss[2] |
|---|---|
| ~~Tristan Veuthey~~ | ~~$2,055~~ |

As such, Mr. Kimfoko has the "largest financial interest in the relief sought by the class" and is presumed to be the most adequate plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.    Mr. Kimfoko Otherwise Satisfies The Requirements Of Rule 23

Mr. Kimfoko also satisfies Rule 23's typicality and adequacy requirements.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  To overcome the strong presumption entitling Mr. Kimfoko to appointment as Lead Plaintiff, the PSLRA requires "proof" that Mr. Kimfoko is inadequate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such proof exists in this case and there can be no credible arguments to the contrary.

Mr. Kimfoko is a typical Class representative.  Like all other Class members, Mr. Kimfoko: (1) purchased MoonLake common stock during the Class Period; (2) purchased at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market.  *See Li v. Spirit AeroSystems Holdings, Inc.*, 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023) (typicality met where movant's "claims and injuries arise from the same conduct from which the other class members' claims and injuries arise.").

Mr. Kimfoko also satisfies the adequacy requirement of Rule 23 because he is capable of "fairly and adequately protect[ing] the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Mr. Kimfoko has a substantial financial stake in the litigation and the ability to vigorously represent the purported class's claims.  *See* ECF Nos. 33-1, 33-5.  Mr. Kimfoko is committed to discharging his obligations as Lead Plaintiff under the PSLRA to oversee and supervise the litigation separate and apart from counsel, and

submitted a sworn declaration as to his willingness and ability to fulfill those duties. *See* ECF No. 33-1. Mr. Kimfoko is an experienced investor with several years of stock market experience. *See id.* ¶2. He has a business and finance background and is the founder and president of a film production company. *Id.* In addition to his investment experience, Mr. Kimfoko has considerable experience managing projects and working with attorneys. *Id.*

Further, Mr. Kimfoko's interests are squarely aligned with those of other putative class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. Kimfoko and the other putative Class members. *See Li*, 2023 WL 6938285, at \*3 (adequacy met where there was "no indication that [movant] has any interests that are antagonistic to those of the class").

Finally, Mr. Kimfoko has demonstrated his adequacy through his selection of BFA as Lead Counsel to represent the Class, a law firm that has recovered over $2 billion in securities related matters since 2014. *See* ECF 33-6 at 3. BFA is highly qualified and experienced in the area of securities class actions and has repeatedly demonstrated an ability to conduct complex securities class actions effectively. *See* ECF Nos. 32, 33-6. Accordingly, because Mr. Kimfoko has the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, Mr. Kimfoko is the most adequate plaintiff under the PSLRA.

**B.      The Court Should Approve Mr. Kimfoko's Selection Of Counsel**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

5

Mr. Kimfoko's choice of counsel, BFA, is among the foremost securities law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* ECF No. 33-6. For example, BFA, as sole Lead Counsel, recently achieved a $420 million resolution in *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Industries Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.). In approving the settlement, Judge Underhill described *Teva* as "the most complex securities case I've ever had" and a "remarkably complex" case that "required analysis of a very broad portfolio of drugs." ECF 33-6 at 4. Judge Underhill praised BFA's work, stating, "[t]he quality of the representation was excellent in the face of very quality defense . . . This was not a case that every law firm could handle, and I think it was done exceptionally well." *Id.* at 4-5.

BFA also recently achieved a record resolution valued at over $919 million in *The Police and Fire Retirement System of the City of Detroit v. Musk*, C.A. No. 2020-0477-KSJM (Del. Ch.), which represents the largest shareholder derivative settlement ever achieved in the history of the Delaware Court of Chancery. Additionally, BFA, as sole Lead Counsel, recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, No. 3:19-cv-04744-WHA (N.D. Cal.). In approving the settlement, Judge Alsup stated that the "$129 million settlement flowed from the hard work of class counsel, the discovery they took, the investigations they did, and their victories in court." ECF 33-6 at 5. Judge Alsup further stated that class counsel's efforts "plausibly led to a restatement" whereby Granite admitted that its financial statements could no longer be relied upon. *Id.*

Previously before this Court, BFA secured a $120 million recovery in *Freedman v. Weatherford International Ltd.*, No. 1:12-cv-02121-LAK (S.D.N.Y.). Also in this District, BFA

6

achieved a $234 million resolution for the benefit of the class in *In re MF Global Holdings Ltd. Securities Litigation*, No. 1:11-cv-07866-VM (S.D.N.Y.).  In addition, BFA secured a $219 million resolution in *In re Genworth Financial, Inc. Securities Litigation*, 3:14-cv-00682-JAG (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

### CONCLUSION

For the reasons discussed above and in his opening brief, Mr. Kimfoko respectfully requests that the Court:  (1) appoint him to serve as Lead Plaintiff; (2) approve his selection of BFA as Lead Counsel for the putative Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated: December 29, 2025                                         Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

_/s/ Javier Bleichmar_
Javier Bleichmar
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com

-and-

Ross Shikowitz
Evan A. Kubota
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960
rshikowitz@bfalaw.com
ekubota@bfalaw.com

-and-

Adam C. McCall (*pro hac vice* forthcoming)
1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (212) 789-2303
Facsimile: (415) 445-4020
amccall@bfalaw.com

*Counsel for Proposed Lead Plaintiff Yoann Kimfoko, and Proposed Lead Counsel for the Putative Class*

8

**CERTIFICATION OF WORD-COUNT COMPLIANCE**

The undersigned hereby certifies that the foregoing brief complies with the word limit set forth in Local Civil Rule 7.1(c).  The word count, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 1,897 according to the word-processing system used to prepare the document.

Dated: December 29, 2025                    _/s/ Javier Bleichmar_
                                                                Javier Bleichmar

9