# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JUAN PENA, Individually And On Behalf Of
All Others Similarly Situated,

               Plaintiff;

       v.

iBIO, INC. and ROBERT B. KAY,

               Defendants.

Civil Action No. 14-1343-RGA

MEMORANDUM ORDER

I have three competing motions for appointment of a lead plaintiff and selection of counsel. (D.I. 8 at 11, 15). One of the motions has been more or less withdrawn. (D.I. 18). I follow the same process in deciding the other two motions as I previously did in *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 2014 WL 3886021 (D. Del. Aug. 6, 2014).

It is undisputed that Vamsi Andavarapu has the "largest financial interest in the relief sought by the class." (D.I. 20 at p. 5).

In terms of typicality and adequacy, the main objection is that Andavarapu's initial certification was erroneous. He certified that he had bought 100,000 shares on October 16, 2014, at $2.42 per share. (D.I. 17-2). The purchase price was well above the price that shares were actually trading for on October 16, 2014. One of the competing candidates noticed this, and suggested it might mean that Andavarapu's claim could be subject to unique defenses. But for the competing candidate's alertness, there is no indication this error would have been brought to my attention. Andavarapu submitted an "amended" certification describing his purchases as

being 100,000 shares on October 13, 2014, at $2.45 per share, and 50,000 shares on October 16, 2014, at $1.91 per share. (D.I. 23-1). I think those purchase prices are consistent with what the stock was selling for on October 13 and 16, 2014. Thus, I do not think there is any actual suggestion of "atypicality." It does raise concerns about adequacy, however. Andavarapu offered that he is willing to serve as class representative, and provide testimony, on the same preprinted form on which the only individual information was wrong as to date, amount, and purchase price. Andavarapu has hired experienced counsel, but one might expect experienced counsel would ask for what I assume is easily available documentation of Andavarapu's purchases. If counsel did so ask, counsel apparently did no follow-up.

Thus, I will set a hearing at which Andavarapu will be expected to explain how he is going to manage and direct this litigation. I expect he will explain why he swore to false information.

Further, if I do accept Andavarapu as lead plaintiff, I will also consider whether I should accept his counsel as lead counsel.

In terms of selection of lead counsel, while there is a presumption in favor of lead plaintiff's selection of counsel, there are a number of factors for the Court to consider. *See OFI*, 2014 WL 3886021, at *12 (identifying five factors). I have sufficient information on factor (4), but not on any of the others. Thus, I request that counsel submit Andavarapu's retainer agreement by February 10, 2015, and that Andavarapu also be prepared to testify about the four factors so far unaddressed.

The Court will hold a hearing on the above on February 17, 2015, at 10 a.m. Counsel for the competing candidates may cross-examine Andavarapu at this hearing if they so choose.

IT IS SO ORDERED this 30th day of January 2015.

United States District Judge