# EXHIBIT A

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 2 of 113

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

|  |  |  |
|---|---|---|
| In re SEA LIMITED SECURITIES LITIGATION | : : : | Index No. 151344/2022 |
|  | : : | The Honorable Andrew Borrok, J.S.C. Part 53 |
| This Document Relates To: | : : |  |
| ALL ACTIONS. | : : | <u>CLASS ACTION</u> |
|  | : : | STIPULATION OF SETTLEMENT |

This Stipulation of Settlement (the "Stipulation") in the action captioned *In re Sea Limited Securities Litigation*, Index No. 151344/2022 pending before the Supreme Court of the State of New York, County of New York, Commercial Division (the "Court"), which consolidated the actions styled *City of Taylor Police and Fire Retirement System, et al. v. Sea Limited, et al.*, Index No. 151344/2022, and *General Retirement System of the City of Detroit, et al. v. Sea Limited, et al.*, Index No. 155162/2022 (collectively referred to as the "Action"), is entered into by and among plaintiffs City of Taylor Police and Fire Retirement System ("City of Taylor") and General Retirement System of the City of Detroit ("City of Detroit") (collectively, the "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and defendants Sea Limited ("Sea"), Donald J. Puglisi, Puglisi & Associates, Forrest Xiaodong Li, Tony Tianyu Hou, Khoon Hua Kuok, David Heng Chen Seng, Yuxin Ren, and Gang Ye, and the underwriters of Sea's September 2021 ADS and senior notes offerings, specifically, Goldman Sachs (Asia) L.L.C., J.P. Morgan Securities LLC, and BofA Securities, Inc. (collectively, the "Settling Defendants," and, together with Plaintiffs, the "Parties"), by and through the Parties' respective undersigned counsel.[1]  The Stipulation is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, release, settle, and dismiss with prejudice the Action and the Released Claims (defined below), upon and subject to the terms and conditions hereof, and is submitted pursuant to CPLR 901, 902, and 908 for approval by the Court.

WHEREAS, the first complaint in this Action was styled as a putative class action and filed on February 11, 2022 under Index No. 151344/2022 in this Court by the City of Taylor,

---

[1]     Defendants Forrest Xiaodong Li, Tony Tianyu Hou, Khoon Hua Kuok, David Heng Chen Seng, Yuxin Ren, and Gang Ye (collectively, the "Individual Defendants") have not been served. The Individual Defendants hereby reserve and do not waive any and all rights based on the fact that they have not been served in this litigation, including, but not limited to, all rights, to contest they are defendants in the Action and all defenses, including those based on lack of service of process, lack of personal jurisdiction, and statutes of limitation.

- 1 -

individually and on behalf of all those who purchased Sea's American Depositary Shares ("ADS") pursuant and/or traceable to the Offering Materials (defined below) for Sea's September 2021 public ADS offering and who were allegedly damaged thereby, asserting claims for alleged violations of the Securities Act of 1933 (the "1933 Act");

WHEREAS, on May 16, 2022, the City of Taylor filed an amended complaint and on June 2, 2022, City of Taylor filed a motion to extend the service period under CPLR 306-b as to defendant Tencent Holdings Limited ("Tencent");

WHEREAS, on June 17, 2022, the City of Detroit filed a complaint styled as a putative class action in this Court under Index No. 155162/2022, asserting claims under the 1933 Act individually and on behalf of all those who purchased Sea's 0.25% convertible senior notes due 2026 ("Notes") pursuant and/or traceable to the Offering Materials (as defined below) for Sea's September 2021 public offering of the Notes, naming as defendants the same defendants as those named in the City of Taylor's amended complaint;

WHEREAS, on August 3, 2022, the Court (i) consolidated the lawsuits filed by the City of Taylor and City of Detroit; and (ii) appointed Robbins Geller Rudman & Dowd LLP and Abraham, Fruchter & Twersky, LLP as Co-Lead Counsel in the Action;

WHEREAS, on August 9, 2022, Plaintiffs filed their Consolidated Amended Class Action Complaint for Violations of the 1933 Act;

WHEREAS, briefing on the Served Settling Defendants' (defined below) motion to dismiss took place between July 15, 2022 and October 13, 2022, oral argument took place on May 12, 2023, and the Court granted the motion on May 16, 2023, also denying as moot Plaintiffs' motion to extend the service period as to Tencent;

WHEREAS, on June 15, 2023, Plaintiffs filed a motion for leave to reargue and renew the motion to dismiss, briefing on the motion concluded on July 18, 2023, and the Court denied the motion on July 20, 2023;

WHEREAS, on June 15, 2023, Plaintiffs filed a Notice of Appeal of the Court's dismissal of the 1933 Act claims, but only perfected the appeal as it related to the Offering Materials' (defined below) alleged misrepresentation of, or failure to disclose, the risk or uncertainty that India might ban *Free Fire*, and briefing on the appeal took place between December 15, 2023 and March 29, 2024, and oral argument took place on May 7, 2024;

WHEREAS, on May 28, 2024, the Appellate Division, First Judicial Department, issued a decision reversing the dismissal of this Action (to the extent appealed), and remanded to the Court for further proceedings, including a determination of Plaintiffs' motion to extend the service period;

WHEREAS, on June 27, 2024, the Served Settling Defendants filed a motion with the Appellate Division for reargument or, alternatively, leave to the Court of Appeals, and briefing concluded on that motion on July 12, 2024;

WHEREAS, on June 6, 2024, Plaintiffs filed a Notice of Effectuation of Service on Tencent to reflect that service was accomplished, in connection with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, upon Tencent in China;

WHEREAS, Tencent thereafter appeared through counsel, and Plaintiffs and Tencent agreed to a schedule, subject to the Court's approval, governing the briefing of Tencent's motion to dismiss, which Tencent filed on August 9, 2024;

WHEREAS, on September 16, 2024, the Court entered a scheduling order in contemplation of a planned mediation between Plaintiffs and Sea in mid-October, which set forth a schedule for

- 3 -

briefing Tencent's motion to dismiss and the timing and conduct of discovery, and on February 3, 2025, Plaintiffs filed their opposition to Tencent's motion to dismiss;

WHEREAS, the Plaintiffs and the Served Settling Defendants also jointly requested the Appellate Division to postpone any determination of the motion for reargument or, alternatively, leave to the Court of Appeals, pending the outcome of mediation;

WHEREAS, Plaintiffs and Sea participated in an all-day mediation session on October 15, 2024 that did not result in the resolution of this Action, but, with the assistance of the mediator, they were able to reach an agreement-in-principle to resolve this Action thereafter;

WHEREAS, on November 13, 2024, Plaintiffs advised the Court of the Parties' agreement-in-principle to resolve this Action;

WHEREAS, after taking into account the uncertainties, risks, and likely costs and expenses of further litigation in this Action, Plaintiffs believe that the Settlement (defined below) is fair, reasonable, and in the best interests of Settlement Class Members (defined below); and

WHEREAS, the Settling Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs, including all allegations of wrongdoing, fault, damages, or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action, but after taking into account the potential costs, uncertainties, and risks of further litigation, have determined to fully and finally resolve the Action in the manner and upon the terms and conditions set forth herein;

NOW, THEREFORE, without any admission or concession on the part of any Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession of any fault, damages, liability, or wrongdoing or lack of merit in any defense whatsoever by any Defendant,

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, through their undersigned attorneys, and subject to judicial approval as further set forth herein, in consideration

- 4 -

of the benefits flowing to the Parties hereto from the Settlement, that all Released Claims (defined below) as against the Released Defendants' Parties (defined below) and all of Released Defendants' Claims (defined below) as against the Released Plaintiffs' Parties (defined below) shall be compromised, resolved, settled, released, and discharged, and the Action dismissed with prejudice, as to the Defendants upon and subject to the terms and conditions of this Stipulation, as set forth below:

## 1. Definitions

As used in this Stipulation, the following capitalized terms shall have the following meaning:

1.1 "Action" means collectively *In re Sea Limited Securities Litigation*, Index No. 151344/2022, which is pending before the Supreme Court of the State of New York, County of New York, Commercial Division, and the actions consolidated therein, which were styled *City of Taylor Police and Fire Retirement System, et al. v. Sea Limited, et al.*, Index No. 151344/2022, and *General Retirement System of the City of Detroit, et al. v. Sea Limited, et al.*, Index No. 155162/2022.

1.2 "ADSs" means American Depositary Shares issued pursuant and/or traceable to the Offering Materials (defined below).

1.3 "Alternative Judgment" means a form of judgment with terms materially different from those set forth in the form of judgment that is attached hereto as Exhibit B. Without limitation, any reduction in the scope of the definition of "Settlement Class," "Settlement Class Members," or "Released Claims" are hereby deemed to be material.

1.4 "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator (defined below).

1.5 "Claims Administrator" means Verita Global or such other entity as the Court shall appoint to administer the Settlement.

1.6 "Company" or "Sea" means Sea Limited and its predecessors, successors, parents, subsidiaries, divisions, or affiliates.

1.7 "Complaint" refers to and includes each and every complaint filed in the Action.

1.8 "Court" means the Supreme Court of New York, New York County, Commercial Division.

1.9 "Defendants" means, collectively, Sea, the Individual Defendants, the Puglisi Defendants (defined below), the Underwriter Defendants (defined below), and Tencent.

1.10 "Defendants' Counsel" means the law firms Allen Overy Shearman Sterling US LLP, Paul Hastings LLP, and Greenberg Traurig, LLP.

1.11 "Effective Date" means the date upon which all of the events and conditions set forth in ¶ 10.1 below have been met and have occurred.

1.12 "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount (defined below).

1.13 "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and Abraham, Fruchter & Twersky, LLP or their respective successor(s).

1.14 "Escrow Funding Deadline" has the meaning given it in ¶ 3.1 below.

1.15 "Fairness Hearing" means the hearing scheduled by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate, (ii) the Plan of Allocation is fair, reasonable, and adequate, and (iii) Lead Counsel's request for an award of attorneys' fees and expenses on behalf of Plaintiffs' Counsel, including any awards to Plaintiffs, is reasonable.

1.16 "Fee and Expense Application" has the meaning given that term in ¶ 5.1 below.

1.17    "Fee and Expense Award" means any attorneys' fees and expenses awarded by the Court as described in ¶ 5.1.

1.18    "Final," with respect to the Judgment means: (i) if no appeal is filed, the expiration date of the time provided for filing or petitioning for any appeal, or (ii) if there is an appeal from the Judgment, the date of (a) final dismissal of all such appeals, or the final dismissal of any proceeding on *certiorari* or otherwise to review the Judgment, or (b) the date the Judgment is finally affirmed on appeal, and (i) the expiration of the time to file a petition for writ of *certiorari* or other form of review, (ii) the denial of a writ of *certiorari* or other form of review of the Judgment, or (iii) if *certiorari* or other form of review is granted, the date of final affirmance of the Judgment following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the Plan of Allocation (as submitted or subsequently modified) shall not in any way delay or preclude the Judgment from becoming Final.

1.19    "Investment Vehicle" means any investment company, separately managed account, or pooled investment fund, including, but not limited to, (i) mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his, or her respective affiliates is not a majority owner; and (ii) employee benefit plans.

1.20    "Judgment" means either: (i) the proposed judgment to be entered approving the Settlement, substantially in the form attached hereto as Exhibit B; or (ii) an Alternative Judgment, if expressly agreed in writing by all Parties.

1.21    "Lead Counsel" (or "Plaintiffs' Lead Counsel") means, collectively, Robbins Geller Rudman & Dowd LLP and Abraham, Fruchter & Twersky, LLP.

- 7 -

1.22    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees; (ii) Notice and Administration Expenses; (iii) any required Taxes; (iv) Court-awarded litigation expenses; and (v) any other fees, expenses, or awards approved by the Court.

1.23    "Notes" means the 0.25% convertible senior notes due 2026 issued pursuant and/or traceable to the Offering Materials.

1.24    "Notice" means the Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be sent to members of the Settlement Class.

1.25    "Notice and Administration Expenses" means the reasonable costs and expenses incurred in connection with locating Settlement Class Members, providing notice to Settlement Class Members, soliciting the submission of Proofs of Claims, assisting with the submission of Proofs of Claims, processing Proofs of Claim, administering and distributing the Net Settlement Fund to Authorized Claimants, tax preparation expenses, and paying escrow fees and costs, if any.

1.26    "Notice Order" means the proposed order preliminarily approving the Settlement and directing notice to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.27    "Offering Materials" means, collectively, all registration statements and prospectuses, whether preliminary, amended, or as effective, filed with, or declared effective by, the U.S. Securities and Exchange Commission (the "SEC") in connection with Sea's contemporaneous offerings of ADSs and Notes, conducted on or about September 14, 2021, including any "free-writing" prospectus materials (as defined by SEC regulations) issued or distributed by or on behalf of any Defendant in connection with Sea's contemporaneous offerings of ADSs and Notes, conducted on or about September 14, 2021.

1.28    "Parties" means the parties to this Stipulation.

1.29    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, limited liability company or corporation, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her, or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.30    "Plaintiffs" means, collectively, the City of Taylor and City of Detroit.

1.31    "Plaintiffs' Counsel" means, collectively, Lead Counsel, as well as all other counsel who have represented any plaintiff in connection with any of the claims asserted in this Action.

1.32    "Plan of Allocation" means the plan described in the Notice or any alternate plan approved by the Court whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation, and the Released Defendants' Parties shall have no responsibility therefore or liability with respect thereto.

1.33    "Proof of Claim" means the Proof of Claim and Release, substantially in the form attached hereto as Exhibit A-2.

1.34    "Puglisi Defendants" means, collectively, Donald J. Puglisi and Puglisi & Associates.

1.35    "Related Parties" means each of a Defendant's past, present, or future direct or indirect parents, subsidiaries, divisions, branches, controlling persons, associates, entities, affiliates, or joint ventures, as well as each of their and each of Defendants' respective past, present, or future directors, officers, employees, independent contractors, managers, servants, partners, limited partners, members, principals, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, spouses,

heirs, related or affiliated entities or persons, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other persons, firms, trusts, corporations, and other entity in which a Defendant or any past, present, or future director of Sea has a financial interest or was a sponsor, founder, or creator of the entity and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity, any member of an Individual Defendant's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, executors, administrators, predecessors, predecessors-in-interest, successors, successors-in-interest, or assigns of each of the foregoing.

1.36    "Released Claims" means all claims (including "Unknown Claims" as defined below), demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description whatsoever, whether direct or indirect, representative, class, individual, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, whether in law or in equity, whether arising under federal, state, local, foreign, statutory, common, or administrative, or any other law, statute, rule or regulation, that both (i) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, or omissions involved, set forth, alleged, or referred to, in the Action, or which could have been alleged in, referred to, or made part of the Action, and (ii) arise out of, are based upon, or relate in any way to the purchase, acquisition, sale, transfer, investment, other transaction in, or holding or disposition of the ADSs or Notes purchased or otherwise acquired by Settlement Class Members pursuant and/or traceable to the

Offering Materials. "Released Claims" also includes any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action (including Unknown Claims), except claims to enforce any of the terms of this Stipulation. For the avoidance of doubt, Released Claims does not include the claims that have been alleged in *Laborers District Council Construction Industry Pension Fund, et al. v. Sea Limited, et al.*, No. CV-23-01455-PHX-DLR (D. Ariz.).

1.37 "Released Defendants' Claims" means all claims (including "Unknown Claims" as defined below), demands, losses, rights, and causes of action of any nature whatsoever by the Released Defendants' Parties or any of them against the Released Plaintiffs' Parties, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action, except for claims to enforce the Settlement. For the avoidance of doubt, the Released Defendants' Claims shall not include Sea's indemnification obligations to the Underwriter Defendants, or any rights or obligations the Underwriter Defendants have to each other, all of which survive this Settlement.

1.38 "Released Defendants' Parties" means Defendants and each and all of their Related Parties.

1.39 "Released Plaintiffs' Parties" means (i) Plaintiffs and all Settlement Class Members, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys (including Plaintiffs' Counsel and all other counsel who have represented any current or former plaintiff or proposed putative class in the Action), professionals,

- 11 -

predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

1.40    "Sea's Counsel" means Allen Overy Shearman Sterling US LLP.

1.41    "Served Settling Defendants" means Sea, the Puglisi Defendants, and the Underwriter Defendants (defined below).

1.42    "Settlement" means the settlement on the terms set forth in this Stipulation.

1.43    "Settlement Amount" means the sum of U.S. $40,000,000 (forty million U.S. dollars), inclusive of all Taxes, to be deposited into an Escrow Account as set forth herein.

1.44    "Settlement Class" and "Settlement Class Members" means all persons or entities who purchased or otherwise acquired (i) the ADSs, pursuant and/or traceable to the Offering Materials or (ii) the Notes, pursuant and/or traceable to the Offering Materials.  For purposes of the releases set forth herein, "Settlement Class" and "Settlement Class Members" shall include any Person purporting to assert a claim on behalf of any Settlement Class Member, or any Person asserting a claim based on a purchase or acquisition of the ADSs or Notes made by any Settlement Class Member.  Excluded from the Settlement Class are Defendants, the officers and directors of Sea, Puglisi & Associates, the Underwriter Defendants, and Tencent (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has a controlling interest, ***provided, however***, that any Investment Vehicle shall not be excluded from the Settlement Class.  Also excluded from the Settlement Class are those Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

1.45    "Settlement Fund" means the Settlement Amount plus any interest or income earned thereon.

1.46    "Settling Defendants" means, collectively, Sea, the Individual Defendants, the Puglisi Defendants, and the Underwriter Defendants.

1.47    "Settling Defendants' Counsel" means the law firms of Allen Overy Shearman Sterling US LLP and Paul Hastings LLP.

1.48    "Stipulation" means this Stipulation of Settlement (of which these definitions are a part), including all of the exhibits hereto.

1.49    "Summary Notice" means the summary notice of proposed Settlement and hearing for publication, substantially in the form attached hereto as Exhibit A-3.

1.50    "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including those referenced below.  For the avoidance of doubt, Defendants shall have no obligation to make any payment for any Tax or Taxes.

1.51    "Tencent" means Tencent Holdings Limited.

1.52    "Underwriter Defendants" means Goldman Sachs (Asia) L.L.C., J.P. Morgan Securities LLC, and BofA Securities, Inc.

1.53    "Unknown Claims" means (i) any and all Released Claims against the Released Defendants' Parties that any Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor as of the Effective Date, and (ii) any and all Released Defendants' Claims against the Released Plaintiffs' Parties that any Defendant does not know or suspect to exist in his, her, or its favor at the time of their release, including, without limitation, those that, if known by such Plaintiff, Settlement Class Member or Defendant, might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final

- 13 -

Case 1:25-cv-08612-LAK Document 46-1 Filed 01/05/26 Page 16 of 113

Judgment, upon the Effective Date, each Plaintiff and each Defendant shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542. Plaintiffs and Settlement Class Members or Defendants may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but Plaintiffs and Defendants shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, respectively, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was an essential element of the Settlement.

**2.       Scope and Effect of Settlement**

2.1       The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (i) the Action against the Defendants; (ii) any and all Released Claims as against all Released Defendants' Parties; and (iii) any and all Released Defendants' Claims as against all Released Plaintiffs' Parties.

2.2       (a)       Upon the Effective Date of this Settlement, Plaintiffs and all Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have fully, finally, and forever waived, released, dismissed, and discharged with prejudice all Released Claims against all Released Defendants' Parties, regardless of whether such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim.

(b)       Upon the Effective Date of this Settlement, Plaintiffs and each and every Settlement Class Member will be permanently and forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against the Released Defendants' Parties, whether or not such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim.

(c)       Upon the Effective Date of this Settlement, each of the Released Defendants' Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released and discharged all Released Defendants' Claims against all Released Plaintiffs' Parties.

(d)       The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

**3.**    **The Settlement Consideration; Qualified Settlement Fund; Establishment of Escrow Account**

3.1    In full and final settlement of the claims asserted in the Action and in consideration of the releases specified in ¶ 2.2(a) herein, Sea shall deposit or cause to be deposited the Settlement Amount in accordance with instructions to be provided by the Escrow Agent on or before thirty (30) calendar days after the later to occur of: (i) entry of the Notice Order; and (ii) the Escrow Agent providing to Defendants' Counsel all information necessary to effectuate a transfer of funds to the Escrow Account, including without limitation, (a) wire transfer instructions (including bank name and ABA routing number, address, account name and number), (b) payment address, and (c) a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number.  Within three (3) days from the filing of this Stipulation with the Court, Lead Counsel shall send Sea's Counsel an encrypted e-mail containing complete particulars for payment by wire transfer and a W-9.  Under no circumstances shall the Underwriter Defendants or Tencent pay, or be liable to pay, any portion of the Settlement Amount.

3.2    If the entire Settlement Amount is not timely paid to the Escrow Agent in accordance with ¶ 3.1 above, Lead Counsel may terminate the Settlement, but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within ten (10) calendar days after Lead Counsel has provided such written notice.

3.3    Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all Released Claims.  The Settlement Amount includes all Plaintiffs' attorneys' fees and expenses, any court-approved award to any Plaintiff, all Plaintiffs' litigation costs, and all costs associated with providing notice to the Settlement Class and administering the Settlement Fund and the settlement claims process, including, but not limited to, fees and costs incurred by the independent Claims Administrator (to be selected by Lead Counsel and appointed by the Court)

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 19 of 113

in actually providing notice.  Defendants and their Related Parties shall have no other obligation to pay or reimburse any fees, expenses, costs, liability, or damages whatsoever alleged or incurred by Plaintiffs, by any Settlement Class Member, or by any of their attorneys, experts, advisors, agents, or representatives with respect to the Action and Released Claims.  Any award made by the Court pursuant to the Fee and Expense Application referred to in ¶ 5.1 hereof shall be paid exclusively from the Settlement Fund; any agreement between or among Plaintiffs' Counsel to divide fees, expenses, costs, or interest shall be between or among such Plaintiffs' Counsel only; and Defendants shall have no obligation with respect to any allocation between or among Plaintiffs' Counsel, or with respect to any payment to any Plaintiffs' Counsel, of any fees, expenses, costs, or interest.  Plaintiffs and Settlement Class Members acknowledge that, as of the Effective Date, the releases and injunctions given herein shall become effective by operation of the Final Judgment and shall be permanent, absolute, and unconditional.

3.4     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.  The account funds, less any amounts incurred for notice, administration, and/or taxes, plus any accrued interest thereon on a *pro rata* basis, shall revert as soon as possible and in any event within fourteen (14) days to the person(s) making the deposits if the Settlement does not become effective for any reason, including by reason of a termination of the Settlement pursuant to ¶¶ 3.2 or 10.2-10.4 herein.  The Settlement Fund includes any interest earned thereon.

3.5     The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement.  Neither Sea nor its insurers, nor any other person or entity contributing to the Settlement Fund, shall have any ability to get back any monies paid under this Stipulation, or any interest earned thereon, once the Judgment becomes Final and all the conditions set forth in ¶ 10.1 herein have been satisfied.

3.6    The Settlement Fund shall be used to pay: (i) Taxes; (ii) Notice and Administration Expenses; (iii) any award made by the Court pursuant to any Fee and Expense Application; and (iv) the remaining administration expenses referred to in ¶ 1.22 hereof and any other attorney and administrative costs, fees, payments or awards subsequently approved by the Court, including any award to Plaintiffs. The balance of the Settlement Fund after the above payments shall constitute the Net Settlement Fund, which shall be distributed to the Authorized Claimants as provided in ¶¶ 6.1-6.3 hereof.

3.7    Any portions of the Settlement Fund required to be held in escrow before the Effective Date shall be held in the Escrow Account. To the extent that payment of monies from the Settlement Fund is not paid out as authorized by this Stipulation or as otherwise ordered by the Court, all assets held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Net Settlement Fund shall be distributed to Authorized Claimants or returned pursuant to this Stipulation and/or further order of the Court.

3.8    The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon order of the Court. The Escrow Agent shall be responsible for investing the Settlement Fund in eligible investments, meaning obligations issued or guaranteed by the United States of America or any agency or instrumentality thereof, backed by the full faith and credit of the United States, or fully insured by the United States Government or an Agency thereof, and the Escrow Agent shall reinvest the proceeds of these obligations or instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 21 of 113

3.9     For the purpose of § 1.468B of the Internal Revenue Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described below) shall be consistent with this paragraph and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

3.10    All: (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) all other tax expenses incurred in the operation of and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution expenses related to filing or failing to file the returns described in this paragraph (collectively, "Taxes") shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court.  The Escrow Agent shall also be obligated to, and shall be responsible for, withholding from distribution to Settlement Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)).  Taxes and tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund.  The Released Defendants' Parties shall not have any liability with respect to or responsibility for any such Taxes, including any expenses or costs relating to Taxes.  Sea agrees to cooperate with the Escrow Agent

Case 1:25-cv-08612-LAK   Document 46-1   Filed 01/05/26   Page 22 of 113

and Claims Administrator, and the Escrow Agent's tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

3.11    Except to the extent Lead Counsel is acting in its capacity as Escrow Agent, neither the Parties nor their respective counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns; or (v) any loss suffered by, or fluctuation in value of, the Settlement Fund.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendants' Parties and their counsel harmless for Taxes and tax expenses (including, without limitation, Taxes payable by reason of any such indemnification).

**4.      Administration**

4.1    The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Settlement Fund subject to such supervision of Lead Counsel and/or the Court as the circumstances may require.  The Claims Administrator shall be retained subject to the condition that it agrees to be subject to the jurisdiction of the Court with respect to the administration of the Settlement and the distribution of the Settlement Fund pursuant to the terms of this Stipulation.  Defendants and their Related Parties shall have no role in, or responsibility or liability for, the administration of the Settlement and shall have no liability to Plaintiffs, the Settlement Class, or any other person in connection with, as a result of, or arising out of, such administration.  The Claims Administrator will not make any distributions to

- 20 -

Settlement Class Members from the Net Settlement Fund until the Judgment becomes Final and all the conditions described in ¶ 10.1 herein have been satisfied.

4.2     Notwithstanding that the Effective Date has not yet occurred, Plaintiffs' Lead Counsel may pay (or cause to be paid) from the Escrow Account the actual costs of notice and related administrative expenses without further court order, up to U.S. $500,000 (five hundred thousand U.S. dollars).  Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, notice to the Settlement Class or any notice and related administrative expenses.

4.3     Sea will cooperate in good faith in the class notice process and, for purposes of identifying and giving notice to the Settlement Class, shall use reasonable efforts to provide to the Court-appointed Claims Administrator (at no cost to the Settlement Class and within ten (10) days of entry of the Notice Order) the last known names and addresses of all Persons or entities who, based on the records of Sea, the depositary bank, or others, are likely Settlement Class Members or nominees of Settlement Class Members.

**5.      Fee and Expense Application**

5.1     Lead Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award from the Settlement Fund of: (i) attorneys' fees and the payment of litigation expenses incurred in connection with the prosecution of the Action, plus interest (if any) on such amounts awarded at the same rate as earned on the Settlement Fund until paid; and (ii) potential awards, pursuant to 15 U.S.C. § 77z-1(a)(4), to one or more of the Plaintiffs, in connection with their representation of the Settlement Class.  Any award of attorneys' fees and expenses to any of Plaintiffs' Counsel shall be payable from the Settlement Fund to Lead Counsel immediately upon entry by the Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal or collateral attack on the

- 21 -

Settlement or any part thereof.  Lead Counsel may thereafter allocate such fees to Plaintiffs' Counsel as Lead Counsel determine is appropriate, subject to each Plaintiffs' Counsels' (including their respective partners, shareholders, and/or firms) several obligation to repay those amounts to the Settlement Fund (together with interest accrued at the same net rate as may be earned by the Settlement Fund) if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or expense award is reduced or reversed, or return of the Settlement Fund is required consistent with the provisions of ¶ 10.4 hereof.  In such event, each respective Plaintiffs' Counsel shall, within fifteen (15) business days from the event which requires repayment of any portion of the fee or expense award, refund to the Settlement Fund the fee and expense award paid to it, together with any accrued interest, in an amount consistent with such reversal or reduction, as described above.  Furthermore, Plaintiffs' Counsel (including their respective partners, shareholders and/or firms) agree that they remain subject to the continuing jurisdiction of the Court for the purpose of enforcing their obligation to repay required attorneys' fees and expenses to the Settlement Fund as provided in this paragraph.  Without limitation, Plaintiffs' Counsel agree that the Court may, upon application of Defendants and notice to Plaintiffs' Counsel, issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should Plaintiffs' Counsel fail timely to repay fees and expenses pursuant to this paragraph.

5.2     Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel or any other Person who may assert some claim thereto of any fee or expense award that the Court may make in the Action.

- 22 -

5.3     Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses (included Taxes) to Plaintiffs' Counsel or any other Person who received payment from the Settlement Fund.

5.4     Defendants will take no position with respect to Plaintiffs' Counsel's request for an award of attorneys' fees, costs, and expenses, or any Plaintiffs' request for an award for their service to the Settlement Class.

5.5     Notwithstanding any other provision of this Stipulation to the contrary, the Fee and Expense Application and any Fee and Expense Award to be paid out of the Settlement Fund shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement as set forth in this Stipulation and shall have no effect on the terms of the Stipulation or the validity or enforceability of this Settlement.  The approval of the Settlement and it becoming Final shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs' Counsel or Plaintiffs, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify or cancel, or affect the enforceability of this Stipulation or the Settlement of the Action, or affect or delay the finality of the Judgment approving this Settlement.

**6.     Distribution to Authorized Claimants**

6.1     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit A-1, or in such other Plan of Allocation as the Court approves.

6.2     The Plan of Allocation set forth in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be

- 23 -

approved.  The Plan of Allocation shall be prepared and proposed (subject to judicial approval) solely by Plaintiffs' Lead Counsel.  Defendants will have no involvement in or responsibility for preparing the Plan of Allocation and will take no position with respect to the proposed Plan of Allocation or such Plan of Allocation as may be approved by the Court.  The Plan of Allocation, and any changes thereto, is a matter separate and apart from the Settlement between the Parties, and any decision by the Court concerning the Plan of Allocation, or any changes thereto, and any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify or cancel, or affect the enforceability of this Stipulation, or affect or delay the validity or finality of the Judgment approving the Settlement.

6.3     Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim compared to the total Recognized Claims of all accepted claimants.  Defendants will have no involvement in or responsibility for reviewing or challenging claims and shall have no responsibility or liability for determining the allocation of any payments to any Settlement Class Members or for any other matters pertaining to the Plan of Allocation.

**7.     Administration of the Settlement**

7.1     Within not less than ninety (90) calendar days after such time as set by the Court to mail notice to the Settlement Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form attached hereto as Exhibit A-2 and as approved by the Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

7.2     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and

the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Defendants' Parties concerning the Released Claims. Notwithstanding the foregoing, Plaintiffs' Lead Counsel have the discretion (but not the obligation) to accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. No Person shall have any claim against any Plaintiffs, any Plaintiffs' Counsel or the Claims Administrator by reason of the exercise or non-exercise of such discretion.

7.3     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to ¶ 7.5 below.

7.4     Proofs of Claim that do not meet the submission requirements may be rejected. Before rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Plaintiffs' Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such deficiency notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶ 7.5 below.

7.5     If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the deficiency notice required in ¶ 7.4 above, serve upon the Claims

Administrator a written statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Lead Counsel shall thereafter present the claimant's request for review to the Court.

7.6 Without regard to whether a Proof of Claim is submitted or allowed, each claimant who declines to be excluded from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement, and Defendants shall have no obligation to provide discovery.

7.7 No Person shall have any claim against any of the Released Defendants' Parties (including any Defendants' Counsel), any Released Plaintiffs' Party (including any Plaintiffs' Counsel), or the Claims Administrator, based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

7.8 The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Plaintiffs' Lead Counsel shall request the Claims Administrator, if economically feasible, to reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions will be repeated until the balance remaining in the Net Settlement

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 29 of 113

Fund is no longer economically reasonable, in Plaintiffs' Lead Counsel's discretion, to distribute to Settlement Class Members.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to the Legal Aid Society of New York, or to such other § 501(c)(3) non-profit organization as may be deemed appropriate by the Court.

7.9     Except for Sea's obligation to deposit the Settlement Amount into the Escrow Account, or cause it to be deposited, if applicable, Defendants shall have no liability, obligation, or responsibility for the administration of the Settlement, the payment or withholding of any Taxes, any allocation or payment to any Plaintiffs' Counsel, of any fees, expenses, costs, or interest or any disbursement of the Settlement Fund.  Plaintiffs' Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Plaintiffs' Lead Counsel reasonably deem to be formal or technical defects in any Proof of Claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

7.10     All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.  The Settlement Class, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

7.11     The Net Settlement Fund shall be transferred by the Escrow Agent to the Claims Administrator, which shall thereafter distribute to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after: (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all

- 27 -

disputes (if any) with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom (if any) have been resolved or the time therefor has expired; and (iii) all matters with respect to the Fee and Expense Application have been resolved by the Court, all appeals therefrom have been resolved or the time therefore has expired.

### 8.    Terms of Order for Notice and Hearing

8.1    Promptly after this Stipulation has been fully executed, Plaintiffs shall submit the Stipulation together with its Exhibits to the Court and shall request (by motion or otherwise) that the Court enter the Notice Order, substantially in the form of Exhibit A attached hereto, which requests, *inter alia*: (i) the preliminary approval of the Settlement as set forth in this Stipulation; (ii) the setting of deadlines for the mailing of the Notice and dissemination of the Summary Notice; (iii) the setting of deadlines for Settlement Class Members to submit Proofs of Claim, requests for exclusion from the Settlement Class ("opt-out" requests), or objections to the proposed Settlement, Plan of Allocation and/or the Fee and Expense Application ("Objections"); (iv) setting the date for the Fairness Hearing; (v) approval of Lead Counsel's recommended Claims Administrator; and (vi) approval of the form and content of the Notice, the Proof of Claim, and the Summary Notice, respectively, substantially in the forms of Exhibits A-1, A-2, and A-3 attached hereto.  Settling Defendants shall not oppose the motion.

8.2    Any Settlement Class Member who wishes to opt out of the Settlement must submit a timely written request for exclusion (including any required documentation) on or before the deadline for doing so set by the Court, in accordance with the Notice Order and the Notice (a "Request for Exclusion").  Requests for Exclusion on behalf of groups, including "mass" or "class" opt-outs, are not permitted.  Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion will be bound by all Court proceedings, orders, and judgments, whether or not he, she, or it timely submits a Proof of Claim.

8.3     Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Settlement or to any aspect of the Plan of Allocation or the Fee and Expense Application must do so in the manner specified and within the deadlines specified in the Notice Order and the Notice.

8.4     As part of the motion or application for entry of the Notice Order, Plaintiffs shall request that the Court hold the Fairness Hearing, on a date to occur at least twenty one (21) calendar days after the deadline(s) referenced in ¶¶ 8.2 and 8.3 above for Settlement Class Members to submit any Requests for Exclusion or Objections.

8.5     Plaintiffs and Settling Defendants shall jointly request that the postmark deadline for objecting to and/or submitting Requests for Exclusion from this Settlement be set no later than sixty (60) calendar days after the date for the initial mailing of the Notice as set forth in the Notice Order.  The Claims Administrator shall promptly notify Lead Counsel and Settling Defendants' Counsel upon receipt of any Requests for Exclusion.

## 9.     Terms of Judgment; Dismissal of the Action

9.1     Following the issuance of Notice, Plaintiffs shall file with the Court a motion for final approval of the Settlement and entry of a Judgment, substantially in the form annexed hereto as Exhibit B.

## 10.     Effective Date of Settlement, Waiver or Termination

10.1     The Effective Date of this Settlement shall be the date when all of the following events shall have occurred:

(a)     the Court has entered the Notice Order in all material respects;

(b)     the full amount of the Settlement Amount has been deposited into the Escrow Account pursuant to § 3;

- 29 -

(c)     Plaintiffs have not exercised their option, if applicable, to terminate this Settlement pursuant to ¶ 3.2;

(d)     Sea has not exercised its option to terminate this Settlement pursuant to ¶ 10.3 and the Supplemental Agreement, and the option to do so has expired in accordance with the terms of this Stipulation and the Supplemental Agreement; and

(e)     entry by the Court of the Judgment following issuance of Notice to the Settlement Class that approves the Settlement, and such Judgment has become Final.

10.2     Plaintiffs and Sea, through their respective counsel, shall, in each of their respective discretions, but in all events subject to ¶ 10.4 herein, have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final non-appealable refusal to enter the Notice Order in any material respect; (ii) the Court's Final non-appealable refusal to approve this Stipulation or any material part of it; (iii) the Court's Final non-appealable refusal to enter the Judgment in any material respect; (iv) the date on which the Judgment is modified or reversed by any higher court in any material respect; or (v) the failure of the Effective Date to occur for any reason.

10.3     Sea shall have the option to terminate this Settlement if a particular confidential threshold is reached with respect to opt outs from this Settlement.  Plaintiffs and Sea have entered into a separate Supplemental Agreement (the "Supplemental Agreement") describing the procedure and threshold, which shall be binding as if set forth herein.  The Supplemental Agreement will not be filed with the Court unless required by Court rule or unless and until a dispute as between Plaintiffs and Sea concerning its interpretation or application arises.  If submission of the Supplemental Agreement is ordered by the Court, the parties to the Supplemental Agreement will seek to have it submitted to the Court *in camera* or filed under seal, but such

disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the confidential threshold.

10.4    Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith, the Judgment is vacated, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective statuses and positions in the Action as of the date of this Stipulation, and the fact and terms of the Settlement shall not be admissible in any trial of the Action, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by or on behalf of Defendants, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' fee and expense award referred to in ¶ 5.1 hereof), less any actual and reasonable costs of class notice and administration incurred and any Taxes paid or due, shall be returned as soon as possible, and in any event within fifteen (15) business days after the date of the event causing such termination, to the party, insurer, or other entity that contributed the funds.

**11.    No Admissions; Inadmissibility of Stipulation Except for Certain Purposes**

11.1    Defendants have denied and continue to deny that they have made or committed any act, statement, or omission giving rise to any liability and/or violation of law, and Settling Defendants state that they are entering into this Settlement solely to eliminate the burden and expense of further litigation.  Accordingly, the Parties agree that this Stipulation, whether or not consummated, including any and all of its terms, provisions, exhibits, and prior drafts, and any negotiations or proceedings related or taken pursuant to it (including any arguments proffered in connection therewith):

Case 1:25-cv-08612-LAK   Document 46-1   Filed 01/05/26   Page 34 of 113

(a)      Shall not be offered, received or construed against any Defendant as evidence of, or evidence supporting a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, the deficiency of any defense that has been or could have been asserted, or the validity or infirmity of any claim that was or could have been asserted in the Action, or in any way referred to for any other reason as against any Defendant, in any arbitration proceeding or any civil, criminal, or administrative action or proceeding, other than for the purposes of effectuating the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court and becomes effective pursuant to its terms, a Defendant may refer to it to effectuate the liability protection granted them hereunder, and nothing in this Settlement shall restrict the ability of any Released Defendants' Parties or Released Plaintiffs' Parties to advocate in favor or against the applicability of any offset to any claims asserted in any other action based on any amount paid herein;

(b)      Shall not be construed as evidence of, or evidence supporting any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation or proceeding;

(c)      Shall not be construed as evidence of, or evidence supporting, a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class; and

(d)      Shall not be construed as evidence of, or evidence supporting, a presumption, concession, or admission that the consideration to be given hereunder represents the

- 32 -

amount which could be or would have been recovered after trial or in any proceedings other than this Settlement.

11.2    Plaintiffs assert and continue to assert that they had a good faith basis to bring the claims they brought in the Action.  Accordingly, the Parties agree that this Stipulation, whether or not consummated, including any and all of its terms, provisions, exhibits and prior drafts, and any negotiations or proceedings related or taken pursuant to it shall not be offered or received against any Plaintiff as evidence of, or evidence supporting, any presumption, concession, or admission against any Plaintiff or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by any Defendant have any merit, or that damages recoverable under any Complaint filed in the Action would not have exceeded the Settlement Fund.

11.3    Notwithstanding the foregoing, Defendants, Plaintiffs, Settlement Class Members, and/or the Released Defendants' Parties and Released Plaintiffs' Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, injunction, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or brought to enforce the Settlement or this Stipulation.

**12.    Miscellaneous Provisions**

12.1    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

12.2    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by any Plaintiff and/or Settlement Class Member against the Released Defendants' Parties with respect to the Released Claims.  Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by

- 33 -

Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. The Parties further agree not to assert in any forum that any party violated 22 N.Y.C.R.R. § 130-1 or any similar law or statute relating to the prosecution, defense, or settlement of the Action. The Parties agree that the Settlement Amount, and the other terms of the Settlement, were negotiated at arm's length in good faith by the Parties. The Parties further agree that the Settlement was reached voluntarily and only after negotiations conducted under the auspices of a highly experienced mediator during which all participating Parties were represented by experienced legal counsel.

12.3    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their respective successors-in-interest.

12.4    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.5    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall also retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Allocation, and the enforcement of the terms of this Stipulation, including exclusive jurisdiction to enforce the injunctions set forth herein.

12.6    This Stipulation shall not constitute a consent to service or to the jurisdiction of this Court or any other court for any purpose, including any other matter concerning the Released Claims, and shall not be construed as such, other than for the sole and limited purpose of the Settlement and the enforcement of its terms.

12.7    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

12.8    This Stipulation and its exhibits, and the Supplemental Agreement, constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no

- 34 -

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 37 of 113

representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation and its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

12.9    This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and legal representatives of the Parties hereto.  No assignment shall relieve any Party hereto of obligations hereunder.

12.10    Plaintiffs and Lead Counsel represent and warrant that none of the Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered, conveyed, given, granted, or in any manner transferred in whole or in part.

12.11    The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York, without regard to conflicts of laws, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

12.12    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

12.13    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

12.14   Plaintiffs, Defendants, and their counsel shall not make any applications for sanctions, pursuant to 22 N.Y.C.C.R. § 130-1 or any other applicable rule, code, or statute, with respect to any claims or defenses in the Action.

12.15   The Parties shall use their best efforts and take all necessary steps to consummate the Settlement contemplated herein, and the Parties and their respective counsel agree to cooperate reasonably with one another in seeking judicial approval of the Notice Order, the Stipulation and the Settlement, and the Judgment, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final judicial approval of the Settlement.

12.16   The Released Defendants' Parties (apart from Sea, the Puglisi Defendants, and the Underwriter Defendants) are intended third-party beneficiaries of this Stipulation. The Parties to this Stipulation intend for those third-party beneficiaries to be able to enforce the terms of this Stipulation as if they were parties to this Stipulation.

12.17   Pending approval of the Court of this Stipulation, all Parties shall cooperate in seeking a stay or postponement of (or the equivalent of a stay or postponement of) all non-settlement related proceedings in the Action.

12.18   Upon the Judgment becoming Final, Sea will withdraw its motion, pending in the Appellate Division, First Judicial Department, for reargument or leave to appeal to the Court of Appeals.

12.19   Nothing in this Stipulation, or the negotiations related thereto, is intended to be, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, common-interest privilege, joint-defense privilege, or work-product protection.

12.20   This Stipulation may be executed in one or more counterparts, and facsimile or scanned signatures shall have the same force and effect as original signatures, and the exchange of

Case 1:25-cv-08612-LAK   Document 46-1   Filed 01/05/26   Page 39 of 113

fully executed copies of this Stipulation may similarly be effectuated by PDF/email to the email addresses shown below for the Parties' respective counsel. All executed counterparts and each of them shall be deemed to be part of one and the same instrument.

12.21 IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of February 28, 2025.

ROBBINS GELLER RUDMAN & DOWD LLP

By: _____
Samuel H. Rudman
Joseph Russello
Christopher T. Gilroy
58 South Service Road, Suite 200
Melville, NY 11747
Tel: (631) 367-7100
srudman@rgrdlaw.com
jrussello@rgrdlaw.com
cgilroy@rgrdlaw.com

*Counsel for Plaintiff City of Taylor Police and Fire
Retirement System and Co-Lead Counsel for Plaintiffs*

ABRAHAM, FRUCHTER & TWERSKY, LLP

By: _____
Mitchell M.Z. Twersky
Jack G. Fruchter
Lawrence D. Levit
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
mtwersky@aftlaw.com
jfruchter@aftlaw.com
llevit@aftlaw.com

*Counsel for Plaintiff General Retirement System of the
City of Detroit and Co-Lead Counsel for Plaintiffs*

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
Thomas C. Michaud
Michael VanOverbeke

79 Alfred Street
Detroit, MI 48201
Tel: (313) 578-1200
tmichaud@vmtlaw.com
mvanoverbeke@vmtlaw.com

*Additional Counsel for Plaintiffs*

**ALLEN OVERY SHEARMAN STERLING US LLP**

By: _____
Adam S. Hakki
Daniel C. Lewis
Joshua T. Ebersole
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-4000
adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
joshua.ebersole@aoshearman.com

*Attorneys for Defendants Sea Limited, Donald J. Puglisi,
and Puglisi & Associates*

**PAUL HASTINGS LLP**

By: _____
Barry G. Sher
Jennifer L. Conn
Zachary S. Zwillinger
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
barrysher@paulhastings.com
jenniferconn@paulhastings.com
zacharyzwillinger@paulhastings.com

*Attorneys for Defendants Goldman Sachs (Asia) LLC,
J.P. Morgan Securities LLC, and BofA Securities, Inc.*

# EXHIBIT A

## (to February 28, 2025 Stipulation of Settlement)

### [Proposed] Preliminary Approval Order/Notice Order

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

| | |
|---|---|
| In re SEA LIMITED SECURITIES LITIGATION | : Index No. 151344/2022 |
| | : The Honorable Andrew Borrok |
| | : |
| | : Part 53 |
| This Document Relates To: | : |
| | : **CLASS ACTION** |
| ALL ACTIONS. | : |
| | : [PROPOSED] ORDER GRANTING |
| | : PLAINTIFFS' UNOPPOSED MOTION FOR |
| | PRELIMINARY APPROVAL OF CLASS |
| | ACTION SETTLEMENT, |
| | FOR ISSUANCE OF NOTICE TO THE |
| | SETTLEMENT CLASS, AND FOR |
| | SCHEDULING OF FAIRNESS HEARING |

EXHIBIT A

WHEREAS, (a) plaintiffs City of Taylor Police and Fire Retirement System and General Retirement System of the City of Detroit (together, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); (b) Defendant Sea Limited ("Sea"); (c) Defendants Donald J. Puglisi, Puglisi & Associates (together, the "Puglisi Defendants"); (d) Forrest Xiaodong Li, Tony Tianyu Hou, Khoon Hua Kuok, David Heng Chen Seng, Yuxin Ren, and Gang Ye (the "Individual Defendants"); and (e) the underwriters of Sea's September 14, 2021 offerings ("Offerings") of American Depositary Shares ("ADSs") and 0.25% convertible senior notes due 2026 ("Notes"), specifically, Goldman Sachs (Asia) L.L.C., J.P. Morgan Securities LLC, and BofA Securities, Inc. (together, the "Underwriter Defendants" and, with Sea, the Puglisi Defendants, and the Individual Defendants, the "Settling Defendants," and, together with Plaintiffs, the "Parties"), have entered into the Stipulation of Settlement, dated February 28, 2025 (the "Stipulation" or "Settlement")[1], which is subject to review under Article 9 of the New York Civil Practice Law and Rules ("CPLR") and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the claims alleged in the above-captioned class action (the "Action"); and the Court having read and considered the Stipulation, the exhibits thereto, and the related submissions, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      Pursuant to §§ 901 and 902 of the CPLR and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of a Settlement Class consisting of all persons or entities who purchased or otherwise acquired (a) the ADSs, pursuant and/or traceable to the Offering Materials or (b) the Notes, pursuant and/or traceable to the

---

[1]      Capitalized terms used herein have the meanings set forth in the Stipulation.

Offering Materials. For purposes of the releases set forth herein, "Settlement Class" and "Settlement Class Members" shall include any Person purporting to assert a claim on behalf of any Settlement Class Member, or any Person asserting a claim based on a purchase or acquisition of the ADSs or Notes made by any Settlement Class Member. Excluded from the Settlement Class are Defendants, the officers and directors of Sea, Puglisi Defendants, the Underwriter Defendants, and Tencent Holdings Limited ("Tencent") (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are those Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

2. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for class certification under CPLR 901 have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. In so finding, the Court has considered each of the following additional factors under CPLR 902 and finds that they also support class certification, namely:

    a. the (lack of) interest of members of the class in individually controlling the prosecution of separate actions;

    b. the impracticability and inefficiency of prosecuting or defending separate actions;

- 2 -

c.  the extent and nature of any litigation concerning the controversy already commenced by or against members of the class, including the benefits flowing to the class and the broader interests of judicial efficiency in resolving this Action in accordance with the terms of the Stipulation;

d.  the desirability of concentrating the litigation of the claim in the particular forum, including the benefits flowing to the class and the broader interests of judicial efficiency in resolving this Action in accordance with the terms of the Stipulation; and

e.  the (lack of) difficulty likely to be encountered in the management of a class action, given, among other things, that the proposed class is being certified in the context of a settlement (such that, if the Settlement is approved, there will be no litigation to manage).

4.    Pursuant to Article 9 of the CPLR, preliminarily and for purposes of the Settlement only, Plaintiffs are certified as the class representatives ("Class Representatives") of the Settlement Class and Plaintiffs' Lead Counsel are appointed as Class Counsel for the Settlement Class.

5.    The Court preliminarily finds that: (a) the Settlement resulted from good faith, arm's-length negotiations conducted with the assistance of an independent mediator, David M. Murphy, Esq., who has extensive experience in mediating class action litigations of this type; and (b) the terms of the proposed Settlement are sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class Members and the scheduling of a final Fairness Hearing to be held following the issuance of such notice pursuant to CPLR 904.

6.    The Court therefore preliminarily approves the Settlement, subject to further consideration at the Fairness Hearing.

7.    The Court hereby schedules the Fairness Hearing, to be held before the Court, on _____ 2025, at __:___ _.m. for the following purposes:

(a)  to determine finally whether the requirements for class action treatment under Article 9 of the CPLR are satisfied;

(b)  to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

- 3 -

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 46 of 113

(c) to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and whether the Released Plaintiffs' Parties shall release the Released Claims and whether the Released Defendants' Parties shall release the Released Defendants' Claims, as set forth in the Stipulation, should be ordered;

(d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund should be approved by the Court as fair, reasonable, and adequate;

(e) to consider Plaintiffs' Lead Counsel's Fee and Expense Application for an award of attorneys' fees and expenses (and any requested awards to Plaintiffs);

(f) to consider any properly submitted objections or requests to "opt out" received by the Court; and

(g) to rule upon such other matters as the Court may deem appropriate.

8. The Court reserves the right to modify this Order to provide that the Fairness Hearing be held remotely, including by dial-in conference call or video-conferencing means. Should the Court enter such a modification, Lead Counsel are hereby ordered to cause the Claims Administrator to promptly provide prominent notice of such modification (including relevant details and instructions as to how Settlement Class Members may dial in or log in and, to the extent applicable, to be heard at the Fairness Hearing) on a website to be established by the Claims Administrator in this matter for the purposes of facilitating the dissemination of the Notice and other information about this Action (the "Settlement Website").

9. The Court also reserves the right to adjourn the Fairness Hearing to a later date or time without further notice to the Settlement Class Members other than entry of an Order on the Court's docket (provided that the time or the date of the final Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 7 above). In such event, however, Lead Counsel are directed to instruct the Claims Administrator to post notice of any such adjournment on the Settlement Website.

- 4 -

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 47 of 113

10.     Following the Fairness Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Parties may agree, without further notice, and to enter its Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, and regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses and Plaintiffs' request for payment for their representation of the Settlement Class.

11.     The Court approves the form, substance, and requirements of: (a) the Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"); (b) the Summary Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for Attorneys' Fees and Litigation Expenses; and (c) the Proof of Claim and Release (the "Proof of Claim"), all of which are exhibits to the Stipulation.

12.     The Court finds that Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and to act on behalf of the Settlement Class as to all acts or consents that are required by or may be given pursuant to the Stipulation, or that are reasonably necessary to consummate the Settlement.

13.     For settlement purposes only, Verita Global is appointed as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

14.     In full and final settlement of the claims asserted in the Action and in consideration of the releases specified in the Stipulation, Sea shall deposit or cause to be deposited the Settlement Amount in accordance with instructions to be provided by the Escrow Agent on or before thirty (30) calendar days after the later to occur of: (i) entry of this Order; and (ii) the Escrow Agent providing to Defendants' Counsel all information necessary to effectuate a transfer of funds to the Escrow Account, including without limitation, (a) wire transfer instructions (including bank name

and ABA routing number, address, account name and number), (b) payment address, and (c) a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number. Within three (3) days from the filing of this Stipulation with the Court, Lead Counsel shall send Sea's Counsel an encrypted e-mail containing complete particulars for payment by wire transfer and a W-9. If the entire Settlement Amount is not timely paid into the Escrow Account in accordance with the above, Lead Counsel may terminate the Settlement, but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within ten (10) calendar days after Lead Counsel has provided such written notice.

15.     The Claims Administrator shall cause the Notice and Proof of Claim (the "Claims Package"), substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, by the twenty-first (21st) calendar day after entry of this Order, to all Settlement Class Members who can be identified with reasonable effort, including nominees or custodians who purchased or acquired ADSs or Notes as record owners but not as beneficial owners. In accordance with ¶ 4.3 of the Stipulation, to the extent it has not already done so, Sea shall use reasonable efforts to provide to the Claims Administrator the last known names and addresses of all Persons who, based on the records of Sea, the depositary bank, or others, are likely members of the Settlement Class, for the purpose of assisting the Claims Administrator in identifying and giving notice to the Settlement Class. Sea shall use reasonable efforts to provide this information in a format requested by the Claims Administrator. For all Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses. Nominees or custodians receiving the Notice are directed, within ten (10) calendar days of receipt of the Notice and Proof of Claim, to either (a) forward copies of the Notice and Proof of Claim to their beneficial owners or (b) provide the Claims Administrator with lists of the names, last known addresses and email

- 6 -

addresses (to the extent known) of such beneficial owners, in which case the Claims Administrator is directed to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Claims Package mailed by the nominees, plus postage at the rate used by the Claims Administrator; or $0.03 per Claims Package sent by email. Such properly documented expenses actually incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

16. Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim to be posted on the Settlement Website to be established by the Claims Administrator by the twenty-first (21st) calendar day after entry of this Order.

17. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *PRNewswire* and in print once in *Investor's Business Daily* within twenty (20) business days of entry of this Order. Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing, serve upon counsel for the Settling Defendants and file with the Court proof of publication of the Summary Notice.

18.     Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing, serve upon counsel for the Settling Defendants, and file with the Court, proof of the mailing of the Claims Package, publication of the Summary Notice, and posting of the required documents on the Settlement website, as required by this Order.

19.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Article 9 of the CPLR, and all other applicable laws and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled thereto, and are reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise the Settlement Class Members of their right to object to the proposed Settlement and to exclude themselves from the Settlement Class.  No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

20.     All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement, shall be paid as set forth in the Stipulation. If the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs, Plaintiffs' Counsel, nor the Claims Administrator shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, except as provided in the Stipulation.  Class Counsel or their representatives are authorized and directed to prepare any Tax Returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

- 8 -

21.    To be eligible to participate in any recovery from the Net Settlement Fund, if the Settlement becomes effective, each Settlement Class Member must take the following actions and be subject to the following conditions:

(a)    Within ninety (90) calendar days after the deadline set by the Court for the Claims Administrator to mail the Notice to the Settlement Class (*see* ¶ 15), each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit 2 attached hereto, signed under penalty of perjury and accompanied by adequate supporting documentation for the transactions reported therein as specified in the Proof of Claim, or by such other supporting documentation as is deemed adequate by the Claims Administrator;

(b)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will, in all other respects, be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment, and will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against the Released Defendants' Parties. Notwithstanding the foregoing, Class Counsel may, in its discretion (a) accept for processing late submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed; and (b) waive what Class Counsel deems to be *de minimis* or technical defects in any Proof of Claim submitted. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or Settlement, and Defendants shall have no obligation to provide discovery. No Person shall have

any claim against any Plaintiff, Plaintiffs' Counsel, or the Claims Administrator by reason of any exercise of discretion with respect to such late-submitted or technically deficient claims.

(c)    Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(d)    Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded twenty (20) calendar days from the date of the deficiency letter or rejection letter to cure such deficiency if it shall appear that such deficiency may be cured.  If any claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the claimant must, within twenty (20) calendar days from the date of mailing of the notice of such rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(e)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.

22.    Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund but will in all other respects be subject to and bound by the terms of the Stipulation and the Judgment, if entered and the Settlement becomes effective, and will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against the Released Defendants' Parties.

23.    Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons timely and validly request exclusion from the Settlement Class, as hereinafter provided.  A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is postmarked no later than sixty (60) calendar days after the deadline set by the Court for the Claims Administrator to mail the Notice to the Settlement Class (the "Exclusion Deadline"), to the address for the Claims Administrator listed in the Notice. To be valid, an exclusion request must clearly (a) state the name, address, phone number and any e-mail contact information of the Person seeking exclusion, (b) state that the sender "requests to be excluded from the Settlement Class in *In re Sea Limited Securities Litig.*, Index No. 151344/2022," and (c) state (i) the date, price, and number of ADSs and/or Notes purchased or acquired pursuant to the Offering Materials; (ii) the number of ADSs they held as of September 9, 2021; and (iii) if they sold or disposed of any ADSs and/or Notes, the dates of those sales or dispositions, the number of ADSs and/or Notes sold or disposed of and the price received for each sale and disposition.  To be valid, exclusion requests must be submitted with documentary proof of (i) each purchase or acquisition and each sale or disposition of ADSs or Notes, providing the date of each transaction and the price paid or received; and (ii) the Person's status as a beneficial

- 11 -

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 54 of 113

owner of the ADSs or Notes at issue. Any such request for exclusion must be signed and submitted by the beneficial owner. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or is otherwise accepted by the Court. The supporting documentation shall be in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel. Group opt-outs, including "mass" or "class" opt-outs, are not permitted. The Claims Administrator and/or Class Counsel may contact any Person filing a request for exclusion, or their attorney, to discuss the exclusion and may seek information as to the transactions at issue from the Person requesting exclusion.

24. The Claims Administrator shall provide copies of all requests for exclusion and materials submitted therewith (including untimely requests and revocations of requests) to Sea's Counsel and to Class Counsel as soon as possible and no later than the Exclusion Deadline or on receipt (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

25. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator, Class Counsel, Sea's Counsel, or the Court a written revocation of that request for exclusion, provided that it is received no later than five (5) business days before the Fairness Hearing, in which event that Person will be included in the Settlement Class. All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

26. The Court will consider objections to the Settlement, the Plan of Allocation, award to representative Plaintiffs, and the Fee and Expense Application, provided, however, that, absent further order of the Court, no Settlement Class Member or other Person shall be heard or entitled

- 12 -

to contest the approval of the terms and conditions of the proposed Settlement or Plan of Allocation or, if approved, the Judgment, or any other order relating thereto, unless that Person has filed their objection(s) (and any supporting papers and briefs) with the Clerk of the Court, New York Supreme Court, New York County, 60 Centre Street, New York, NY 10007, *and* served copies of such materials no later than _____ ___, 2025, which is sixty (60) calendar days after the deadline set by the Court for the Claims Administrator to mail the Notice to the Settlement Class, to each of the following:

| | |
|---|---|
| Joseph Russello<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Email: settlementinfo@rgrdlaw.com | Joshua T. Ebersole<br>ALLEN OVERY<br>SHEARMAN STERLING US LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>Email: joshua.ebersole@aoshearman.com |

To be valid, an objection must set forth the Settlement Class Member's: (1) name, address, email address, and telephone number, (2) documents sufficient to prove membership in the Settlement Class, including a list of all purchases, acquisitions, sales, and dispositions of ADSs and/or Notes, showing the dates and prices thereof, (3) all grounds for the objection, including any legal and evidentiary support known to the Settlement Class Member and/or his, her, or its counsel, (4) the name, address, email address, and telephone number of the Settlement Class Member's counsel, if any, and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. The objection must be signed by the objector, even if the objection is filed by counsel for the objector. Attendance at the Fairness Hearing is not necessary but Persons wishing to be heard orally in opposition to approval of the Stipulation, Plan of Allocation, award to representative Plaintiffs, and/or Fee and Expense Application must state in

- 13 -

their written objection that they intend to appear at the Fairness Hearing, and must identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing.  If an objector hires an attorney to represent him, her, or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than _____ __, 2025.  Settlement Class Members need not appear at the Fairness Hearing or take any other action to show their approval.

27.      Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner prescribed above shall:  be deemed to have waived all such objections; be forever foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, any Judgment approving the Settlement, and any orders approving the Plan of Allocation, award to representative Plaintiffs, or the Fee and Expense Application; be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and be foreclosed from appealing from any judgment or order entered in this Action.

28.      All papers in support of the Settlement, Plan of Allocation, award to representative Plaintiffs, and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Fairness Hearing.

29.      Any submissions filed in response to any objections or in further support of the Settlement, Plan of Allocation, award to representative Plaintiffs, and/or Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Fairness Hearing.

30.      Defendants, their counsel, their insurers, and other Released Defendants' Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation, award to representative Plaintiffs, or the Fee and Expense Application (including any payments to the representative Plaintiffs) submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

- 14 -

31.     Pending final determination of whether the Settlement should be approved, Plaintiffs, Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, continuing, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Claims against any of the Released Defendants' Parties. Unless and until the Stipulation is cancelled and terminated pursuant to its terms, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

32.     All funds held by the Escrow Agent shall be deemed to be in the custody of, and subject to the jurisdiction of, the Court until such time as such funds are either distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

33.     Neither this Order, nor the Stipulation (including the Settlement contained therein) nor any act performed or document executed pursuant to or in furtherance of the Settlement:

(a)     Shall be offered, received or construed against any Defendant as evidence of, or evidence supporting a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, the deficiency of any defense that has been or could have been asserted, or the validity or infirmity of any claim that was or could have been asserted in the Action, or in any way referred to for any other reason as against any Defendant, in any arbitration proceeding or any civil, criminal, or administrative action or proceeding, other than for the purposes of effectuating the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court and becomes effective pursuant to its terms, a Defendant may refer to it to effectuate the liability protection granted them thereunder, and nothing in this Settlement shall restrict the ability of any Party hereto to advocate in favor or against the applicability of any offset to any claims asserted in any other action based on any amount paid herein;

(b)     Shall be construed as evidence of, or evidence supporting any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation or proceeding;

(c)     Shall be construed as evidence of, or evidence supporting, a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class; or

(d)     Shall be construed as evidence of, or evidence supporting, a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceedings other than this Settlement.

34.     If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any party to the Action, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties, the Released Defendants' Parties or the Released Plaintiffs' Parties, and each Plaintiff and Defendant shall be restored to his, her or its respective litigation positions as they existed immediately prior to the execution of the Stipulation.

35.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement and the Stipulation including, by way of illustration and not limitation, the enforcement thereof.  The Court may approve the Settlement,

- 16 -

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 59 of 113

with such modifications as may be agreed to by the Parties, if appropriate, without further notice

to the Settlement Class.

DATED: _____    _____

HON. ANDREW BORROK
SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY, COMMERCIAL DIVISION

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 60 of 113

# EXHIBIT A-1

**(to February 28, 2025 Stipulation of Settlement)**

**<u>Notice to Settlement Class Members</u>**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

|  |  |  |
|---|---|---|
| In re SEA LIMITED SECURITIES LITIGATION | : | Index No. 151344/2022 |
|  | : | The Honorable Andrew Borrok |
|  | : | Part 53 |
|  | : |  |
| This Document Relates To: | : | CLASS ACTION |
|  | : |  |
| ALL ACTIONS. | : | NOTICE OF (I) PENDENCY OF CLASS |
|  | : | ACTION AND PROPOSED SETTLEMENT; |
|  | : | (II) SETTLEMENT FAIRNESS HEARING; |
|  | : | AND (III) MOTION FOR ATTORNEYS' |
|  |  | FEES AND LITIGATION EXPENSES |

EXHIBIT A-1

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 62 of 113

If you purchased or otherwise acquired the American Depositary Shares ("ADSs") or 0.25% convertible senior notes due 2026 ("Notes") of Sea Limited ("Sea" or the "Company"), pursuant and/or traceable to the Offering Materials[1] issued in connection with Sea's contemporaneous offerings of ADSs and Notes, conducted on or about September 14, 2021 (the "Offerings"), you could receive a payment from a proposed class action settlement (the "Settlement").

***A New York state court authorized this Notice.  This is not attorney advertising.***

- The Settlement, subject to judicial approval, will resolve a putative securities class action captioned *In re Sea Limited Securities Litig.*, Index No. 151344/2022 (the "Action"), pending in the Supreme Court of the State of New York, County of New York, Commercial Division (the "Court").  The Action concerns whether Defendants (defined below) violated the federal securities laws by misrepresenting and/or omitting material facts in the Offering Materials issued in connection with the Offerings.

- Defendants deny all allegations of wrongdoing, fault, or liability asserted by Plaintiffs against them, or that Plaintiffs or any other members of the Settlement Class (defined below) (each, a "Settlement Class Member") have suffered damages or were harmed by the conduct alleged in the Action.  The Parties therefore disagree on whether investors are entitled to any recovery at all, and on the monetary amount of any potential award of damages if investors prevailed at trial.

- "Settling Defendants" refers to (a) Sea; (b) Donald J. Puglisi and Puglisi & Associates (collectively, the "Puglisi Defendants"); (c) current or former Sea officers and/or directors Forrest Xiaodong Li, Tony Tianyu Hou, Khoon Hua Kuok, David Heng Chen Seng, Yuxin Ren, and Gang Ye (collectively, the "Individual Defendants") and (d) Goldman Sachs (Asia) L.L.C., J.P. Morgan Securities LLC, and BofA Securities, Inc. (collectively, the "Underwriter Defendants").[2]

---

[1] Offering Materials means, collectively, all registration statements and prospectuses, whether preliminary, amended, or as effective, filed with, or declared effective by, the U.S. Securities and Exchange Commission (the "SEC") in connection with Sea's contemporaneous offerings of ADSs and Notes, conducted on or about September 14, 2021, including any "free-writing" prospectus materials (as defined by SEC regulations) issued or distributed by or on behalf of any Defendant in connection with Sea's contemporaneous offerings of ADSs and Notes, conducted on or about September 14, 2021.

[2] The Individual Defendants have not been served and reserve and do not waive any and all rights based on the fact that they have not been served in this Action, including, but not limited to, all rights to contest they are defendants in the Action and all defenses, including those based on lack of service of process, lack of personal jurisdiction, and statutes of limitation.

Sea, the Puglisi Defendants, and the Underwriter Defendants, at times herein, are collectively referred to as the "Served Settling Defendants."

QUESTIONS?  Please call 1-800-_____ or go to www.SeaOfferingsSettlement.com     Page 1

- "Defendants" refers to (a) the Settling Defendants; and (b) Tencent Holdings Limited ("Tencent").

- "Plaintiffs" refers to City of Taylor Police and Fire Retirement System ("City of Taylor") and General Retirement System of the City of Detroit ("City of Detroit").

- The Court will hold a Settlement Fairness Hearing on _____, 2025, at _____ to decide whether to approve the Settlement. The Settlement provides for Sea to pay or cause to be paid $40,000,000 (the "Settlement Amount"). The Net Settlement Fund (defined below) shall be used to pay the claims of investors who purchased or acquired ADSs or Notes pursuant and/or traceable to the Offerings and who submit timely and acceptable Proof of Claims.

- The Settlement represents an average recovery of $4.24 per ADS and $5.80 per Note for Settlement Class Members for the roughly 5.5 million ADSs and 2.875 million Notes estimated that Plaintiffs allege were damaged and declined in value as a result of Defendants' alleged misconduct. This estimate reflects only the average recovery per outstanding ADS or Note, as applicable. It is not an estimate of the actual recovery you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased, acquired, and sold ADSs or Notes, the purchase, acquisition, and sales prices, and the total number of claims filed. *See* Plan of Allocation on page __ below for more detail.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release form ("Proof of Claim" or "Claim Form") by _____, 2025.

- Plaintiffs' Counsel will submit a Fee and Expense Application – covering all attorneys' fees and expenses – asking the Court for an award of attorneys' fees of up to one-third of the Settlement Fund and payment of up to $200,000 in litigation expenses. Plaintiffs' Counsel have expended considerable time and effort litigating the claims at issue on a fully contingent-fee basis, and have advanced all litigation expenses, in the expectation that if they succeeded in obtaining a recovery for the Settlement Class they would be paid from such recovery. The Fee and Expense Application may also include a request for up to an aggregate total of $10,000 in awards to Plaintiffs for their service to the Settlement Class. Collectively, the attorneys' fees, reimbursement of expenses and award to Plaintiffs are estimated to average approximately $1.44 per ADS and $1.96 per Note. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The Court has not yet approved the Settlement. Payments on valid claims will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

- Your legal rights are affected whether or not you act. Please read this Notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to get a payment is to submit a Proof of Claim. Proofs of Claim must be postmarked or submitted online by ____, 2025. *See* response to question 11 below. |
| **EXCLUDE YOURSELF** | You will receive no payment if you exclude yourself from the Settlement. However, this is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Related Parties regarding the legal claims in this case. Requests for exclusion must be postmarked by ____, 2025. *See* response to question 14 below. |
| **OBJECT** | You may write to the Court to object to the Settlement, the Plan of Allocation, the request for attorneys' fees, costs, and expenses, and/or any request for an award to Plaintiffs. In doing so, you may express your reasons for objecting. You will still be a member of the Settlement Class even if you file an objection. Objections must be postmarked by ____, 2025. *See* response to question 19 below. |
| **GO TO THE HEARING** | You may ask to speak in court during the Fairness Hearing. Requests to speak must be postmarked by ____, 2025. *See* responses to questions 21-23 below. |
| **DO NOTHING** | If you do nothing, you will not receive any payment and you will not be able to ever be part of any other lawsuit regarding the legal claims in this case against the Defendants or any other Related Parties. |

## INQUIRIES

*Please do not contact the Court about this Notice.* All inquiries about this Notice, the Proof of Claim, or other questions by Settlement Class Members should be directed to the Court-appointed Claims Administrator – Verita Global – or to one of the below-listed Plaintiffs' Counsel:

| | | |
|---|---|---|
| *In re Sea Limited Securities Litigation*<br>Verita Global<br>P.O. Box_____<br>Tel: _____ | Joseph Russello, Esq.<br>ROBBINS GELLER<br>RUDMAN & DOWD LLP<br>58 South Service Road,<br>Suite 200<br>Melville, NY 11747<br>Tel: (800) 449-4900<br>settlementinfo<br>@rgrdlaw.com | Lawrence D. Levit, Esq.<br>ABRAHAM, FRUCHTER &<br>TWERSKY, LLP<br>450 Seventh Avenue,<br>38th Floor<br>New York, NY 10123<br>Tel: (212) 279-5050<br>llevit@aftlaw.com |

## BASIC INFORMATION

1. **Why did I get this Notice?**

QUESTIONS? Please call 1-800-_____ or go to www.SeaOfferingsSettlement.com     Page 3

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 65 of 113

You or someone in your family may have purchased or otherwise acquired Sea ADSs or Notes pursuant and/or traceable to the September 2021 Offerings. Receipt of this Notice does not mean that you are a member of the Settlement Class or that you will be entitled to receive a payment. The Parties do not have access to your individual investment information. If you wish to be able to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.

---

**2. What is this Action about?**

The proposed Settlement will resolve all claims asserted in the Action (*see* page 1 of this Notice), which was brought on behalf of investors who purchased or otherwise acquired the ADSs and/or Notes pursuant and/or traceable to the Offerings. In general, the Action alleges that Defendants violated the federal securities laws because the Offering Materials allegedly misrepresented and/or omitted (i) intra-quarter user performance metrics for Sea's digital entertainment business, and (ii) the risk or uncertainty that India might ban *Free Fire*, one of Sea's mobile games.

Defendants deny all of Plaintiffs' allegations. Without limiting the generality of the foregoing in any way, Defendants have denied and continue to deny, among other things, that any misstatements or materially misleading omissions were made or that Plaintiffs or the Settlement Class have suffered any damages. Defendants do not admit any liability or wrongdoing in connection with the allegations set forth in the Action, or any facts related thereto.

***The Court has not ruled that Defendants are liable to Plaintiffs or to the Settlement Class. This Notice is not intended to be an expression of any opinion by the Court with respect to the truth of the allegations in this Action or the merits of the claims or defenses asserted. This Notice is solely to advise you of the proposed Settlement of this Action and your rights in connection with that Settlement.***

---

**3. What has happened so far in the Action?**

After filing a complaint with allegations regarding intra-quarter user performance metrics for Sea's digital entertainment business on February 11, 2022 on behalf of purchasers of ADSs pursuant or traceable to the Offering Materials, the City of Taylor filed an amended complaint on May 16, 2022 to include allegations directed to India's ban of *Free Fire* (which occurred in February 2022). On June 17, 2022, the City of Detroit filed a similar action on behalf of purchasers of Notes pursuant and/or traceable to the Offering Materials. The Court consolidated the cases on August 3, 2022, and Plaintiffs filed a consolidated amended complaint on August 9, 2022 that included allegations from both cases. Plaintiffs allege that Defendants violated Sections 11, 12(a)(2), and 15 of the Securities Act of 1933.

Briefing of the Served Settling Defendants' motion to dismiss took place between July 15, 2022 and October 13, 2022, argument took place on May 12, 2023, and the Court granted the motion on May 16, 2023. On June 15, 2023, Plaintiffs filed a motion for leave to reargue and renew the motion to dismiss. Briefing concluded on July 18, 2023, and the Court denied the motion on July 20, 2023.

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 66 of 113

Also on June 15, 2023, Plaintiffs filed a notice of appeal of the Court's dismissal of claims, but only perfected the appeal as it related to the Offering Materials' alleged misrepresentations or omission of the risk or uncertainty that India might ban *Free Fire* (the "Remaining Claim"). Briefing on the appeal took place between December 15, 2023 and March 29, 2024, and argument took place on May 7, 2024. On May 28, 2024, the appellate court issued a decision reversing dismissal of the Action with respect to the Remaining Claim. Between June 27, 2024 and July 12, 2024, briefing took place on the Served Settling Defendants' motion to the appellate court for reargument or, alternatively, leave to the Court of Appeals.

In the meantime, Plaintiffs received notice that service of process was effected on Tencent in China under the Hague Convention. On August 9, 2024, Tencent filed a motion to dismiss on various grounds (including that the Court lacks personal jurisdiction over it), and, on September 16, 2024, the Court set a schedule for briefing that motion and the timing and conduct of discovery, generally. The Parties had also started to discuss mediation in an attempt to resolve the litigation, and in contemplation of mediation, the Plaintiffs and the Served Settling Defendants then jointly requested the appellate court to postpone any ruling on the motion for reargument or leave to the Court of Appeals.

On October 15, 2024, Plaintiffs and Sea participated in an all-day mediation session with David M. Murphy, Esq., an experienced mediator with Phillips ADR Enterprises, that did not result in the resolution of this Action. With the assistance of the mediator, however, they later reached an agreement-in-principle to resolve this Action. *See* Response to Question 5 below ("Why is there a settlement?"). Plaintiffs notified the Court of the proposed Settlement on November 13, 2024. At that time, Tencent's motion to dismiss was pending. On February 3, 2025, Plaintiffs filed their opposition to Tencent's motion to dismiss. Plaintiffs and the Served Settling Defendants have requested that the appellate court abstain from ruling on the motion for reargument or leave to appeal pending the final outcome of the mediation.

### 4. Why is this a class action?

In a class action, one or more persons called "plaintiffs" sue on behalf of all persons and/or entities who have similar claims. All of the persons and/or entities with similar claims are referred to as a "class." One court resolves the issues for all class members, except for those who exclude themselves from the class.

### 5. Why is there a settlement?

The Court has not decided the Remaining Claim at issue in favor of Plaintiffs or Defendants. Instead, after negotiations conducted with the assistance of a neutral, highly respected, and experienced mediator of complex class actions, the Plaintiffs and the Settling Defendants agreed to a negotiated settlement based on the mediator's proposed terms. The Settlement allows both sides to avoid the risks and cost of further lengthy and complex litigation, while allowing recovery for the Settlement Class now in exchange for a release of all "Released Claims" against any of the "Released Defendants' Parties" (defined in the response to question 13 below).

After taking into account the uncertainties, risks and likely costs and expenses of further litigation, Plaintiffs and their counsel believe that the Settlement is fair, reasonable, and in the best

Case 1:25-cv-08612-LAK Document 46-1 Filed 01/05/26 Page 67 of 113

interests of the Settlement Class Members. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Settlement Class will receive a certain and immediate monetary recovery. Additionally, Plaintiffs' Counsel believe that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay and uncertainty of continued litigation, are a very favorable result for the Settlement Class.

The Settling Defendants have denied and continue to deny all the claims asserted in the Action, but recognize that further litigation could prove lengthy and expensive, and therefore also agreed to settle and finally resolve this Action on the terms set forth in the Stipulation of Settlement (the "Stipulation").

## WHO IS INCLUDED IN THE SETTLEMENT?

### 6. How do I know if I am included in or affected by the Settlement?

The "Settlement Class" includes all persons or entities ("Settlement Class Members"), except those who are excluded as described below, who purchased or otherwise acquired: (a) Sea ADSs pursuant and/or traceable to the Offering Materials; or (b) Sea Notes, pursuant and/or traceable to the Offering Materials.

### 7. Are there exceptions to being included?

Yes. Excluded from the Settlement Class are Defendants, the officers and directors of Sea, the Puglisi Defendants, the Underwriter Defendants, and Tencent (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has a controlling interest, *provided, however*, that any Investment Vehicle, as defined in the Stipulation, shall not be excluded from the Settlement Class. Also excluded will be any person or entity that timely and validly requests exclusion from the Settlement Class as set forth in the response to question 14 below.

### 8. What if I am still not sure if l am included?

If you are still not sure if you are included, you can ask for free help. You can contact the Claims Administrator by calling ( )__-___, or by writing to it at the address listed on page __ above.

## WHAT ARE THE SETTLEMENT'S BENEFITS?

### 9. What does the Settlement provide?

The Settlement, if approved, will result in the creation of a cash settlement fund of U.S. $40,000,000 (the "Settlement Fund") for the benefit of the Settlement Class. The Settlement Fund, plus accrued interest (net of taxes) and minus the costs of this Notice and all costs associated with the administration of the Settlement Fund, as well as attorneys' fees and expenses, and any award to Plaintiffs for representing the Settlement Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible class members. Distribution to Authorized Claimants (*i.e.*, those eligible Settlement Class Members who timely submit valid Claim Forms) will be made according to a plan of allocation (*see* "Proposed Plan of Allocation of Net Settlement Fund Among Settlement Class Members" at pages ___ below) to be approved by the Court.

QUESTIONS? Please call 1-800-_____ or go to www.SeaOfferingsSettlement.com     Page 6

In return, if the Settlement is approved and becomes effective, the Action will be dismissed with prejudice, and all Settlement Class Members who have not excluded themselves from the Settlement Class will be deemed to have waived, released, relinquished and forever discharged with prejudice all Released Claims (as defined below and in the Stipulation) against all Defendants and the other "Released Defendants' Parties", whether or not such Settlement Class Members submit a Claim Form. *See also* response to question 13 below.

---

**10. How much will my payment be?**

If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of ADSs and Notes purchased or acquired pursuant and/or traceable to the Offerings by Authorized Claimants. Payments will be calculated on a *pro rata* basis, meaning that the Net Settlement Fund will be divided among all Authorized Claimants and distributed accordingly. You will not receive a payment, however, if your proportionate share of the Net Settlement Fund is less than $10.00. Distributions will not be made until after (a) the deadline for submitting Claim Forms has passed, and (b) the Claims Administrator has finished processing, reviewing, and verifying the validity of all Claim Forms received.

If there is any balance remaining in the Net Settlement Fund no earlier than six months from the date of the initial distribution of the Net Settlement Fund, if reasonably feasible, that balance (after payment of any outstanding taxes, administrative fees or expenses) shall be redistributed among Authorized Claimants who cashed their initial payments in an equitable and economic fashion. Thereafter, any remaining balance will be donated to the Legal Aid Society of New York, or to such other § 501(c)(3) non-profit organization as may be deemed appropriate by the Court.

You can calculate your Recognized Claim under the formula contained in the proposed Plan of Allocation. *See* "Proposed Plan of Allocation" below. The payment you receive will reflect your Recognized Claim in relation to the Recognized Claims of all persons or entities submitting valid Claim Forms. Because the total of all Recognized Claims is expected to exceed the amount of the Net Settlement Fund, your Recognized Claim is *not* the amount of the payment that you will receive, but will (together with all other Settlement Class Members' Recognized Claim amounts) be used to calculate your (and other Authorized Claimants') *pro rata* share of the Net Settlement Fund.

---

**11. How can I get a payment?**

To qualify for a payment, you must be an eligible Settlement Class Member and submit a timely and valid Claim Form.

A Claim Form is enclosed with this Notice, and may also be downloaded from the Settlement website, www.SeaOfferingsSettlement.com. Read the instructions carefully, fill out the form, include *copies* of all requested documents, sign the form, and either (a) submit it online no later than _____, 2025, or (b) mail it so that it is postmarked no later than _____, 2025 to the following address:

*Sea Limited Securities Litigation*
c/o Verita Global

PO Box ____

_____

www.SeaOfferingsSettlement.com

---

**12.  When would I get my payment?**

The Court will hold a Fairness Hearing on ____, 2025, at _____.m. to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals afterwards.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

---

**13.  What am I giving up to get a payment or to stay in the Settlement Class?**

Unless you timely and validly exclude yourself from the Settlement Class by the _____, 2025 deadline, if you fit within the definition of the Settlement Class, you will continue to be a Settlement Class Member, which means that you cannot sue, continue to sue, or be part of any other lawsuit that brings any of the Released Claims (including the claims asserted in the Action) against any of the Defendants or other Released Defendants' Parties (as defined below).  It also means that you will be bound by all of the Court's orders in the Action.  If you remain a Settlement Class Member, and if the Settlement is approved, you and your "Released Plaintiffs' Parties" (as defined in the Stipulation) will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), that you may have against the Released Defendants' Parties.

- "Released Claims" means all claims (including "Unknown Claims"), demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description whatsoever, whether direct or indirect, representative, class, individual, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, whether in law or in equity, whether arising under federal, state, local, foreign, statutory, common, or administrative, or any other law, statute, rule, or regulation, that both (i) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, or omissions involved, set forth, alleged, or referred to, in the Action, or which could have been alleged in, referred to, or made part of the Action, and (ii) arise out of, are based upon, or relate in any way to the purchase, acquisition, sale, transfer, investment, other transaction in, or holding or disposition of the ADSs or Notes purchased or otherwise acquired by Settlement Class Members pursuant and/or traceable to the Offering Materials.  "Released Claims" also includes any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action (including Unknown Claims), except claims to enforce any of the terms of the Stipulation.  For the avoidance of doubt, Released Claims does not include the claims that have been alleged in *Laborers District Council Construction Industry Pension Fund, et al. v. Sea Limited, et al.*, No. CV-23-01455-PHX-DLR (D. Ariz.).

- "Released Defendants' Parties" means Defendants and each and all of their Related Parties.

- "Related Parties" means each of a Defendant's past, present, or future direct or indirect parents, subsidiaries, divisions, branches, controlling persons, associates, entities,

affiliates, or joint ventures, as well as each of their and each of Defendants' respective past, present, or future directors, officers, employees, independent contractors, managers, servants, partners, limited partners, members, principals, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, spouses, heirs, related or affiliated entities or persons, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other persons, firms, trusts, corporations, and other entity in which a Defendant or any past, present, or future director of Sea has a financial interest or was a sponsor, founder, or creator of the entity and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity, any member of an Individual Defendant's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, executors, administrators, predecessors, predecessors-in-interest, successors, successors-in-interest, or assigns of each of the foregoing.

- "Unknown Claims" means (i) any and all Released Claims against the Released Defendants' Parties that any Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date, and (ii) any and all Released Defendants' Claims against the Released Plaintiffs' Parties that any Defendant does not know or suspect to exist in his, her or its favor at the time of their release, including, without limitation, those that, if known by such Plaintiff, Settlement Class Member or Defendant, might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, each Plaintiff and each Defendant shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party"; and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542. Plaintiffs and Settlement Class Members or Defendants may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but Plaintiffs and Defendants shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, respectively, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to,

Case 1:25-cv-08612-LAK   Document 46-1   Filed 01/05/26   Page 71 of 113

conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was an essential element of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement and you want to keep any right you may have to sue or continue to sue the Defendants or the other Released Defendants' Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class. **Please Note**: If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable periods for filing suit. Sea has the option to terminate the Settlement if requests for exclusion exceed an agreed-upon threshold.

---

### 14. How do I get out of the proposed Settlement?

To exclude yourself from the Settlement Class, you must mail a letter stating that you "request exclusion from the Settlement Class in *In re Sea Limited Securities Litigation*, Index No. 151344/2022." To be valid, the letter must state (a) your name, address, telephone number, and e-mail address (if any); (b) the date, price, and number of Sea ADSs and/or Notes purchased or acquired, by you or someone acting on your behalf, pursuant and/or traceable to the Offering Materials; (c) the number of ADSs you held as of September 9, 2021; and (d) if any ADSs and/or Notes were sold or disposed of, the dates of those sales or dispositions, the number of ADSs and/or Notes sold or disposed of and the price received for each sale and disposition. Any request for exclusion must be signed and submitted by you, as the beneficial owner. To be valid, exclusion requests must be submitted with documentary proof of (i) each purchase or acquisition and each sale or disposition of ADSs or Notes, providing the date of each transaction and the price paid or received; and (ii) the Person's status as a beneficial owner of the ADSs or Notes at issue. The supporting documentation shall be in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel. You must submit your exclusion request by mail or other carrier so that it is **postmarked no later than _____, 2025 to**:

*In re Sea Limited Securities Litigation*
EXCLUSIONS
c/o Verita Global
P.O. Box_____

---

You cannot exclude yourself from the Settlement Class by telephone, fax, or e-mail. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

| 15. | **If I do not exclude myself, can I sue the Defendants or the other Released Defendants' Parties for the same thing later?** |
|---|---|

No.  Unless you exclude yourself by following the instructions above, you give up any rights to sue any of the Defendants or Released Defendants' Parties for the claims being released in this Settlement.  If you have a pending lawsuit against any Defendant or other Released Defendants' Party, speak to your lawyer in that case immediately to determine if you have to exclude yourself from the Settlement Class in *this* matter to continue your own lawsuit. Remember, the exclusion deadline is _____, 2025.

| 16. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No.  If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

| 17. | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed Robbins Geller Rudman & Dowd LLP and Abraham, Fruchter & Twersky, LLP, firms experienced in litigating securities class actions, as Lead Counsel to represent you and the other Settlement Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 18. | **How will the lawyers be paid?** |
|---|---|

Plaintiffs' Counsel will ask the Court to award attorneys' fees from the Settlement Amount in an amount not to exceed one-third (33⅓%) of the Settlement Amount, and for payment of their expenses in an amount not to exceed $200,000, plus interest on such fees and expenses at the same rate as may be earned by the Settlement Fund.

The attorneys' fees and expenses requested – which will cover all Plaintiffs' attorneys' fees and expenses in the Action – will be the only payment that Plaintiffs' Counsel will receive for their work in achieving the Settlement and for the risks they took in representing the Settlement Class in this matter on a wholly contingent basis.  To date, they have not been paid anything for their work, nor have they received any payment for the expenses they have advanced.  The fees and expenses requested will compensate Plaintiffs' Counsel for their work in obtaining the Settlement Fund for the Settlement Class.  In addition, the Plaintiffs may apply for awards for their service in representing the Settlement Class, which awards in the aggregate will not exceed $10,000.  The total requested Fee and Expense Application is estimated to average approximately $1.44 per eligible ADS and $1.96 per eligible Note.  If approved, the requested amounts will be paid from the Settlement Fund.  If the Court awards less than the requested amounts, the difference will remain in the Settlement Fund.

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 73 of 113

**OBJECTING TO THE SETTLEMENT**

| 19. **How do I tell the Court that I object to the proposed Settlement?** |
|---|

If you are a Settlement Class Member, you can object to the Settlement, Plan of Allocation, Plaintiffs' Counsel application for attorneys' fees and expenses, and any proposed awards to Plaintiffs.

To object, you must file a written objection (together with any papers or briefs in support of the objection) with the Clerk of the Supreme Court for New York County, Commercial Division, at the address listed below **on or before _____, 2025**.  Your objections must state that you object to the proposed Settlement in *In re Sea Limited Securities Litigation*, Index No. 151344/2022.  You must (a) include your name, address, email address, daytime telephone number, and your signature, (b) be accompanied by *copies* of documents showing the date(s), price(s), and amount(s) of all Sea ADSs or Notes that you purchased or acquired pursuant and/or traceable to the Offering Materials and/or later sold (in order to show your membership in the Settlement Class), and (c) the name, address, email address, and telephone number of your counsel, if any.  Your objection must also state all grounds for your objection, and attach copies of any evidentiary materials you wish the Court to consider.  You are also to provide the number of times that you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.  The objection must be signed by the objector, even if it is filed by your counsel.  Attendance at the Settlement Hearing is not necessary to object, but if you wish to speak in support of your objection at the Settlement Hearing (*see* response to question 23 below) you must also state in your objection that you intend to do so.

*Importantly*, you must also mail or deliver copies of any objections and supporting materials to **each** of the following at the addresses listed below so they are **postmarked no later than ____, 2025**:

| The Court | Plaintiffs' Counsel | Sea's Counsel |
|---|---|---|
| Clerk of the Court<br>New York Supreme Court<br>N.Y. County, Commercial Div.<br>60 Centre Street<br>New York, NY  10007 | Joseph Russello, Esq.<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747 | Joshua T. Ebersole, Esq.<br>ALLEN OVERY SHEARMAN STERLING US LLP<br>599 Lexington Avenue<br>New York, NY 10022 |

| 20. **What is the difference between objecting and excluding myself?** |
|---|

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof.  You can object only if you stay in the Settlement Class.  You may submit a Claim Form even if you object.  Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement.  If you exclude yourself, you cannot object to the Settlement because it no longer concerns you.  Nor can you submit a Claim Form.  If you stay in

QUESTIONS?  Please call 1-800-_____ or go to www.SeaOfferingsSettlement.com    Page 12

the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

---

**21. When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Fairness Hearing on ____, 2025, at __:___ __.m. at the New York County Courthouse, Courtroom 238, 60 Centre Street, New York, NY 10007. At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved; whether an Order and Final Judgment as provided in the Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Plaintiffs' Counsel for attorneys' fees and expenses, and whether to approve any requested awards to Plaintiffs for their service to the Settlement Class.

*The Court may change the date and time of the Fairness Hearing without further notice being sent to Settlement Class Members, or it may provide that the hearing be held by telephone or video connection*. If you want to attend the hearing, you should check the settlement website (www.SeaOfferingsSettlement.com) or with Plaintiffs' Counsel beforehand to be sure that the date, time, and/or manner of the hearing have not changed.

---

**22. Do I have to come to the hearing?**

No. Plaintiffs' Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submit your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

---

**23. May I speak at the hearing?**

If you object to the Settlement, Plan of Allocation or any aspect of the Fee and Expense Application, you may also ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 19 above) a statement that you "intend to appear" at the Settlement Hearing, and you must also identify in your statement any witnesses you may call to testify, and attach copies of any exhibits you intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

---

**24. What happens if I do nothing at all?**

If you do nothing, you will get no money from the Settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of another lawsuit against the Released

Defendants' Parties that asserts any of the claims being released in the Settlement. Settlement Class Members who do not submit valid and timely Claim Forms shall be barred from receiving any payments from the Settlement, but they will in all other respects be subject to and bound by the terms of the Stipulation and any Judgment entered, including the releases set forth therein.

## GETTING MORE INFORMATION

| 25. **Are there more details about the proposed Settlement?** |
|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You may review and download a copy of the Stipulation (and other documents relating to the Action) at the settlement website, www.SeaOfferingsSettlement.com. You may also request a copy of the Stipulation and additional Claim Forms from the Claims Administrator by phone, email, or mail using the contact information provided on page __ above. A complete set of the pleadings and other Court filings in the Action are also available for inspection during regular business hours at the Office of the Clerk, New York Supreme Court for New York County, Commercial Division, 60 Centre Street, New York, NY, or at the Court's website.

***\*\*PLEASE DO NOT TELEPHONE THE COURT, DEFENDANTS, OR DEFENDANTS'
COUNSEL REGARDING THIS NOTICE\*\****

### PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

The Plan of Allocation seeks to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formulas described below. A Recognized Loss will be calculated for each eligible ADS or Note you purchased or otherwise acquired. Any orders modifying the Plan of Allocation will be posted at www.SeaOfferingsSettlement.com.

For purposes of determining the amount an Authorized Claimant may recover from the Net Settlement Fund, Lead Counsel has consulted with its damages expert to assist in preparing the following Plan of Allocation, which reflects an equitable method to distribute the Net Settlement Fund based on an assessment of the damages that Settlement Class Members are estimated to have suffered as a result of the conduct alleged in the Complaint (as defined in the Stipulation), subject to Court approval or modification without further notice:

The Settlement Class means all persons or entities who purchased or otherwise acquired:
1. The American Depository Shares ("ADSs") of Sea pursuant and/or traceable to the Offering Materials; or
2. The $2.875 billion of Sea's 0.25% Convertible Senior Notes due 2026 (CUSIP 81141RAG5) ("Notes") pursuant and/or traceable to the Offering Materials.

The recovery for each eligible ADS or eligible Note purchased by a Settlement Class Member who timely submits a valid Proof of Claim (an "Authorized Claimant") will be based on the Recognized Loss for that security as calculated in accordance with the criteria set forth below. A person or entity who would otherwise be a Settlement Class Member but who submits a Request for

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 76 of 113

Exclusion will **not** be deemed an Authorized Claimant and will **not** receive any distribution from the Net Settlement Fund. The Recognized Loss calculated for each Authorized Claimant in accordance with the criteria set forth below will be used for calculating that Authorized Claimant's pro rata interest in the Net Settlement Fund and any distributions made to Authorized Claimants therefrom. An Authorized Claimant's pro rata interest in the Net Settlement Fund will be equal to its calculated Recognized Loss as a percentage of the aggregate Recognized Loss of all Authorized Claimants.

It is estimated that the gross recovery of $40 million will result in an average recovery of $4.24 per eligible ADS and $5.80 per eligible Note if valid and timely Proof of Claims are submitted for all eligible ADSs and eligible Notes.

### A.    Calculation of Recognized Losses on Eligible ADSs

For each eligible ADS purchased or otherwise acquired pursuant and/or traceable to the Offering Materials and held until at least February 14, 2022, the Recognized Loss shall be based on the Recognized Loss on the date of sale as set forth in the following Table A below; provided, however, that all such losses will be limited by loss limitation rules set forth in A.1–3 below. For the eligible ADSs, the Purchase Price shall be the amount paid (excluding fees and expenses) and the Sale Price shall be the amount received (before paying fees and expenses). If a Recognized Loss amount calculates to a negative number or zero under the criteria below, that Recognized Loss amount will be deemed to be zero.

Table A:    Calculation of Recognized Loss per Eligible ADS Based on Relevant Dates of Sale

**TABLE A**

**Recognized Loss Based on Date of Sale**

| Date | Amount | | | | | |
|------|--------|---|---|---|---|---|
| 2/11/2022 | $ - | | | | | |
| 2/14/2022 | $ 28.22 | minus .5 times ( | Sale Price | - | $ 129.17 | ) |
| 2/15/2022 | $ 16.34 | minus .5 times ( | Sale Price | - | $ 149.55 | ) |
| 2/16/2022 | $ 19.21 | minus .5 times ( | Sale Price | - | $ 141.58 | ) |
| 2/17/2022 | $ 19.21 | | | | | |
| 2/18/2022 | $ 19.21 | | | | | |
| 2/22/2022 | $ 19.21 | | | | | |
| 2/23/2022 | $ 19.21 | | | | | |
| 2/24/2022 | $ 22.51 | minus .5 times ( | Sale Price | - | $ 122.75 | ) |
| 2/25/2022 | $ 22.51 | | | | | |
| 2/28/2022 | $ 22.51 | | | | | |
| 3/1/2022 | $ 25.59 | | | | | |
| 3/2/2022 | $ 27.79 | | | | | |
| 3/3/2022 | $ 27.79 | | | | | |
| 3/4/2022 | $ 29.30 | | | | | |
| 3/7/2022 | $ 29.30 | | | | | |
| 3/8/2022 | $ 29.30 | | | | | |
| 3/9/2022 | $ 29.30 | | | | | |
| 3/10/2022 | $ 29.30 | | | | | |
| 3/11/2022 | $ 29.30 | | | | | |
| 3/14/2022 | $ 28.96 | | | | | |
| 3/15/2022 | $ 28.96 | | | | | |
| 3/16/2022 | $ 28.96 | | | | | |
| 3/17/2022 | $ 28.96 | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3/18/2022 | $ 28.96 | | | | | | |
| 3/21/2022 | $ 29.72 | | | | | | |
| 3/22/2022 | $ 29.72 | | | | | | |
| 3/23/2022 | $ 29.72 | | | | | | |
| 3/24/2022 | $ 29.72 | | | | | | |
| 3/25/2022 | $ 29.72 | | | | | | |
| 3/28/2022 | $ 31.26 | minus .5 times ( | Sale Price | - | $ 116.98 | ) | |
| 3/29/2022 | $ 31.26 | | | | | | |
| 3/30/2022 | $ 31.26 | | | | | | |
| 3/31/2022 | $ 31.26 | | | | | | |
| 4/1/2022 | $ 31.26 | | | | | | |

1. If sold on or after February 14, 2022, but on or before March 31, 2022, the Recognized Loss for each eligible ADS will be the lesser of: (a) the Recognized Loss per eligible ADS at the time of Sale as set forth in Table A; or (b) the Purchase Price minus the Sales Price.

2. If sold after March 31, 2022 but on or before May 16, 2022, the Recognized Loss will be the lesser of: (a) $31.26 per eligible ADS [the Recognized Loss amount set forth in Table A for April 1, 2022]; or (b) the Purchase Price minus the Sales Price.

3. If sold after May 16, 2022, the Recognized Loss will be the lesser of: (a) $31.26 per eligible ADS [the Recognized Loss amount set forth in Table A for April 1, 2022]; (b) the Purchase Price minus the closing price of $70.33 per ADS on May 16, 2022 when the claims giving rise to the Settlement as to the ADSs were first brought; or (c) the Purchase Price minus the Sales Price.

4. If not sold, the Recognized Loss will be the lesser of: (a) $31.26 per eligible ADS [the Recognized Loss amount set forth in Table A for April 1, 2022]; (b) the Purchase Price minus the closing price of $70.33 per ADS on May 16, 2022 when the claims giving rise to the Settlement as to the ADSs were first brought; or (c) the Purchase Price minus $_____.[3]

### B.    Calculation of Recognized Losses on Eligible Notes

For each eligible Note purchased on or before February 14, 2022, and held until at least February 14, 2022, the Recognized Loss for each such eligible Note shall be based on the Recognized Loss on the date of sale as set forth in the following Table B below; provided, however, that all such losses will be limited by loss limitation rules set forth in B.1–3 below. For the eligible Notes, the Purchase Price shall be the amount paid (excluding fees and expenses and accrued interest) and the Sale Price shall be the amount received (before paying fees and expenses and without considering accrued interest). If a Recognized Loss Amount calculates to a negative number or zero under the criteria below, that Recognized Loss amount will be deemed to be zero.

---

[3] This value is equal to the ADS price as of February 28, 2025, as reported by Fact Set (the date the Stipulation was signed).

QUESTIONS?  Please call 1-800-_____ or go to www.SeaOfferingsSettlement.com    Page 16

**Table B:**        **Calculation of Recognized Loss per Eligible Note Based on Relevant Dates of Sale[4]**

**TABLE B**

**Recognized Loss Based on Date of Sale**

| Date | Amount |
|------|--------|
| 2/11/2022 | $ - |
| 2/14/2022 | $ 33.94 |
| 2/15/2022 | $ 22.71 |
| 2/16/2022 | $ 23.24 |
| 2/17/2022 | $ 27.84 |
| 2/18/2022 | $ 22.49 |
| 2/22/2022 | $ 23.31 |
| 2/23/2022 | $ 19.95 |
| 2/24/2022 | $ 33.87 |
| 2/25/2022 | $ 20.59 |
| 2/28/2022 | $ 9.08 |
| 3/1/2022 | $ 23.35 |
| 3/2/2022 | $ 31.25 |
| 3/3/2022 | $ 34.80 |
| 3/4/2022 | $ 41.05 |
| 3/7/2022 | $ 43.40 |
| 3/8/2022 | $ 47.26 |
| 3/9/2022 | $ 45.58 |
| 3/10/2022 | $ 49.62 |
| 3/11/2022 | $ 45.59 |
| 3/14/2022 | $ 55.81 |
| 3/15/2022 | $ 74.03 |
| 3/16/2022 | $ 57.48 |
| 3/17/2022 | $ 57.92 |
| 3/18/2022 | $ 49.55 |
| 3/21/2022 | $ 48.46 |
| 3/22/2022 | $ 44.70 |
| 3/23/2022 | $ 36.95 |
| 3/24/2022 | $ 37.38 |
| 3/25/2022 | $ 41.02 |
| 3/28/2022 | $ 54.66 |
| 3/29/2022 | $ 38.55 |
| 3/30/2022 | $ 33.65 |
| 3/31/2022 | $ 35.56 |
| 4/1/2022 | $ 38.47 |

1.  If sold on or after February 14, 2022, but on or before March 31, 2022, the Recognized Loss for each eligible Note will be the lesser of: (a) the Recognized Loss per eligible Note at the time of Sale as set forth in Table B; or (b) the Purchase Price minus the Sales Price.

---

[4] All numbers are quoted per $1,000 of principal for each eligible Note.

QUESTIONS? Please call 1-800-_____ or go to www.SeaOfferingsSettlement.com        Page 17

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 79 of 113

2.      If sold after March 31, 2022, but on or before June 17, 2022, the Recognized Loss for each eligible Note will be the lesser of: (a) $38.47 per eligible Note [the Recognized Loss amount set forth in Table B for April 1, 2022]; or (b) the Purchase Price minus the Sales Price.

3.      If sold after June 17, 2022, the Recognized Loss will be the lesser of: (a) $38.47 per eligible Note [the Recognized Loss amount set forth in Table B for April 1, 2022]; (b) the Purchase Price minus the estimated closing price of $729.40[5] per Note on June 17, 2022 when the claims giving rise to the Settlement as to the Notes were first brought; or (c) the Purchase Price minus the Sales Price.

4.      If not sold, the Recognized Loss will be the lesser of: (a) $38.47 per eligible Note [the Recognized Loss amount set forth in Table B for April 1, 2022]; or (b) the Purchase Price minus the estimated closing price of $729.40 per Note on June 17, 2022 when the claims giving rise to the Settlement as to the Notes were first brought; or (c) the Purchase Price minus $_____.[6]

## C.  Additional Provisions Relating to the Calculation of Recognized Losses

For Settlement Class Members who made multiple purchases, acquisitions, or sales, the first-in, first-out ("FIFO") method will be applied to those purchases, acquisitions, and sales for purposes of calculating Recognized Losses. Under the FIFO method, all purchases of eligible ADSs and eligible Notes will be respectively matched, in chronological order, starting with ADSs purchased prior to September 9, 2021 and with Notes purchased on the first day they were available to be purchased or acquired.

The date of purchase or date of sale is the "contract" or "trade" date as distinguished from the "settlement" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions and also exclude accrued interest on the eligible Notes. The receipt or grant by gift, devise or operation of law of eligible ADSs or eligible Notes shall not be deemed a purchase or sale of such securities for the calculation of an Authorized Claimant's Recognized Losses, nor shall it be deemed an assignment of any claim relating to the purchase of such eligible ADSs or eligible Notes unless specifically provided in the instrument of gift or assignment.

Short sales and purchases to cover short sales are not included when calculating Recognized Losses or market loss (or gain).

Option contracts are not securities eligible to participate in the Settlement. With respect to eligible ADSs purchased or sold through the exercise of an option, the purchase/sale date of

---

[5] Estimated by FactSet.

[6] This value is equal to the Note price as of February 28, 2025, as reported by Fact Set (the date the Stipulation was signed).

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 80 of 113

the eligible ADS is the exercise date of the option and the purchase/sale price of the eligible ADS is the exercise price of the option.

**D.    Allocation of Net Settlement Proceeds Based on Recognized Losses**

An Authorized Claimant's Recognized Loss under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss amounts for their eligible ADSs and eligible Notes, as determined in accordance with §§ A, B, and C above.

To the extent an Authorized Claimant had a market gain with respect to his, her, or its overall transactions in eligible ADSs and eligible Notes, the value of the Authorized Claimant's Recognized Loss shall be deemed to be zero, but such Authorized Claimant shall in any event be bound by the Settlement. To the extent that an Authorized Claimant suffered an overall market loss with respect to his, her, or its overall transactions in eligible ADSs and eligible Notes, but that market loss was less than the total Recognized Loss calculated above, then the Authorized Claimant's Recognized Loss shall be limited to the amount of the actual market loss.

The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Loss divided by the aggregate Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund to be distributed. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

The Net Settlement Fund will not be distributed to Authorized Claimants unless and until the Court has (a) approved the Settlement and either this Plan of Allocation or a modified plan; and (b) the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired. Approval of the Settlement is separate from approval of a Plan of Allocation. Any determination with respect to a Plan of Allocation will not affect the Settlement, if approved.

Each Authorized Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Proof of Claim (or "Claim Form"). Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.

You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask for the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request. Distributions will not be made to Authorized Claimants until after all claims have been processed and until after the Court has finally approved the Settlement.

## SPECIAL NOTICE TO CUSTODIANS AND OTHER NOMINEES

If you purchased or otherwise acquired American Depositary Shares of Sea Limited (NYSE ticker: SE) or Sea Limited Notes as a nominee for a beneficial owner, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE and Proof of Claim, you either (a) send a copy of this Notice and Proof of Claim (the "Notice Packet") by First-Class Mail to all such owners; or (b) provide to the Claims Administrator (at the address listed at page ____ above) a list of the names and last known addresses of such owners. If you choose to mail the Notice Packet yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. If you choose to forward the Notice Packet yourself, the Court has directed that you send a statement to the Claims Administrator confirming that you made the mailing as directed. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Claims Package mailed by the nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Claims Package sent by email. Those expenses will be paid from the Settlement Fund upon request and submission of appropriate supporting documentation and timely compliance with the above directions.

DATED: _____

_____

BY ORDER OF THE NEW YORK SUPREME COURT, NEW YORK COUNTY, COMMERCIAL DIVISION

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 82 of 113

# EXHIBIT A-2

**(to February 28, 2025 Stipulation of Settlement)**

**Proof of Claim and Release**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

———————————————————————— X
                                              :
In re SEA LIMITED SECURITIES                  :
LITIGATION                                    :   Index No. 151344/2022
                                              :
————————————————————————          :   Part 53
                                              :
This Document Relates To:                     :
                                              :   CLASS ACTION
        ALL ACTIONS.                          :
                                              :   PROOF OF CLAIM AND RELEASE
———————————————————————— X

EXHIBIT A-2

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Settlement Class Member based on the claims in the action entitled *In re Sea Limited Securities Litigation*, Index No. 151344/2022 (the "Action"),[1] you must complete and, on page ___ hereof, sign this Proof of Claim.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2025**, ADDRESSED AS FOLLOWS:

*In re Sea Limited Securities Litigation*
c/o Verita Global
PO Box ____
_____

Online Submissions: www.SeaOfferingsSettlement.com

If you are NOT a Settlement Class Member, as defined in the Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Attorneys' Fees and Litigation Expenses (the "Notice"), DO NOT submit a Proof of Claim.

4.    If you are a Settlement Class Member and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

---

[1]    This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.SeaOfferingsSettlement.com.

- 1 -

## II.    CLAIMANT IDENTIFICATION

You are a member of the Settlement Class if you purchased or otherwise acquired in Sea Limited's ("Sea") September 14, 2021 offerings (the "Offerings") either (a) Sea American Depositary Shares ("ADSs") pursuant and/or traceable to the Offering Materials; or (b) Sea's 0.25% convertible senior notes due 2026 ("Notes") pursuant and/or traceable to the Offering Materials.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquiror of record ("nominee") of the ADSs or Notes that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE ADSs OR NOTES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of Persons represented by them, and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

A claim should be submitted for each separate legal entity (*e.g.*, a claim form of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Proof of Claim).

- 2 -

### III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Sea ADSs or Notes" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions of ADSs or Notes that took place at any time, and *all* of your sales of ADSs or Notes at any time, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to the ADSs you held on September 9, 2021, February 14, 2022, and the date you are submitting this form and/or the number of Notes you held on February 14, 2022 and the date you are submitting this form.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

**COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN SEA ADSs OR NOTES SHOULD BE ATTACHED TO YOUR CLAIM.    FAILURE  TO  PROVIDE  THIS  DOCUMENTATION  COULD  DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at _____.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims

- 3 -

Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK: COMMERCIAL DIVISION

*In re Sea Limited Securities Litigation*

Index No. 151344/2022

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

**_____, 2025**

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN SEA ADSs OR NOTES. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 88 of 113

## PART I: CLAIMANT IDENTIFICATION

Last Name

M.I.

First Name

Last Name (Co-Beneficial Owner)

M.I.

First Name (Co-Beneficial Owner)

○ IRA        ○ Joint Tenancy        ○ Employee        ○ Individual        ○ Other_____

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number        or        Taxpayer Identification Number

Telephone Number (Primary Daytime)        Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address

City        State        Zip Code

Foreign Province        Foreign Postal Code        Foreign Country Name/Abbreviation

PART II:       SCHEDULE OF TRANSACTIONS IN SEA ADSs OR NOTES

A.       Purchases or acquisitions of Sea ADSs or Notes

| Trade Date(s) Month Day Year (List chronologically) | Number of ADSs or Notes Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes, and fees) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|
| 1._____ <br><br> 2._____ <br><br> 3._____ | 1._____ <br><br> 2._____ <br><br> 3._____ | 1._____ <br><br> 2._____ <br><br> 3._____ | □ Y □ N <br><br> □ Y □ N <br><br> □ Y □ N |

B.       Sales of Sea ADSs or Notes

| Trade Date Month Day Year | Number of ADSs or Notes Sold | Total Sales Price (Excluding commissions, taxes, and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1._____ <br><br> 2._____ <br><br> 3._____ | 1._____ <br><br> 2._____ <br><br> 3._____ | 1._____ <br><br> 2._____ <br><br> 3._____ | □ Y □ N <br><br> □ Y □ N <br><br> □ Y □ N |

C.       Number of ADSs held as of September 9, 2021: _____

   Proof of Position Enclosed:  □ Yes  □ No

D.       Number of Notes and ADSs held at the close of trading on February 14, 2022_____

   Proof of Position Enclosed:   □ Yes □ No

E.       Number of Notes and ADSs held on the date you are submitting this Claim Form _____

   Proof of Position Enclosed:   □ Yes □ No

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

- 6 -

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 90 of 113

- 7 -

## IV.    SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.   If you fail to provide this information, your claim may be rejected.

Social Security Number (for individuals)

Taxpayer Identification Number (for individuals or estates, trusts, corporations, etc.)

_____

_____

## V.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the Supreme Court of the State of New York, County of New York: Commercial Division, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Sea ADSs or Notes during the relevant period and know of no other person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (We) hereby warrant and represent that I am (we are) not excluded from the Settlement Class.

## VI.  RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Defendants' Parties, defined as Defendants and Related Parties.

2.      "Related Parties" means each of a Defendant's past, present, or future direct or indirect parents, subsidiaries, divisions, branches, controlling persons, associates, entities, affiliates, or joint ventures, as well as each of their and each of Defendants' respective past, present, or future directors, officers, employees, independent contractors, managers, servants, partners, limited partners, members, principals, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, spouses, heirs, related or affiliated entities or persons, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other persons, firms, trusts, corporations, and other entity in which a Defendant or any past, present, or future director of Sea has a financial interest or was a sponsor, founder, or creator of the entity and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity, any member of an Individual Defendant's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, executors, administrators, predecessors, predecessors-in-interest, successors, successors-in-interest, or assigns of each of the foregoing.

3.      "Released Claims" means all claims (including "Unknown Claims" as defined below), demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description whatsoever, whether direct or indirect, representative, class, individual, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, whether in law or in equity, whether arising under federal, state, local, foreign, statutory, common, or administrative, or any other law, statute, rule, or regulation, that both (i) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations, or omissions involved, set forth,

- 9 -

alleged, or referred to, in the Action, or which could have been alleged in, referred to, or made part of the Action, and (ii) arise out of, are based upon, or relate in any way to the purchase, acquisition, sale, transfer, investment, other transaction in, or holding or disposition of the ADSs or Notes purchased or otherwise acquired by Settlement Class Members pursuant and/or traceable to the Offering Materials. "Released Claims" also includes any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action (including Unknown Claims), except claims to enforce any of the terms of the Stipulation. For the avoidance of doubt, Released Claims does not include the claims that have been alleged in *Laborers District Council Construction Industry Pension Fund, et al. v. Sea Limited, et al.*, No. CV-23-01455-PHX-DLR (D. Ariz.).

4. "Unknown Claims" means (i) any and all Released Claims against the Released Defendants' Parties that any Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor as of the Effective Date, and (ii) any and all Released Defendants' Claims against the Released Plaintiffs' Parties that any Defendant does not know or suspect to exist in his, her, or its favor at the time of their release, including, without limitation, those that, if known by such Plaintiff, Settlement Class Member or Defendant, might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, each Plaintiff and each Defendant shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 94 of 113

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542. Plaintiffs and Settlement Class Members or Defendants may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but Plaintiffs and Defendants shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, respectively, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was an essential element of the Settlement.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Sea ADSs and/or Notes as well as the number of ADSs held on September 9, 2021, February 14, 2022, and the date I (we) am (are) submitting this Claim Form and/or the number of Notes I (we) held on February 14, 2022 and the date I (we) am (are) submitting this Claim Form.

- 11 -

Case 1:25-cv-08612-LAK     Document 46-1     Filed 01/05/26     Page 95 of 113

I (We) declare under penalty of perjury under the laws of the State of New York that all of

the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____

(Month/Year)

in _____

(City)                          (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above release and acknowledgment. If this Proof of Claim is submitted on behalf of joint claimants, then each claimant must sign.

2.  Remember to attach copies of supporting documentation.

3.  **Do not send** originals of certificates or other documentation as they will not be returned.

4.  Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.  If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

- 12 -

6.      If you move, please send your new address to the address below.

7.      **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2025, ADDRESSED AS FOLLOWS:**

*Sea Limited Securities Litigation*
c/o Verita Global
P.O. Box \_\_\_\_\_
_____

Online Submissions: www.SeaOfferingsSettlement.com

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____ 2025, and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim.

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 97 of 113

# EXHIBIT A-3

**(to February 28, 2025 Stipulation of Settlement)**

**<u>Summary Notice to Settlement Class Members</u>**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

|  |  |  |
|---|---|---|
| In re SEA LIMITED SECURITIES LITIGATION | : | Index No. 151344/2022 |
|  | : | The Honorable Andrew Borrok |
|  | : |  |
|  | : | Part 53 |
| This Document Relates To: | : |  |
|  | : | CLASS ACTION |
| ALL ACTIONS. | : |  |
|  | : | SUMMARY NOTICE OF (I) PENDENCY |
|  | : | OF CLASS ACTION AND PROPOSED |
|  | : | SETTLEMENT; (II) SETTLEMENT |
|  |  | FAIRNESS HEARING; AND (III) |
|  |  | MOTION FOR ATTORNEYS' FEES AND |
|  |  | LITIGATION EXPENSES |

EXHIBIT A-3

**TO:** **All persons and entities who purchased or otherwise acquired American Depositary Shares ("ADSs"), or 0.25% convertible senior notes due 2026 ("Notes") of Sea Limited ("Sea"), pursuant and/or traceable to the registration statements and prospectuses issued in connection with Sea's September 14, 2021 offerings of ADSs and Notes (the "Settlement Class"):**[1]

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT. THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION.**

YOU ARE HEREBY NOTIFIED, pursuant to Article 9 of the New York Civil Practice Law and Rules and an Order of the Supreme Court of the State of New York, New York County, Commercial Division (the "Court"), that the above-captioned litigation (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that the plaintiffs in this Action, City of Taylor Police and Fire Retirement System and General Retirement System of the City of Detroit (together, "Plaintiffs"), have reached a proposed settlement of the Action for $40,000,000 in cash (the "Settlement Amount") on behalf of the Settlement Class, that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2025 at _:__ __.m. Eastern Time, before the Honorable Andrew Borrok, either in person at the New York County Courthouse, Courtroom 238, 60 Centre Street, New York, NY 10007, or by telephone or videoconference (at the discretion of the Court). At the hearing, the Court will determine whether: (1) the proposed Settlement should be approved as fair, reasonable, and adequate; (2) the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation of Settlement dated February 28, 2025 (and in the Notice) should be granted; (3) for purposes of the proposed Settlement only, the Action should be finally certified as a class action on behalf of the Settlement Class, Plaintiffs should be certified as Class Representatives for the Settlement Class, and Robbins Geller Rudman & Dowd LLP and Abraham, Fruchter & Twersky, LLP should be finally appointed as Class Counsel for the Settlement Class; (4) Plaintiffs' Counsel's application for an award of attorneys' fees not to exceed 33 1/3 percent plus interest of the Settlement Amount, payment of litigation expenses of not more than $200,000, should be approved; (5) an award of not more than $5,000 to each Plaintiff for representing the Settlement Class should be approved; and (6) the proposed Plan of Allocation should be approved as fair, reasonable, and adequate.

**If you are a member of the Settlement Class (a "Settlement Class Member"), your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator, Verita Global, at *In re Sea Limited Securities Litigation*, c/o Verita Global, _____, 1-800-_____. Copies of the

---

[1]     Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the long-form Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Attorneys' Fees and Litigation Expenses (the "Notice"), a copy of which may be downloaded from the settlement website maintained by the Claims Administrator at www.SeaOfferingsSettlement.com.

- 1 -

Case 1:25-cv-08612-LAK    Document 46-1    Filed 01/05/26    Page 100 of 113

Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator at www.SeaOfferingsSettlement.com.

If you are a Settlement Class Member, to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online,* **no later than _____, 2025**, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is **postmarked no later than _____, 2025**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action, and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's Fee and Expense Application, or any application for an award to Plaintiffs, must be filed with the Court, delivered to Class Counsel and defendant Sea's Counsel, and **postmarked no later than _____, 2025**, in accordance with the instructions set forth in the Notice.

You should monitor the Court's docket and the website maintained by the Claims Administrator, www.SeaOfferingsSettlement.com, before making plans to attend or participate in the Fairness Hearing.

**Please do not contact the Court, the Clerk's office, Sea, the other Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator**.

Inquiries, other than requests for the Notice and Claim Form, should be made to either of the below Class Counsel:

| | |
|---|---|
| ROBBINS GELLER RUDMAN & DOWD LLP | ABRAHAM, FRUCHTER & TWERSKY, LLP |
| Joseph Russello, Esq. | Lawrence D. Levit, Esq. |
| 58 South Service Road | 450 Seventh Avenue, 38th Floor |
| Melville, NY 11747 | New York, NY 10123 |
| Tel: (800) 449-4900 | Tel: (212) 279-5050 |
| settlementinfo@rgrdlaw.com | llevit@aftlaw.com |

Requests for the Notice and Claim Form should be made to:

*In re Sea Limited Securities Litigation*
c/o Verita Global
_____

- 2 -

Case 1:25-cv-08612-LAK     Document 46-1     Filed 01/05/26     Page 101 of 113

- 3 -

1-800_____
www.SeaOfferingsSettlement.com

By Order of the Court

Case 1:25-cv-08612-LAK     Document 46-1     Filed 01/05/26     Page 101 of 113

# EXHIBIT B

**(to February 28, 2025 Stipulation of Settlement)**

**[Proposed] Order and Final Judgment**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

|  |  |
|---|---|
| In re SEA LIMITED SECURITIES LITIGATION | : Index No. 151344/2022<br>: The Honorable Andrew Borrok<br>: Part 53<br>:<br>: CLASS ACTION |
| This Document Relates To:<br><br>     ALL ACTIONS. | :<br>:<br>:<br>:<br>: |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

WHEREAS, the Parties, through their counsel, have agreed, subject to judicial approval following issuance of notice to the Settlement Class and a Fairness Hearing, to settle and dismiss with prejudice this Action upon the terms and conditions set forth in the Parties' Stipulation of Settlement, dated February 28, 2025 (the "Stipulation");

WHEREAS, on _____, the Court issued its Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, for Issuance of Notice to the Settlement Class, and for Scheduling of Fairness Hearing in this Action (the "Preliminary Order"), and Notice of Entry of that Order was duly filed on _____;

WHEREAS, it appears in the record that the Notice substantially in the form approved by the Court in its Preliminary Order was mailed to all reasonably identifiable Settlement Class Members, and posted on the settlement website established by the Claims Administrator in this matter, in accordance with the Preliminary Order;

WHEREAS, it appears in the record that the Summary Notice, substantially in the form approved by the Court, was published in accordance with the Preliminary Order; and

WHEREAS, the Fairness Hearing was held before the Court on _____, 2025 following issuance of notice to the Settlement Class, consistent with the Court's Preliminary Order;

NOW THEREFORE, based upon the Stipulation and all of the findings, records, and proceedings herein, and it appearing to the Court upon examination and following a duly noticed Fairness Hearing that the Settlement set forth in the Stipulation is fair, reasonable, and adequate and should be finally approved; that the Judgment should be entered; and that the proposed Plan of Allocation provides a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members;

- 1 -

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.     This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.     The Court has jurisdiction over the subject matter of the Action, Plaintiffs, Settlement Class Members, and the Settling Defendants for purposes of the Settlement.

3.     The Court finds that, for settlement purposes only, the prerequisites for a class action under § 901 of the Civil Practice Law and Rules ("CPLR") have been satisfied in that (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action; and that class certification is also warranted in light of the following additional factors under CPLR 902:

(i)     the (lack of) interest of members of the Settlement Class in individually controlling the prosecution of separate actions;

(ii)     the impracticability and inefficiency of prosecuting or defending separate actions;

(iii)     the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class, including the benefits flowing to the Settlement Class and the broader interests of judicial efficiency in resolving this Action in accordance with the terms of the Stipulation;

Case 1:25-cv-08612-LAK   Document 46-1   Filed 01/05/26   Page 106 of 113

(iv)    the desirability of concentrating the litigation of the claims in this particular forum, including the benefits flowing to the Settlement Class and the broader interests of judicial efficiency in resolving this Action in accordance with the terms of the Stipulation; and

(v)    the (lack of) difficulty likely to be encountered in the management of a class action, given, among other things, that the proposed Settlement Class is being certified in the context of a settlement (such that, if the Settlement is approved, there will be no litigation to manage).

4.    Pursuant to §§ 901 and 902 of the CPLR and for the purposes of the Settlement only, the Court hereby grants final certification of this Action as a class action on behalf of a Settlement Class consisting of all Persons or entities who purchased or otherwise acquired: (a) American Depositary Shares ("ADSs") of Sea Limited ("Sea") pursuant and/or traceable to the Offering Materials; or (b) 0.25% convertible senior notes due 2026 (the "Notes"), pursuant and/or traceable to the Offering Materials.  For purposes of the releases set forth herein, "Settlement Class" and "Settlement Class Members" shall include any Person purporting to assert a claim on behalf of any Settlement Class Member, or any Person asserting a claim based on a purchase or acquisition of the ADSs or Notes made by any Settlement Class Member.  Excluded from the Settlement Class are Defendants, the officers and directors of Sea, Puglisi Defendants, the Underwriter Defendants, and Tencent Holdings Limited ("Tencent") (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has a controlling interest, ***provided, however***, that any Investment Vehicle shall not be excluded from the Settlement Class.  Also excluded from the Settlement Class are those Persons or entities that the Court finds to have timely and validly requested exclusion from the Settlement Class, [of which there are none; OR who are identified in Exhibit A hereto].

- 3 -

5.     Pursuant to Article 9 of the CPLR, and for purposes of the Settlement only, Plaintiffs are certified as representatives of the Settlement Class ("Class Representatives"), and Plaintiffs' Lead Counsel are appointed as Class Counsel for the Settlement Class.  In accordance with the Court's Preliminary Order, the Court hereby finds that the form, content, and methods of disseminating the Notice of the Settlement, the Plan of Allocation, and their respective terms and conditions was adequate and reasonable; met the requirements of due process, CPLR 904, and all other applicable laws and rules; constituted the best notice practicable under the circumstances (including individual notice to all Settlement Class Members who could be identified through reasonable effort); and constituted due and sufficient notice of these proceedings and the matters set forth herein to all Persons and entities entitled to such notice.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

6.     The Settlement is approved as fair, reasonable and adequate under CPLR 908, and is in the best interests of the Settlement Class.

7.     The Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations; and that all Parties have been represented throughout these proceedings by experienced counsel.  The Court further finds that the Action was settled only after, among other things: (a) Plaintiffs' Counsel had conducted a pre-filing investigation and had engaged in other investigative efforts; (b) the filing of a consolidated class action complaint; (c) briefing on the Served Settling Defendants' motion to dismiss and argument before the Court; (d) briefing and argument of the appeal of the dismissal ruling, and the issuance of the appellate decision; (e) the filing of Tencent's motion to dismiss and the filing of Plaintiffs' opposition thereto; (f) briefing of the Served Settling Defendants' motion to the appellate court for reargument or, alternatively, leave to appeal; (g) service of the Served Settling Defendants' answers; (h) the preparation and exchange of confidential mediation statements; (i) Plaintiffs' and Sea's

- 4 -

participation in an all-day mediation session and subsequent discussions with the mediator, all of which allowed the Parties to develop an extensive understanding of the potential strengths and weaknesses of the claims and defenses; and (j) negotiation and drafting of the terms of the Settlement. Accordingly, the Court finds that all Parties were well-positioned to evaluate benefits of the proposed Settlement against the risks of further and uncertain litigation.

8. The Court further finds that if the Settlement had not been achieved, all Parties faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Plaintiffs' or Defendants' liability positions but notes that the existence of substantial arguments both for and against their respective positions further supports approval of the Settlement.

9. The Action and all claims contained therein are hereby dismissed with prejudice as against all Defendants and the Released Defendants' Parties.

10. Upon the Effective Date, Plaintiffs and all Settlement Class Members shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever waived, released, dismissed, and discharged with prejudice all Released Claims against all Released Defendants' Parties, and the Action shall be dismissed with prejudice, regardless of whether such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim.

11. Upon the Effective Date, Plaintiffs and each and every Settlement Class Member will be permanently and forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against the Released Defendants' Parties, whether or not such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim.

12. Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released and discharged all Released Defendants' Claims against each Released Plaintiff Party. For the avoidance of doubt, the Released Defendants' Claims shall not include Sea's indemnification obligations to the Underwriter Defendants, or any rights or obligations the Underwriter Defendants have to each other, all of which survive the Settlement.

13. Nothing contained herein shall bar any Party, Released Defendants' Party, or Released Plaintiff Party from bringing any action or claim to enforce the terms of the Stipulation or of this Order and Final Judgment.

14. The releases provided for in the Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

15. In the event that the Stipulation is terminated in accordance with its terms: (i) this Order and Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and any portion of the Settlement Amount previously paid by or on behalf of Settling Defendants, including any interests thereon, other than those amounts actually and properly disbursed or properly accrued from the Settlement Fund, shall be returned as provided in the Stipulation; and (ii) this Action shall proceed as provided in the Stipulation.

16. Each Party shall bear its own fees, costs, and expenses, except as otherwise provided in the Stipulation.

17. Plaintiffs' Counsel are hereby awarded attorneys' fees of one-third (33-1/3%) of the $40 million Settlement Amount, and expenses in the amount of $_____, together with any interest earned thereon for the same time period and at the same net rate as that earned by the Settlement Fund until paid pursuant to the terms set forth in the Stipulation. The Court finds that

- 6 -

the amount of fees awarded is fair, reasonable, and appropriate, after taking into consideration (among other things): (a) the time and effort spent on this Action by Plaintiffs' Counsel; (b) the results achieved for the Settlement Class in the face of significant litigation risk; (c) the complexity of claims alleged and level of litigation skill and specialized legal expertise required; (d) the fully contingent nature of the representation; and (e) fee awards approved in the other similarly complex securities class actions. The Court also finds that the requested expenses are reasonable in amount and are for expenses of a type (*e.g.*, expert fees, electronic legal research fees, mediation fees) that are customarily awarded in class action cases of this type.

18.    Such fees and expenses may be paid out of the Settlement Fund, in whole or in part, to Lead Counsel at any time after entry of this Order, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof; however, such payments shall be subject to all of the terms, conditions, and obligations (including repayment obligations) set forth in the Stipulation, which terms, conditions, and obligations are expressly incorporated herein.

19.    Plaintiffs are awarded a total of $_____ for their service to the Settlement Class, including for reasonable costs and expenses directly relating to the representation of the Settlement Class, with such amount to be split equally among Plaintiffs. Such awards shall be payable from the Settlement Fund upon the Effective Date of the Settlement.

20.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

21.    All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement shall be paid from the Settlement Fund as set

forth in the Stipulation. In the event the Settlement is not consummated, or otherwise fails to become effective, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed or properly incurred from the Settlement Fund, except as provided for in the Stipulation.

22.     The Court finds that the Parties and their respective counsel have at all times complied with all requirements 22 N.Y. Code, Rules and Regulation § 130-1, and all similar statutes, rule, law, or ethical standards, whether under state or federal law, in connection with the commencement, maintenance, defense, litigation, and/or resolution of the Action.

23.     Neither this Order and Final Judgment, nor the Stipulation (including the Settlement contained therein), nor any act performed or document executed pursuant to or in furtherance of the Settlement:

(a)     Shall be offered, received or construed against any Defendant as evidence of, or evidence supporting a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, the deficiency of any defense that has been or could have been asserted, or the validity or infirmity of any claim that was or could have been asserted in the Action, or in any way referred to for any other reason as against any Defendant, in any arbitration proceeding or any civil, criminal, or administrative action or proceeding, other than for the purposes of effectuating the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court and becomes effective pursuant to its terms, a Defendant may refer to it to effectuate the liability protection granted them thereunder, and nothing in this Settlement shall restrict the ability of any Party hereto to advocate in favor or against the applicability of any offset to any claims asserted in any other action based on any amount paid herein;

(b)     Shall be construed as evidence of, or evidence supporting any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiffs or any

Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation or proceeding;

(c)  Shall be construed as evidence of, or evidence supporting, a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class; or

(d)  Shall be construed as evidence of, or evidence supporting, a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceedings other than this Settlement.

24.  Defendants, Plaintiffs, Settlement Class Members, and/or the Released Defendants' Parties and Released Plaintiffs' Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, injunction, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Defendants, Plaintiffs, Settlement Class Members, and/or Released Defendants' Parties, and Released Plaintiffs' Parties, or any of them, may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce them.

25.  Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and remain subject to the Court's jurisdiction until such funds are distributed or returned pursuant to the Stipulation or further order of the Court.

26.  Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and

any award or distribution of the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

27. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

28. The finality of this Order and Final Judgment with respect to its approval of the Settlement shall not be affected, in any manner, by the Court's rulings on Plaintiffs' Counsels' Fee and Expense Application (including any awards to any representative plaintiff).

27. The Parties are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

DATED: _____        _____

THE HONORABLE ANDREW BORROK
SUPREME COURT OF THE STATE OF NEW
YORK, NEW YORK COUNTY, COMMERCIAL
DIVISION