# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

———————————————————— x

In re SEA LIMITED SECURITIES
LITIGATION

———————————————————

This Document Relates To:

    ALL ACTIONS.

———————————————————— x

Index No. 151344/2022

The Honorable Andrew Borrok, J.S.C.
Part 53

CLASS ACTION

[PROPOSED] ORDER AND FINAL
JUDGMENT

WHEREAS, the Parties, through their counsel, have agreed, subject to judicial approval following issuance of notice to the Settlement Class and a Fairness Hearing, to settle and dismiss with prejudice this Action upon the terms and conditions set forth in the Parties' Stipulation of Settlement, dated February 28, 2025 (the "Stipulation");

WHEREAS, on April 14, 2025, the Court issued its Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, for Issuance of Notice to the Settlement Class, and for Scheduling of Fairness Hearing in this Action (the "Preliminary Order"), and Notice of Entry of that Order was duly filed on April 14, 2025;

WHEREAS, it appears in the record that the Notice substantially in the form approved by the Court in its Preliminary Order was mailed to all reasonably identifiable Settlement Class Members, and posted on the settlement website established by the Claims Administrator in this matter, in accordance with the Preliminary Order;

WHEREAS, it appears in the record that the Summary Notice, substantially in the form approved by the Court, was published in accordance with the Preliminary Order; and

WHEREAS, the Fairness Hearing was held before the Court on August 7, 2025 following issuance of notice to the Settlement Class, consistent with the Court's Preliminary Order;

NOW THEREFORE, based upon the Stipulation and all of the findings, records, and proceedings herein, and it appearing to the Court upon examination and following a duly noticed Fairness Hearing that the Settlement set forth in the Stipulation is fair, reasonable, and adequate and should be finally approved; that the Judgment should be entered; and that the proposed Plan of Allocation provides a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.      This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, Settlement Class Members, and the Settling Defendants for purposes of the Settlement.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under §901 of the Civil Practice Law and Rules ("CPLR") have been satisfied in that (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action; and that class certification is also warranted in light of the following additional factors under CPLR 902:

(i)      the (lack of) interest of members of the Settlement Class in individually controlling the prosecution of separate actions;

(ii)      the impracticability and inefficiency of prosecuting or defending separate actions;

(iii)      the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class, including the benefits flowing to the Settlement Class and the broader interests of judicial efficiency in resolving this Action in accordance with the terms of the Stipulation;

(iv)    the desirability of concentrating the litigation of the claims in this particular forum, including the benefits flowing to the Settlement Class and the broader interests of judicial efficiency in resolving this Action in accordance with the terms of the Stipulation; and

(v)    the (lack of) difficulty likely to be encountered in the management of a class action, given, among other things, that the proposed Settlement Class is being certified in the context of a settlement (such that, if the Settlement is approved, there will be no litigation to manage).

4.    Pursuant to §§901 and 902 of the CPLR and for the purposes of the Settlement only, the Court hereby grants final certification of this Action as a class action on behalf of a Settlement Class consisting of all Persons or entities who purchased or otherwise acquired: (a) American Depositary Shares ("ADSs") of Sea Limited ("Sea") pursuant and/or traceable to the Offering Materials; or (b) 0.25% convertible senior notes due 2026 (the "Notes"), pursuant and/or traceable to the Offering Materials. For purposes of the releases set forth herein, "Settlement Class" and "Settlement Class Members" shall include any Person purporting to assert a claim on behalf of any Settlement Class Member, or any Person asserting a claim based on a purchase or acquisition of the ADSs or Notes made by any Settlement Class Member. Excluded from the Settlement Class are Defendants, the officers and directors of Sea, Puglisi Defendants, the Underwriter Defendants, and Tencent Holdings Limited ("Tencent") (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are those Persons or entities that the Court finds to have timely and validly requested exclusion from the Settlement Class, who are identified in Exhibit A hereto.

5.      Pursuant to Article 9 of the CPLR, and for purposes of the Settlement only, Plaintiffs are certified as representatives of the Settlement Class ("Class Representatives"), and Plaintiffs' Lead Counsel are appointed as Class Counsel for the Settlement Class. In accordance with the Court's Preliminary Order, the Court hereby finds that the form, content, and methods of disseminating the Notice of the Settlement, the Plan of Allocation, and their respective terms and conditions was adequate and reasonable; met the requirements of due process, CPLR 904, and all other applicable laws and rules; constituted the best notice practicable under the circumstances (including individual notice to all Settlement Class Members who could be identified through reasonable effort); and constituted due and sufficient notice of these proceedings and the matters set forth herein to all Persons and entities entitled to such notice. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

6.      The Settlement is approved as fair, reasonable and adequate under CPLR 908, and is in the best interests of the Settlement Class.

7.      The Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations; and that all Parties have been represented throughout these proceedings by experienced counsel. The Court further finds that the Action was settled only after, among other things: (a) Plaintiffs' Counsel had conducted a pre-filing investigation and had engaged in other investigative efforts; (b) the filing of a consolidated class action complaint; (c) briefing on the Served Settling Defendants' motion to dismiss and argument before the Court; (d) briefing and argument of the appeal of the dismissal ruling, and the issuance of the appellate decision; (e) the filing of Tencent's motion to dismiss and the filing of Plaintiffs' opposition thereto; (f) briefing of the Served Settling Defendants' motion to the appellate court for reargument or, alternatively, leave to appeal; (g) service of the Served Settling Defendants' answers; (h) the preparation and exchange of confidential mediation statements; (i) Plaintiffs' and Sea's participation in an all-day mediation

- 4 -

session and subsequent discussions with the mediator, all of which allowed the Parties to develop an extensive understanding of the potential strengths and weaknesses of the claims and defenses; and (j) negotiation and drafting of the terms of the Settlement. Accordingly, the Court finds that all Parties were well-positioned to evaluate benefits of the proposed Settlement against the risks of further and uncertain litigation.

8. The Court further finds that if the Settlement had not been achieved, all Parties faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Plaintiffs' or Defendants' liability positions but notes that the existence of substantial arguments both for and against their respective positions further supports approval of the Settlement.

9. The Action and all claims contained therein are hereby dismissed with prejudice as against all Defendants and the Released Defendants' Parties.

10. Upon the Effective Date, Plaintiffs and all Settlement Class Members shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever waived, released, dismissed, and discharged with prejudice all Released Claims against all Released Defendants' Parties, and the Action shall be dismissed with prejudice, regardless of whether such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim.

11. Upon the Effective Date, Plaintiffs and each and every Settlement Class Member will be permanently and forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against the Released Defendants' Parties, whether or not such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim.

12. Upon the Effective Date, each of the Released Defendants' Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever

released and discharged all Released Defendants' Claims against each Released Plaintiff Party. For the avoidance of doubt, the Released Defendants' Claims shall not include Sea's indemnification obligations to the Underwriter Defendants, or any rights or obligations the Underwriter Defendants have to each other, all of which survive the Settlement.

13.     Nothing contained herein shall bar any Party, Released Defendants' Party, or Released Plaintiff Party from bringing any action or claim to enforce the terms of the Stipulation or of this Order and Final Judgment.

14.     The releases provided for in the Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

15.     In the event that the Stipulation is terminated in accordance with its terms: (i) this Order and Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and any portion of the Settlement Amount previously paid by or on behalf of Settling Defendants, including any interests thereon, other than those amounts actually and properly disbursed or properly accrued from the Settlement Fund, shall be returned as provided in the Stipulation; and (ii) this Action shall proceed as provided in the Stipulation.

16.     Each Party shall bear its own fees, costs, and expenses, except as otherwise provided in the Stipulation.

17.     Plaintiffs' Counsel are hereby awarded attorneys' fees of one-third (33-1/3%) of the $40 million Settlement Amount, and expenses in the amount of $91,921.00, together with any interest earned thereon for the same time period and at the same net rate as that earned by the Settlement Fund until paid pursuant to the terms set forth in the Stipulation. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate, after taking into consideration (among other things): (a) the time and effort spent on this Action by Plaintiffs' Counsel; (b) the results achieved for the Settlement Class in the face of significant litigation risk; (c) the complexity of

claims alleged and level of litigation skill and specialized legal expertise required; (d) the fully contingent nature of the representation; and (e) fee awards approved in the other similarly complex securities class actions. The Court also finds that the requested expenses are reasonable in amount and are for expenses of a type (e.g., expert fees, electronic legal research fees, mediation fees) that are customarily awarded in class action cases of this type.

18.    Such fees and expenses may be paid out of the Settlement Fund, in whole or in part, to Lead Counsel at any time after entry of this Order, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof; however, such payments shall be subject to all of the terms, conditions, and obligations (including repayment obligations) set forth in the Stipulation, which terms, conditions, and obligations are expressly incorporated herein.

19.    Plaintiffs are awarded a total of $10,000 for their service to the Settlement Class, including for reasonable costs and expenses directly relating to the representation of the Settlement Class, with such amount to be split equally among Plaintiffs. Such awards shall be payable from the Settlement Fund upon the Effective Date of the Settlement.

20.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

21.    All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement shall be paid from the Settlement Fund as set forth in the Stipulation. In the event the Settlement is not consummated, or otherwise fails to become effective, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts

actually and properly disbursed or properly incurred from the Settlement Fund, except as provided for in the Stipulation.

22.     The Court finds that the Parties and their respective counsel have at all times complied with all requirements 22 N.Y. Code, Rules and Regulation §130-1, and all similar statutes, rule, law, or ethical standards, whether under state or federal law, in connection with the commencement, maintenance, defense, litigation, and/or resolution of the Action.

23.     Neither this Order and Final Judgment, nor the Stipulation (including the Settlement contained therein), nor any act performed or document executed pursuant to or in furtherance of the Settlement:

(a)     Shall be offered, received or construed against any Defendant as evidence of, or evidence supporting a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, the deficiency of any defense that has been or could have been asserted, or the validity or infirmity of any claim that was or could have been asserted in the Action, or in any way referred to for any other reason as against any Defendant, in any arbitration proceeding or any civil, criminal, or administrative action or proceeding, other than for the purposes of effectuating the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court and becomes effective pursuant to its terms, a Defendant may refer to it to effectuate the liability protection granted them thereunder, and nothing in this Settlement shall restrict the ability of any Party hereto to advocate in favor or against the applicability of any offset to any claims asserted in any other action based on any amount paid herein;

(b)     Shall be construed as evidence of, or evidence supporting any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in

- 8 -

the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation or proceeding;

(c)    Shall be construed as evidence of, or evidence supporting, a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class; or

(d)    Shall be construed as evidence of, or evidence supporting, a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceedings other than this Settlement.

24.    Defendants, Plaintiffs, Settlement Class Members, and/or the Released Defendants' Parties and Released Plaintiffs' Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, injunction, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Defendants, Plaintiffs, Settlement Class Members, and/or Released Defendants' Parties, and Released Plaintiffs' Parties, or any of them, may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce them.

25.    Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and remain subject to the Court's jurisdiction until such funds are distributed or returned pursuant to the Stipulation or further order of the Court.

26.    Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and

determining applications for attorneys' fees and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

27.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

28.    The finality of this Order and Final Judgment with respect to its approval of the Settlement shall not be affected, in any manner, by the Court's rulings on Plaintiffs' Counsels' Fee and Expense Application (including any awards to any representative plaintiff).

27.    The Parties are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

DATED: ___8/7/2025___

THE HONORABLE ANDREW BORROK
SUPREME COURT OF THE STATE OF NEW
YORK, NEW YORK COUNTY, COMMERCIAL
DIVISION

**HON. ANDREW BORROK**
J.S.C

- 10 -

# EXHIBIT A

*In re Sea Limited Securities Litigation,*
Index No. 151344/2022

## REQUESTED EXCLUSIONS

1. 01/16/202 Monique & Gilbert Dlugy Revocable Trust (Monique and Gilbert Dlugy TTEEs)
2. Frannie P. and Stephen Y. Stein